# 14-14-00410-CV

FILED IN
14th COURT OF APPEALS
HOUSTON TEXAS

FEB 18 2015

CHRISTOPHER A. PRINE
CLERK

**IN THE
14th COURT OF APPEALS OF
TEXAS**

**DOV K. AVNI,**

*Petitioner,*

V.

**DOSOHS I, LTD**

*Respondent.*

## APPELLANT'S 1st SUPPLEMENTAL APPENDIX TO INITIAL BRIEF

Respectfully submitted on February 14, 2015

By K. Avni (2/14/15)

**DOV K. AVNI - PRO-SE APPELLANT/MOVANT**

**150-B Forest Drive, Jericho. NY 11753
Cellphone #: (516) 318-3791
E-Mail : dovduba@aol.com**

**ORAL ARGUMENT REQUESTED**

## APPELLANT'S CERTIFCATE OF TRAP 9 FILING -BY US POSTAL SERVICE

I CERTIFY that I after checking with Ms. P. Washington of Civil Post Judgment Dept of Harris County on Thursday (who assisted me in Ms. Michelle's absence) and having been informed that the 68 additional documents from the record of Case #1997-40590 and Case #1998-58867/234[th] that has been consolidated thereto by judge Davidson will not be ready in time to cite thereto in my brief I reorganized four appeal issues and the related records Already on file in #14-14-00410-cv and filed it through US Postal Service in accordance with TRAP 9 on Sat.2/14/15 after 6pm through its main Houston office at Jefferson St

Respectfully submitted on February 14, 2015

_Dov K. Avni (2/14/15)_

**DOV K. AVNI- PRO-SE APPELLANT/MOVANT**
150-B Forest Drive, Jericho.NY 11753
Cellphone #:(516) 318-3791
E-Mail : dovduba@aol.com

## CERTIFICATE OF SERVICE

I certify that on 2/14/15, after 6p, I served copy of 1 Supp Appendix in Case #14-14-00410-cv by First Class, United States mail ,postage prepaid, sent via certified mail per Rules 21/21a from USPS downtown Houston –Jefferson St. main office (77002) on the following current appellate attorney–of- record for Appellee here:

**NICHOLAS A. PARMA** –Attorney-in-Charge of Appeal
for Appellee/Respondent/Objecting Non-Movant in
Appeal#14-14-00450-cv [from #2011-53721/125[th]]
at Sherer &Associates 11120 Wurzbach Rd. #300    -VIA CM/RRR#_____
San Antonio,TX 78230

_Dov K. Avni_

**DOV K. AVNI- APPELLANT/MOVANT**
IN CIVIL APPEAL #14-14-00450-CV –ACTING HERE PRO-SE
150-B Forest Drive, Jericho.NY 11753
Cell #(516) 318-3791; E-Mail # dovduba@aol.com

-2-

FILED IN
14th COURT OF APPEALS
HOUSTON TEXAS

FEB 18 2015

CHRISTOPHER A. PRINE
CLERK

## 14-14-00410-CV

**DOV K. AVNI,**

*Petitioner,*

v.

**DOSOHS I, LTD**

*Respondent.*

---

## EXHIBIT _01_ TO APPELLANT'S FIRST

## SUPPLEMENTAL APPENDIX TO INITIAL BRIEF

NO. 97-40590

| | |
|---|---|
| CHOICE CAR WASH, INC., AND BUSINESS OWNERSHIP AND LIABILITIES TAKEOVER CORPORATION, Plaintiffs; | )( IN THE DISTRICT COURT )( )( )( )( FOR HARRIS COUNTY, TEXAS |
| VS. | )( )( |
| DOSOHS I, LTD., Defendant. | )( )( )( ___ JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION FOR DECLARATORY JUDGMENT, APPLICATION FOR TEMPORARY RESTRAINING ORDER, AND APPLICATION FOR TEMPORARY OR PERMANENT INJUCTION

TO THE HONORABLE DISTRICT COURT JUDGE:

Plaintiffs CHOICE CAR WASH, INC., and BUSINESS OWNERSHIP AND LIABILITIES TAKEOVER CORPORATION file this original petition for declaratory relief against defendant DOSOHS I, LTD., a Texas limited partnership, pursuant to Tex. Civ. Prac. & Rem. Code, Sec. 37.001 et seq, and would show unto the Court as follows:

1.

Plaintiff Choice Car Wash, Inc., ("CCW"), is a Texas corporation which maintains its principal office at 8901 W. Bellfort, Suite C, Houston, Texas 77031-2407. Plaintiff Business Ownership and Liabilities Takeover Corporation ("BOLT") is a Delaware corporation which maintains its principal office at 150-B Forest Drive, Jericho, NY 11753 and maintains a Texas office at 1609 S. Kirkwood, Suite B, Houston, TX 77077-3158.

2.

Defendant Dosohs I, Ltd., ("Dosohs"), is a Texas limited partnership, and service of process may be made on Matt N. Molak, president of Dosohs I, Inc., a Texas corporation which is the general partner of Dosohs I, Ltd., at the corporate offices of Dosohs I, Inc., located at 1020 N.E. Loop 410, Suite 200, San Antonio, TX 78209-1218 [Telephone: (210) 828-5641].

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

9

**3.**

Venue is proper in Harris County, Texas, because the real property which is the subject of this action is situated in Harris County, Texas.

**4.**

The court has jurisdiction of defendant Dosohs I, Ltd., because the defendant is a Texas limited partnership. The court has jurisdiction of this declaratory judgment action pursuant to Tex. Civ. Prac. & Rem. Code, Sec. 37.001 et seq.

**5.**

The real property which is the subject of this action consists of a .9982-acre tract of land containing a full-service car wash and related improvements, (herein called the "Softouch Car Wash Property"), such property being located at 8901 W. Bellfort, Houston, Harris County, Texas, and being particularly described in the Deed of Trust recorded in the Official Public Records of Real Property of Harris County, Texas, under County Clerk's File No. J626467, the record of said Deed of Trust being incorporated herein by this reference.

**6.**

Plaintiffs have learned that Dosohs I, Ltd., has scheduled a deed of trust foreclosure sale of the Softouch Car Wash Property on Tuesday, August 5, 1997. [See notice attached hereto as Exhibit 'A' and incorporated herein by this reference.]

**7.**

Plaintiffs are the present owners of the Softouch Car Wash Property [See copy of certified copy of warranty deeds to plaintiffs, attached hereto as Exhibits 'B' and 'C'.]

**8.**

Accordingly, plaintiffs are in danger of sustaining the imminent and irreparable harm that will result if Dosohs I, Ltd., should be allowed to conduct a deed of trust foreclosure sale and thereby sell the Softouch Car Wash Property which rightfully belongs to plaintiffs. The harm that will occur to plaintiffs is irreparable because plaintiffs will lose their equity in the Softouch Car Wash Property, as well as the future income to be derived from operation of the full-service car wash involved. The potential loss to plaintiffs is substantial, as evidenced by the Stock Purchase Agreement attached as Exhibit _4_ to the affidavit of Dov Avni Kaminetzky attached hereto as Exhibit 'D' and the undisputed testimony of Richard Liotta [attached as Exhibit _3_ to the affidavit of Dov Avni Kaminetzky].

**9.**

Defendant Dosohs I, Ltd., is not entitled to conduct a deed of trust foreclosure sale of the Softouch Car Wash Property for the following reasons:

(a) The debt which Dosohs I, Ltd., asserts as the basis for its foreclosure action is barred by the statute of limitations.

More specifically, the debt upon which Dosohs I, Ltd., bases its foreclosure matured on August 15, 1990, almost seven (7) years ago, [See copy of Extension, Renewal and Modification Agreement attached hereto as Exhibit 'E' and copy of page from Dosohs earlier motion for summary judgment, attached hereto as Exhibit 'F'], while the Tex. Civ. Prac. & Rem. Code requires that actions based upon an instrument in writing must be brought within 4 years from the date the cause of action accrues.

-3-

(b)   Notice of the proposed foreclosure sale was not given in accordance with Sec. 51.001 et seq of the Texas Property Code.

More specifically, all of the owners of the Softouch Car Wash Property on the date that foreclosure notices were forwarded by Dosohs I, Ltd., were not notified of the proposed foreclosure sale.  [See Tamar Avni affidavit attached hereto as Exhibit 'G'].

10.

Plaintiffs do not have an adequate remedy at law because the damages to plaintiffs are incalculable in the event that Dosohs I, Ltd., is permitted to continue with foreclosure proceedings against the Softouch Car Wash Property.  Accordingly, plaintiffs request that the court preserve the status quo and issue a temporary restraining order to prohibit Dosohs I, Ltd., from conducting a deed of trust foreclosure sale of the Softouch Car Wash Property  and that the court thereafter extend the restraining order into a temporary or permanent injunction.

11.

Plaintiffs are willing to post bond in such amount as may be required by the court.

WHEREFORE, premises considered,  plaintiffs pray that the court grant this application for a temporary restraining order and set a hearing on the application for a temporary or permanent injunction, pray further that after a hearing the court issue its temporary or permanent injunction enjoining Dosohs I, Ltd., from conducting or attempting to conduct any foreclosure proceedings against the Softouch Car Wash Property, pray further that after a full  trial  on  the merits a declaratory  judgment  be  rendered

-4-

against defendant Dosohs I, Ltd., decreeing that the cause of action asserted by Dosohs I, Ltd., is barred by the statute of limitations, pray further for recovery of their costs of suit and reasonable attorney fees, and pray further that plaintiffs have such other relief, both legal and equitable, to which plaintiffs may be justly entitled.

Respectfully submitted,

Michael C. Whalen
State Bar No. 21239000
2901 Wilcrest, Suite 105
Houston, Texas 77042
Tel: (713) 782-0065
Fax: (713) 782-7868
Attorney for Plaintiffs

STATE OF TEXAS )
               )
COUNTY OF HARRIS )

BEFORE ME, the undersigned authority, on this day personally appeared DOV AVNI KAMINETZKY, who stated to me that he is a vice president of both of the corporate plaintiffs in the captioned lawsuit, and who, after being duly sworn by me, stated that he has read the foregoing pleading and that the statements made therein are true and correct.

Dov Avni Kaminetzky

SUBSCRIBED AND SWORN TO before me this ___4th___ day of August, 1997, to certify which witness my hand and seal of office.

Notary Public for the State of Texas

ROBERT E. SIEGRIST
Notary Public, State of Texas
My Commission Expires
12/08/98

-5-

13

# MUNN & FLUME
### AN ASSOCIATION OF PROFESSIONAL CORPORATIONS*
### ATTORNEYS AT LAW
One Oak Park
1020 N.E. Loop 410, Suite 200
San Antonio, Texas 78209-1218
(210) 828-5641   FAX (210) 821-6069

O'Neal Munn, P.C.

Michael Flume, P.C.

O'Neal Munn
Keith P. Miller
Todd E. Hotz

July 15, 1997

Michael Flume
Celinda Baez Guerra

Eric D. Sherer, P.C.

Stanley C. Allen - Of Counsel

**VIA CERTIFIED MAIL Z 302474786**
**RETURN RECEIPT REQUESTED**
**AND REGULAR U.S. MAIL**

Fraud Busters and Recoveries
of America, Inc.
8901 W. Bellfort
Houston, Texas 77031

**VIA CERTIFIED MAIL Z 302474787**
**RETURN RECEIPT REQUESTED**
**AND REGULAR U.S. MAIL**

Choice Acquisitions Number Three
8901 W. Bellfort
Houston, Texas 77031

**VIA CERTIFIED MAIL Z 302474788**
**RETURN RECEIPT REQUESTED**
**AND REGULAR U.S. MAIL**

Choice Acquisitions Number Four
8901 W. Bellfort
Houston, Texas 77031

> Re:   One (1) acre more or less out of 4.9153 acres in Reserve "A" BELLFORT PLACE, a subdivision in Harris County, Texas, according to the Map or Plat thereof, recorded in Volume 207, Page 121 of the Map Records of Harris County, Texas. Said property being more particularly described by metes and bounds in Exhibit "A" attached hereto.

Dear Sirs:

Enclosed please find a copy of the Notice of Substitute Trustee's Sale on the above referenced property.

Pursuant to the provisions of Section 51.002 of the Texas Property Code, and the authority conferred upon the beneficiary by the certain Deed of Trust, executed by Samantha Corporation, Inc., dated July 26, 1984, and duly recorded in Clerks File No. J626467, Real Property Records of Harris County, Texas, you are hereby notified that Matt Molak or Keith Miller or Todd Hotz, as Substitute Trustee under said Deed of Trust, and

*(not a partnership)

EXHIBIT 'A'
14

in accordance with the applicable provisions of the Texas Property Code, will, sell, on August 5, 1997, (that being the first Tuesday of said month), at public auction to the highest bidder for cash at the place designated by the Commissioner's Court of Harris County, Texas, at 10:00 o'clock a.m., or within three (3) hours thereafter, the property described in said Deed of Trust.

Very truly yours,

MUNN & FLUME

CELINDA BAEZ GUERRA

CBG/md
Enclosure

# 14-14-00410-CV

**DOV K. AVNI**,

                        *Petitioner,*

V.

**DOSOHS I, LTD**

                        *Respondent.*

**EXHIBIT** _02_ **TO APPELLANT'S FIRST**

**SUPPLEMENTAL APPENDIX TO INITIAL BRIEF**

## SPECIAL WARRANTY DEED WITH VENDOR'S LIEN

**DATE** JULY 31,1997

**GRANTOR:** DOV AVNI KAMINETZKY,TRUSTEE

**GRANTORS MAILING ADDRESS :** 1609 S. Kirkwood ,Suite B.
Houston,Texas 77077-3158
Harris County.

**GRANTEES:** CHOICE CAR WASH,INC. a Texas corporation ( 25.0% of the
18% undivided interest being conveyed by this deed ) and
**BUSINESS AND OWNERSHIP LIABILITIES TAKEOVER CORPORATION,**
Inc.["B.O.L.T."], a Delaware Corporation ( 75.0% of the
18% undivided interest in the real property conveyed by
this deed ( collectively hereinafter: " Grantee").

**GRANTEES MAILING ADDRESS :** 150-B Forest Drive
Jericho, NY 11753
Nassau County.

**CONSIDERATION :** Cash consideration of Eighteen and No/100 Dollars
($18.00) in hand paid to Grantor by Grantee and other good
and valuable consideration,the receipt and sufficiency of
which is hereby acknowledged by Grantor,including receipt
of J.V.and Management Agreement with respect to operation
of the conveyed property and a Vendor's Lien secured by a
First Supplemental Deed of Trust of even date herewith.

**PROPERTY :** ALL OF GRANTOR'S INTEREST,IN One (1) acre more or less
out of 4.9153 acres in Reserve "A" BELLFORT PLACE , a
subdivision in Harris County,Texas,acording to the Map
or Plat thereof,recorded in Volume 207,Page 121 of the
Map Records of Harris County,Texas. Grantor's interest
in the Property consisting of the following:

(1) Eighteen percent (18.00% ) undivided interest in
the above-described real property and in the fixed
improvements thereon constructed or attached,in the
underground gasoline storage tanks,in the gasoline
dispensing equipment,fixed car wash equipment and
the car wash sign therein permanently installed .

(2) Prorated Joint Venture interest in all the business
activities now or thereon being conducted,and in all
future rights to add additional business activities
and to construct and operate additional facilities
on the real property described above,with a right of
common and uninterrputed access to the property.

(3) Prorated interest in all account receiveables from
the car wash,auto detailing business,and merchandize
sale,n the business related fixtures, the inventory
used in such activities and all rights of ingress
and egress to the property,on non-interference basis

THE AFOREDESCRIBED UNDIVIDED INTEREST OF EIGHTEEN PERCENT (18%)IN
THE ABOVE-DESCRIBED REAL PROPERTY,WHICH IS SPECIFIED IN PARAGRAPH
(1) ABOVE,WAS DECLARED TO BE PROPERTY OF THE CHAPTER 7 BANKRUPTCY

- 1 -

EXHIBIT3 'C'

ESTATE OF DEBTOR SAMANTHA CORPORATION,INC.,IN ACCORDANCE WITH AN ORDER SIGNED ON 7/14/97 AND ENTERED ON 7/16/1997 BY US BANKRUPTCY COURT IN CASE 95-45547-H1-7,WHICH IS ATTACHED AS EXHIBIT"A" AND IS INCORPORATED HEREIN FOR ALL PURPOSES,AS IF SET FORTH VERBATIM, WHICH ORDER IS NOW UNDER APPEAL,AND THE AFOREDESCRIBED CONVEYAMCE OF TITLE TO INTEREST IN THE SAID REAL PROPERTY IS MADE SUBJECT TO FINAL DISPOSITION OF THAT ISSUE ON APPEAL,WITHOUT REPRESANTATIONS OR WARANTIES AS TO THE FINAL OUTCOME OF THESE PROCEEDINGS.

## RESERVATIONS FROM AND EXCEPTIONS TO CONVEYANCE AND WARRANTY:

Easements,rights of way and prescriptive rights,wether of record or not,all publicly recorded instuments,other than liens,encumberances,conveyances and agreements that affect the property;taxes for 1996 and later years the payment of which Grantee assumes,prorated according to its ownership interests in the property after this conveyance.

Grantor,for the valuable consideration and subject to the reservations from and exceptions to the conveyance and warranties specified herein, hereby grants, sells and conveys to Grantee all the interests it currently owns in the Property,together with all and singular the appurtenances thereto in any wise belonging and owned by Grantor,to have and to hold,it to, by and under Grantee, its heirs,executors,administrators,successors,and assigns.Grantor hereby binds Grantor and Grantor's heirs,executors,administrators ,successors and assigns against every person whomsoever lawfully claiming or to claim the same or any part thereof, except as to the reservations from and exceptions to conveyance and warranty, as specified herein.

When the context requires,singular nouns and pronouns include the Plural. This deed is to be construed in Texas District Courts, in Harris County,in accordance with Texas laws now in effect.

EXECUTED AND MADE EFFECTIVE ON THIS THE _1ST_ DAY OF AUGUST,1997.

GRANTOR:

DOV AVNI KAMINETZKY,TRUSTEE
1609 S. KIRKWOOD # B
HOUSTON,TEXAS 77077-3158

AGREED TO AND ACCEPTED IN ALL RESPECT:

| CHOICE CAR WASH,INC. | BUSINESS & OWNERSHIP LIABILITIES |
| a Texas Corporation | TAKEOVER CORPORATION,INC.{"B.O.L.T."} |
|  | a Delaware Corporation |
| By and Through: | By and through: |
| Dov Avni Kaminetzky | Dov Avni Kaminetzky |
| its Vice President | a/k/a Dov K. Avni |
| and Treasurer | Executive V.President |
| acting pursuant to | acting pursuant to |
| express resolution | express resolution |
| of its Board. | of its Board. |

- 2 -

24

STATE OF TEXAS )
)                ACKNOWLEDGMENT
COUNTY OF HARRIS )

BEFORE ME ,THE UNDERSIGNED AUTHORITY, on this day personally appeared Dov Avni Kaminetzky,a/k/a Dov K. Avni, known to me to be the person whose name is subscribed to the foregoing instrument as Grantor thereof, ◖▬▶ and for the purposes and consideration therein expressed,the receipt and sufficiency of which is hereby confessed and acknowledged.

GIVEN UNDER MY HAND AND SEAL OF OFFICE,THIS /1 ST DAY OF AUGUST,1997.

**D.A. LEWIS**
Notary Public, State of Texas
My Commission Expires
AUGUST 24, 1998

_____
Notary Public,in and for the
State of Texas

STATE OF TEXAS

CORPORATE ACKNOWLEDGMENT
COUNTY OF HARRIS )

BEFORE ME ,THE UNDERSIGNED AUTHORITY, on this day personally appeared Dov Avni Kaminetzky,a/k/a Dov K. Avni, known to me to be the person whose name is subscribed to the foregoing instrument as a corporate officer of Choice Car Wash,Inc as Grantee, and on his oath he acknowledged to me that he is authorized to on behalf of that Grantee to accept this conveyance of title, for the purposes and consideration therein expressed,the receipt and sufficiency of which is hereby confessed and acknowledged by Grantee.

GIVEN UNDER MY HAND AND SEAL OF OFFICE,THIS /1 ST DAY OF AUGUST,1997.

**D.A. LEWIS**
Notary Public, State of Texas
My Commission Expires
AUGUST 24, 1998

_____
Notary Public,in and for the
State of Texas

STATE OF TEXAS

CORPORATE ACKNOWLEDGEMT
COUNTY OF HARRIS )

BEFORE ME ,THE UNDERSIGNED AUTHORITY, on this day personally appeared Dov Avni Kaminetzky,a/k/a Dov K. Avni, known to me to be the person whose name is subscribed to the foregoing instrument as a corporate officer of B.O.L.T. Corporation, Inc. [Delaware] as Grantee, and on his oath acknowledged to me that he is authorized to on behalf of that Grantee to accept this conveyance of title, for the purposes and consideration therein expressed,the receipt and sufficiency of which is hereby confessed and acknowledged by Grantee.

GIVEN UNDER MY HAND AND SEAL OF OFFICE,THIS /1 ST DAY OF AUGUST,1997.

After recording return to

**D.A. LEWIS** Notary Public, State of Texas
My Commission Expires
AUGUST 24, 1998

_____
Notary Public,in and for the
State of Texas

Dov Avni Kaminetzky
Managing Venturer
1609 S.Kirkwood #B
Houston,Texas 77077-3158          - 3 -

25

## 14-14-00410-CV

DOV K. AVNI,
*Petitioner,*

V.

DOSOHS I, LTD
*Respondent.*

---

**EXHIBIT _03_ TO APPELLANT'S FIRST**

**SUPPLEMENTAL APPENDIX TO INITIAL BRIEF**

STATE OF    TEXAS )
                     )       **AFFIDAVIT OF DOV AVNI KAMINETZKY**

COUNTY OF HARRIS   )

       BEFORE ME, the undersigned Notary Public, on this day personally appeared in Houston,Texas,the undersigned, who after being by me duly sworn, did say:

" 1.     My name is Dov Avni Kaminetzky. I am over eighteen (18) years of age and I have personal knowledge of the facts recited in this Affidavit. I am competent in all respects to make this affidavit and have never been convicted of a felony or crime involving moral turpitude. On my oath the facts are as follows:

2. I have been an executive vice president of Choice Car Wash ,Inc. {"CCW"} and of Business and Ownership Liabilities Takeover Corportion,Inc.{Delaware} ["B.O.L.T"] since their incorporation in the March 1992, and continuously to this day. Throughout that period I was also the Chief executive officer and a director of Samantha Corporation,Inc.,a Texas corportion that have purchased a one acre tract of land in Unrestricted Reserve "A" of Bellfort Place subdivision of Harris County,Texas and constructed thereon during 1984 a full service automatic car wash known as "Softouch Car Wash",located at 8901 West Bellfort,Houston,Texas 77031-2407. {hereinafter :" Softouch"}. As such I have personal knowledge of all the facts,events,circumstances described or referenced herein and of the exhibit documents hereto attached.

3.    In said corporate capacities I was charged, personally and through my agents, with the maintainance and the updating of the corporate business records related to the acquisition,operations appraisals and the sale of the "Softouch Car Wash" property,which was owned by Samantha Corporation Inc.{"Samantha"} until January 7,1994,when it was sold to Choice Acquisitions No.Four,Inc and to myself as Trustee pursuant to the terms of Special Warranty Deed, recorded in the Real Property Records of Harris County, Texas under File No.P 849765 (Film Code No.097 -61-3094 to 3099). True and correct copy of that deed is hereto attached as Exhibit "1".

4. The value of the real property,improved property and the car wash and auto detailing business which was sold on that date was at least One Million Two Hundred and Seventy Five Thousand Dollar ($1,275,000), which was practically unchanged from the appraised value of that car wash on July 11,1990,when the Houston appraisal firm of Aaron &Wright performed a full scope MAI appraisal of the property,in support of the sale agreement that is hereto attached ,into which myself and other New York investors have entered with Samantha on or about July 5, 1990 ( later modified, but not with respect to the car wash selling price ).

5.   <u>The acquisition and development of the " Softouch Car Wash" property was financed by an equity investment of One Million and Forty Thousand Dollars($1,040,000),</u>that was provided to Samantha during 1984-1985 by its original investors,and which was partly supplemented by a draw type construction loan which was provided by Security Bank of Houston ["Security"] which later failed and was acquired by the FDIC as its receiver on February 15,1989.

- 1 -

EXHIBIT 26 "D"

STATE OF NEW YORK )
                  )      <u>AFFIDAVIT OF TAMAR AVNI</u>
COUNTY OF NASSAU )

     BEFORE ME, the undersigned Notary Public, on this day personally appeared in Plainview New York, the undersigned, who after being by me duly sworn, did say:

" 1.  My name is Tamar Avni. I am over eighteen (18) years of age and I have personal knowledge of the facts recited in this Affidavit. I am competent in all respects to make this affidavit and have never been convicted of a felony or crime involving moral turpitude. On my oath the facts are as follows:

2. I have been executive officer and director of Fraud Busters and Recoveries of America,Inc.{Delaware}[hereinafter:"FBR"} since April 1,1992 , and continuously to this day. <u>The corporate office of FBR was located throughout the entire period at 150-B Forest Dr., Jericho, NY 11753, and its registered office is in Delaware</u>.

3.  In said corporate capacity I was charged, personally and through my agents, with the maintainance and the updating of the corporate business records related to the acquisition,operations and sale of the " Softouch Car Wash" property, which was owned by FBR until July 16,1997,and which is located at 8901 West Bellfort Rd.,in Southwest Houston, Texas ["Softouch"].

4.  FBR acqired its interest in the"Softouch Car Wash"property on May 19,1994 as evidenced by a special warranty deed, recorded in the Real Property Records of Harris County, Texas under File No.P 914040 (Film Code No.099 -76-2486 to 2491). True and correct copy of that warranty deed is hereto attached as Exhibit "A". <u>The correct mailing address of FBR which is reflected on this deed is P.O.Box 710730, Houston,Texas,77271-0730,C/O Dov Avni Kaminetzky</u>.

5.  On July 16,1997 FBR sold its entire ownership interest in "Softouch Car Wash"property to Business and Ownership Liabilities Takeover Corporation.Inc. [ Delaware ], as evidenced by a Special Warranty Deed with Vendor's Lien, recorded in the Real Property Records of Harris County, Texas under File No.S548428 ( Film Code No.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 to 1291).True copy thereof is attached as Exh."B".

6. Throughout the entire period between May 19, 1994 and July 16, 1997, the office and mailing address of FBR have not changed.

7. Neither myself or any other officer,director,employee,agent or legal representative of FBR has received any notice of a legal or bankruptcy proceeding related to "Softouch Car Wash" or to any attempted foreclosure proceeding which may affect the owenership interest of FBR in that property,throughout the specified period.

8. On or about June 26,1997 I was notified by Mr.Rich A.Liotta of the hearing,which took place on June 16,1996 in Case #96-4671. Upon entry of the Order attached to Exhibit "A",I have sold FBR's entire interest in that property,with owner financing.<u>TO THIS DAY FBR DID NOT RECEIVE ANY NOTICE OF A FORECLOSURE SALE BY DOSOHS I. LTD, OR BY ANY PERSON OR ENTITY PURPORTING TO ACT ON ITS BEHALF</u>."



EXHIBIT 'G'

STATE OF NEW YORK :   SIGNED   _Tamar Avni_
                      :        _____
COUNTY OF NASSAU   :            TAMAR AVNI, A/K/A TAMAR AVNI KAMINETZKI

         This instrument was acknowledged before me on the 2st day
of July,1997,by Tamar Avni,a/k/a Tamar Avni Kaminetzky.

                          _____
                          Notary Public in and for
                          the state of New York

                          _____
                          Notary Printed Name

COLLEEN GRECO-HOOPS
NOTARY PUBLIC, State of New York
No. 30-4789962
Qualified in Nassau County
Commission Expires May 31, 1999

- 2 -

52



P914040

THE STATE OF TEXAS §
COUNTY OF HARRIS §

SPECIAL WARRANTY DEED

KNOW ALL MEN BY THESE PRESENTS: THAT

CHOICE ACQUISITIONS NO.FOUR.INC., a Texas corporation acting herein by and through its duly authorized officers ( whether one or more ), hereinafter called "GRANTOR" or "CA-4", for and in consideration of the sum of EIGHTEEN AND NO/100 DOLLARS ($18.00) and other good and valuable considerations cash in hand paid by the Grantees herein named, receipt of which is hereby confessed and acknowledged by Grantor , and the further consideration of the execution and delivery by said Grantees of that one certain participation agreement of even date herewith, known also as "Acknowledgement of Participation in Certain Cause(s) of Action and in proceeds of all Future Recoveries",have GRANTED,SOLD AND CONVEYED, and by these presents do GRANT ,SELL AND CONVEY unto :

FRAUD BUSTERS AND RECOVERIES OF AMERICA, INC.("FBR"), a Delaware Corporation , its successors and assigns , acting herein by and through its duly authorized officer and managing director - DOV AVNI KAMINETZKY ,(herein called "Grantees",wether one or more), both of whose mailing adress is :

P.O.BOX 710730,Houston Texas 77271-0730,C/O Dov Avni Kaminetzky

ALL OF GRANTOR'S OWNERSHIP INTERESTS, OF ANY KIND AND NATURE, BEING EIGHTY TWO PERCENT (82.00) UNDIVIDED OWNERSHIP INTEREST IN AND TO THE REAL PROPERTY, TOGETHER WITH ALL IMPROVEMENTS AND EQUIPMENT LOCATED THEREON, AND TOGETHER WITH ALL INTEREST AND TITLE TO THE CAR WASH AND AUTO DETAILING BUSINESS AND ALL OTHER BUSINESS ACTIVITIES THEREON NOW OR IN FUTURE CONDUCTED THE FOLLOWING DESCRIBED REAL PROPERTY, TOGETHER WITH ALL THE IMPROVEMENT THEREON SITUATED,LOCATED IN HARRIS COUNTY,TO-WIT:

A 0.9982 acres tract of land out of the 4.9153 acres of land known as the Unrestricted Reserve "A" Block 1 of the Ballfort Plaza Sub Division , out of the Emry H. Cone Survey, A-191; being located at the Southeast corner of West Bellfort Blvd. (8 ' ROW) and Riceville School Road (60' ROW ), as recorded in Volume 297, page 121 of THE MAP RECORDS of Harris County, Texas; being more particularly described by metes and bounds as follows:
   BEGINNING at the Northeast corner of said Reserve "A"; said point being on the Southerly Right -Of-Way line of said West Bellfort Blvd.;
   Thence S 02 ° 35' 23 " E ;along the Eastern boundary line of said Reserve "A",a distance of 300.00 feet for a corner; being the Southeast corner of the herein described tract; also being Southeast corner of said Reserve "A";
   Thence S 87 ° 30' 24 " W ;along the Southern boundary line of said Reserve "A",a distance of 145.00 feet for a corner; being the Southwest corner of the herein described tract;
   Thence N 02 ° 35' 23 " W ; a distance of 300.00 feet for a corner; said point being on the Southerly Right-Of-Way line of said West Bellfort Blvd;
   Thence N 87 ° 30' 24 " E ;along the said Southerly Right-Of-Way line of said West Bellfort Blvd.,a distance of 145.00 feet to the POINT OF BEGINNING; containing 0.99882 acres of land.

Page 1 Of 5 Pages

A:\1Ch\FortEptD.Doc\94-05-09

ANY PROVISIONS HEREIN WHICH RESTRICT THE SALE, RENTAL, OR USE OF THE DESCRIBED REAL PROPERTY BECAUSE OF COLOR, OR RACE, IS INVALID AND UNENFORCEABLE UNDER THE FEDERAL LAW.

A CERTIFIED COPY

ATTEST: JUL 28 1997

BEVERLY B. KAUFMAN, County Clerk
Harris County, Texas

_____ Deputy
DOLORES T. LOPEZ

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

This conveyance is made and accepted subject to:

(i) Any and all restrictions, covenants, conditions, consents, maintenance charges and the liens securing said charges, all mineral and royalty interests if any, all leases, management and operation contracts and agreements, all purchase and lease options, all lawful and duly documented claims for any due and owing indebtedness, liens or obligations of Grantors or of any prior lawful owner of record, now or at any time prior to the date of execution of this instrument being of public record and secured by the Property.

(ii) The terms and conditions of that certain "Lease Agreement with Fixed Price Purchase Option" of even date, executed by and between the Grantee and Current lessee of the property: Choice Acquisitions No. Three, Inc.("CA-3"), acting herein by and through its duly authorized officer and managing director - Dov Avni Kaminetzky, hereinafter:"CA-3"or"LESSEE"

(iii) All other matters, if any, which affect the property, premises or improvements being conveyed herein and are now of record in the Office of the County Clerk of Harris County, Texas, *only* to the extent, but only to the extent, that the same are now in force and effect and relate to the said property, and save and except:

a) Any and all obligations and liabilities of Grantor caused or related to any existing or alleged environmental contamination or any existing or alleged breach of any environmental statute, law, ordinance, mandate, directive or regulation, which were in force and effect and affected said property, premises or improvements, and any business or other activity conducted thereon, on the date of or at any time prior to the date of the execution of this instrument.

b) Any and all obligations and liabilities of Grantor caused or related to any existing or alleged participation in bank fraud or in any benefit accruing thereof, or that are or may be alleged in the future to have been caused or related to any existing or alleged breach of any statute, law, policy, directive or regulation, which are related to the appraisal, underwriting, valuation, and funding of any bank loan or any other financing accommodation by any institution which was at any time prior to the date of this conveyance subject to any banking regulation or supervision by the State of Texas or by any instrumentality or agency of the United States of America and all other government regulations and policies that were in force and effect and affected said property, premises or improvements, and any business or other activity conducted thereon, on the date of or at any time prior to the date of the execution of this instrument.

c) Any and all obligations and liabilities of Grantor caused or related to any existing or alleged participation in Income Tax evasion, misreporting or fraud or in any benefit accruing thereof, or that are or may be alleged in the future to have been caused or related to any existing or alleged breach of any statute, law, policy, directive, regulation or circular, issued by the Internal Revenue Service ("IRS") of the United States of America or by the Comptroller of Public Accounts of the State of Texas, which are caused by or are related to the

Page 2 of 5 Pages

A:\1Ch\PoftSpED.Doc\94-05-05

EA.
5/5/94

ANY PROVISIONS HEREIN WHICH RESTRICT THE SALE, RENTAL, OR USE OF THE DESCRIBED REAL PROPERTY BECAUSE OF COLOR, OR RACE, IS INVALID AND UNENFORCEABLE UNDER THE FEDERAL LAW.

A CERTIFIED COPY

JUL 28 1997

ATTEST: _____
BEVERLY B. KAUFMAN, County Clerk
Harris County, Texas

_____, Deputy
DOLORES T. LOPEZ

54

acquisition, funding ,closing, development,operation,leasing, management, conveyance of interests, distributions of profits and proceeds, deduction of depreciation, any reporting or any lack of reporting required by law,or any expensing of capital or personal expenses ,which was at any time prior to the date of this conveyance subject to any federal income tax statute or regulation or which was or could be claimed to be subject to any audit or inspection by the State of Texas or by any instrumentality or agency of the United States of America,

d) Any and all liabilities of Grantor,wether now existing liquidated end of record, or currently being unliquidated, contigent, estimated, disputed or contemplated which are caused ,related to or anticipated as a result of any claim, dispute, arbitration, mediation, arbitration , litigation, voluntary accepted or duly adjudged liability,any judgement or settlement of claims and disputes,wether recorded or not, insolvency, reorganization, bankruptcy, liquidation ,merger, dissolution,forfeiture of charter,license or of right to do business, or caused by or related to any act of disposition of assets and liabilities by Grantor,or by any ofits agents officers, directors, founder,or by any other insider who was the direct or beneficial holder ,at any time during the ten (10)years preceding the date of execution of this instrument of 5.0 % or more of the issued common stock of Grantors.

iv) All taxes ,assessments and other public dues affecting the property, premises or improvements conveyed herein for year 1994 and for all subsequent years. All subsequently taxed assessments for prior years due to change in the land usage in valuation or due to change of ownership of the property premises or improvements conveyed herein which may be levied after the date of execution of this instrument,which Grantee hereby assumes and agrees to pay, and

v) Any and all other laws ,statutes, ordinances, codes,zoning, and governmental regulations now applicable to and currently enforceable against said property,premises or improvements;

vi) AND ALL existing easements,encroachments and and overlapping ofimprovements,wether visible or not,if any.

TO HAVE AND TO HOLD the above described premises, together with all and singular the rights and appurtenances thereto in anywise belonging unto the said Grantees, their successors or assigns forever,and subject to the above incorporated matters, CHOICE ACQUISITIONS NO. FOUR,INC. of Houston, Texas as Grantor, hereby binds itself its successors and assigns to WARRANT AND FOREVER DEFEND all and singular the said property, premises or improvements,herein being conveyed unto the aforesaid Grantees, their successors and assigns, against every person whomsoever lawfuly claiming or to claim the same or any part thereof,by, through or under Grantor ,but not btherwise.

Grantors have executed this Special Warranty Deed and granted, sold and conveyed the above described property, premises and improvements together with all rights and appurtenances thereto in anywise belonging , and Grantees have accepted this Special Warranty Deed and hereby purchase the above described property,

Page 3 of 5 pages

A:\1Ch\FoftSpWD.Doc\94-05-09

ANY PROVISIONS HEREIN WHICH RESTRICT THE SALE, RENTAL, OR USE OF THE DESCRIBED REAL PROPERTY BECAUSE OF COLOR, OR RACE, IS INVALID AND UNENFORCEABLE UNDER THE FEDERAL LAW.

A CERTIFIED COPY

ATTEST: JUL 28 1997

BEVERLY B. KAUFMAN, County Clerk
Harris County, Texas

_____ Deputy
DOLORES T. LOPEZ



premises and improvements together with all and singular the rights and appurtenances thereto in anywise belonging. AS IS, WHERE IS, AND WITH ALL FAULTS WHICH CURRENTLY EXIST, WITHOUT ANY REPRESENTATIONS OR WARRANTIES OF WHATSOEVER NATURE, EXPRESS OR IMPLIED, IT IS BEING THE INTENTION OF GRANTORS AND GRANTEES TO EXPRESSLY REVOKE, RELEASE, NEGATE AND EXCLUDE ANY AND ALL EXPRESS OR IMPLIED REPRESENTATIONS AND WARRANTIES MADE BY THE GRANTORS TO GRANTEES PRIOR TO THE EXECUTION OF THIS INSTRUMENT, SAVE AND EXCEPT THE LIMITED SPECIAL WARRANTY OF GRANTEE'S TITLE TO EIGHTY TWO PERCENT (82.0%) IN THE PROPERTY, PREMISES AND THE IMPROVEMENTS TOGETHER WITH ALL RIGHTS AND APPURTENANCES THERETO IN ANYWISE CURRENTLY BELONGING, AND SAVE AND EXCEPT THE LIMITED SPECIAL WARRANTY OF GRANTEE'S TITLE TO ONE HUNDRED(100) PERCENT IN THE CAR WASH AND THE AUTO DETAILING BUSINESS, AND IS AND TO ALL OTHER BUSINESS THEREIN NOW BEING OR IN THE FUTURE TO BE CONDUCTED, AS EXPRESSLY SET FORTH HEREIN.

EXECUTED at Houston, Texas on this 5th day of May, 1994, BUT TO BECOME EFFECTIVE ON THURSDAY, MAY 19TH, 1994, 12.01am CDT.

Grantor:

CHOICE ACQUISITIONS NO. FOUR, INC. ("CA-4") A Texas Corporation

Attest: _____          By: _____
Ebad Avai                        Jesse R. Grice II
Asst. Treasurer                  Vice President
and Discovery manager of         Assistant Secretary of
Choice Acquisitions No.          Choice Acquisitions No.
Four, Inc.                       Four, Inc.

THIS SPECIAL WARRANTY DEED IS ACCEPTED AND AGREED TO THIS DAY IN ALL RESPECTS.

Lessee:                          Grantees:

CHOICE ACQUISITIONS            FRAUD BUSTERS AND RECOVERIES'
NO. THREE, INC. ("CA-3")       OF AMERICA, INC. (" FBR")
A Texas Corporation            a Delaware Corporation
                               its successors and assigns
By: _____            By: _____
Dov Avai Kaminsky              Dov Avai Kaminsky
President and                  President, Chief Executive
of Choice                      Officer and Secretary of
Acquisitions No. Three, Inc.   Fraud Busters and Recoveries
a Texas corporation            of America, Inc. (Delaware)

STATE OF TEXAS    §
                  §
COUNTY OF HARRIS  §

BEFORE ME, the undersigned authority, on this day personally appeared Jesse R. Grice II, known to me to be the person whose name is subscribed to the foregoing instrument, and ___ he acknowledged to me that ___ he executed the same for the purposes and consideration(s) therein expressed, in the capacity therein stated and as the corporate act and deed of Choice Acquisitions No. Four, Inc., a Texas corporation.

GIVEN UNDER MY HAND AND SEAL OF OFFICE, this ___ day of _____ 1994.

_____
Notary Public in the State of Texas
Name: _____
My Commission expires: _____

Page 4 of 5 Pages

Ar:\CA\FortSpMD.Doc\94-05-05

ANY PROVISIONS HEREIN WHICH RESTRICT THE SALE, RENTAL, OR USE OF THE DESCRIBED REAL PROPERTY BECAUSE OF COLOR, OR RACE, IS INVALID AND UNENFORCEABLE UNDER THE FEDERAL LAW.

A CERTIFIED COPY
JUL 28 1997

ATTEST: _____
BEVERLY B. KAUFMAN, County Clerk
Harris County, Texas

_____, Deputy
DOLORES T. LOPEZ

56



STATE OF TEXAS &
&
COUNTY OF HARRIS &

BEFORE ME, the undersigned authority, on this day personally appeared Dov Avni Kaminetzky, known to me to be the person whose name is subscribed to the foregoing instrument, and ___ he acknowledged to me that ___ he executed the same for the purposes and consideration(s) therein expressed, in the capacity therein stated, as the corporate act and deed of Fraud Busters and Recoveries of America, Inc., a Delaware Corporation.

GIVEN UNDER MY HAND AND SEAL OF OFFICE, this _15_ day of _____ 1994.

_____
Notary Public in the State of Texas
Name: _Shirley Coolidge_
My Commission expires: _6-10-97_

STATE OF TEXAS &
&
COUNTY OF HARRIS &

BEFORE ME, the undersigned authority, on this day personally appeared Dov Avni Kaminetzky, known to me to be the person whose name is subscribed to the foregoing instrument, and ___ he acknowledged to me that ___ he executed the same for the purposes and consideration(s) therein expressed, in the capacity therein stated and as the corporate act and deed of Chalon Holdings No. Three, Inc., a Texas Corporation and lessee of said mach.

GIVEN UNDER MY HAND AND SEAL OF OFFICE, this _15_ day of _____ 1994.

_____
Notary Public in the State of Texas
Name: _Shirley Coolidge_
My Commission expires: _1-10-97_

STATE OF TEXAS &
&
COUNTY OF HARRIS &

BEFORE ME, the undersigned authority, on this day personally appeared Hend Avni, known to me to be the person whose name is subscribed to the foregoing instrument, and ___ he acknowledged to me that ___ he attested execution of the same in the capacity therein stated.

GIVEN UNDER MY HAND AND SEAL OF OFFICE, this _15_ day of _____ 1994.

_____
Notary Public in the State of Texas
Name: _Shirley Coolidge_
My Commission expires: _6-10-97_

After recording return to:
FRAUD BUSTERS AND RECOVERIES OF AMERICA, INC. (Delaware)
c/o Dov Avni Kaminetzky, President
P.O. Box 710730
Houston Texas 77271-0730

ANY PROVISIONS HEREIN WHICH RESTRICT THE SALE, RENTAL, OR USE OF THE DESCRIBED REAL PROPERTY BECAUSE OF COLOR, OR RACE, IS INVALID AND UNENFORCEABLE UNDER THE FEDERAL LAW.

A CERTIFIED COPY
JUL 28 1997
ATTEST: _____
BEVERLY B. KAUFMAN, County Clerk
Harris County, Texas

_____ Deputy
DOLORES T. LOPEZ

57



r99-76-249r

FILED
96 JUN 15 PM 4: 13

JUN 15 1994

ANY PROVISIONS HEREIN WHICH RESTRICT THE SALE, RENTAL
OR USE OF THE DESCRIBED REAL PROPERTY BECAUSE OF
COLOR, OR RACE, IS INVALID AND UNENFORCEABLE UNDER
THE FEDERAL LAW.

A CERTIFIED COPY
ATTEST: JUL 28 1997
BEVERLY B. KAUFMAN, County Clerk
Harris County, Texas

DOLORES T. LOPEZ_____, Deputy

58

**SPECIAL WARRANTY DEED WITH VENDOR'S LIEN**

**DATE:** JULY 16, 1997

W/VENDOR'S LIEN                                        $36.00

**GRANTOR:** CHOICE ACQUISITIONS NO.THREE,INC.a Texas corporation and TRADE NAMES AND RECOVERIES OF AMERICA,INC., a Delaware corporation,acting herein jointly,by and through their their duly authorized officers,(collectively:"Grantor").

**GRANTOR'S MAILING ADDRESS:** 1609 S. Kirkwood ,Suite B.
Houston,Texas 77077-3158
Harris County.

**GRANTEE:** CHOICE CAR WASH,INC.a Texas corporation (25.0% undivided interest) and BUSINESS & OWNERSHIP LIABILITIES TAKEOVER CORPORATION, a Delaware Corporation (a 75.0% undivided interest in the Property ( collectively :"Grantee").

**GRANTEE'S MAILING ADDRESS:** 150-B Forest Drive
Jericho, NY 11753
Nassau County.

**CONSIDERATION:**

A cash consideration of Thirty Six and No/100 Dollars ($36.00) in hand paid to Grantor by Grantee and other good and valuable consideration hereby acknowledged.

**PROPERTY:**

ALL OF GRANTOR'S INTEREST IN One (1) acre more or less out of 4.9153 acres in Reserve "A" BELLFORT PLACE , a subdivision in Harris County,Texas,according to the Map or Plat thereof,recorded in Volume 207,Page 121 of the Map Records of Harris County,Texas. Grantor's interest in the Property consisting of the following:

(1) Eighty Two percent (82.00%) undivided interest in the above-described real property and in the fixed improvements thereon constructed or attached,in the underground gasoline storage tanks,in the gasoline dispensing equipment,fixed car wash equipment and the car wash sign therein permanently installed .

(2) One Hundred Percent (100%) ownership interest in all business activities now or thereon being conducted, and in all future rights to add additional business activities in the sole discretion of Grantor.

(3) One Hundred Percent (100%) ownership interest in all account receiveables from the car wash and detailing business,business related fixtures,and inventory and all rights of ingress and egress to the property,

BUT EXCLUDING THE EIGHTEEN PERCENT (18.0%) UNDIVIDED INTEREST IN THE ABOVE-DESCRIBED PROPERTY, JOINTLY OWNED WITH DEBTOR SAMANTHA CORPORATION,INC., IN ACCORDANCE WITH ORDER SIGNED ON 7/14/97 AND ENTERED ON 7/16/1997 BY US BANKRUPTCY COURT IN CASE 95-45547-H1-7 HERETO ATTACHED AS EXHIBIT "A" AND INCORPORATED HEREIN FOR ALL PURPOSES AS IF SET FORTH VERBATIM.

-1-

ANY PROVISIONS HEREIN WHICH RESTRICT THE SALE, RENTAL, OR USE OF THE DESCRIBED REAL PROPERTY BECAUSE OF COLOR, OR RACE, IS INVALID AND UNENFORCEABLE UNDER THE FEDERAL LAW.

A CERTIFIED COPY

ATTEST: **AUG 0 1 1997**

BEVERLY B. KAUFMAN, County Clerk
Harris County, Texas

_____, Deputy
SALLY S. ZUNIGA

"B"

59

**RESERVATIONS FROM AND EXCEPTIONS TO CONVEYANCE AND WARRANTY:**

Easements, rights of way and prescriptive rights, wether of record or not, all publicly recorded instruments, other than liens, encumberances, conveyances and agreements that affect the property; taxes for 1996 and later years the payment of which Grantee assumes, prorated according to its ownership interests in the property after this conveyance.

Grantor, for the valuable consideration and subject to the reservations from and exceptions to the conveyance and warranties specified herein, hereby grants, sells and conveys to Grantee all the interests it currently owns in the Property, together with all and singular the appurtenances thereto in any wise belonging and owned by Grantor, to have and to hold, it to, by and under Grantee, its heirs, executors, administrators, successors, and assigns. Grantor hereby binds Grantor and Grantor's heirs, executors, administrators, successors and assigns against every person whomsoever lawfully claiming or to claim the same or any part thereof, except as to the reservations from and exceptions to conveyance and warranty, as specified herein.

When the content requires, singular nouns and pronouns include the Plural. This deed is to be construed in Texas District Courts, in Harris County, in accordance with Texas laws now in effect.

**GRANTOR:**

_Tamar Avni_                              _Tamar Avni_                    So

CHOICE ACQUISITIONS NO.THREE, INC.        FRAUD BUSTERS AND RECOVERIES
d/b/a "Softouch Car Wash"                 OF AMERICA, INC.
a Texas Corporation                       a Delaware Corporation
By and through: Tamar Avni                By and through: Tamar Avni
a/k/a Tamar Avni Kaminetsky               a/k/a Tamar Avni Kaminetsky
its President and Director.               its President and director
acting pursuant to express               acting pursuant to express
resolution of its Board.                  resolution of its Board.

**AGREED TO AND ACCEPTED IN ALL RESPECT:**

_Dov Avni Kaminetsky_                     _Dov Avni Kaminetsky_

CHOICE CAR WASH, INC.                     BUSINESS & OWNERSHIP
a Texas Corporation                       LIABILITIES TAKEOVER
                                          CORPORATION
By and Through:                           By and through:
            Dov Avni Kaminetsky           Dov Avni Kaminetsky
            its Vice President            a/k/a Dov K. Avni
            and Treasurer                 Executive V.President
            acting pursuant to            acting pursuant to
            express resolution            express resolution
            of its Board.                 of its Board.

Attest: _James R. Grice III_
        James R. Grice III
        Uninterested person
Dated : 07/16/97 in Houston, Tx.

                    -2-
                (more / page)

ANY PROVISIONS HEREIN WHICH RESTRICT THE SALE, RENTAL, OR USE OF THE DESCRIBED REAL PROPERTY BECAUSE OF COLOR, OR RACE, IS INVALID AND UNENFORCEABLE UNDER THE FEDERAL LAW.

A CERTIFIED COPY
        **AUG 0 1 1997**
ATTEST: _____
BEVERLY B. KAUFMAN, County Clerk
Harris County, Texas

_Sally S. Zuniga_, Deputy

        SALLY S. ZUNIGA

__AFFIDAVIT and DECLARATION OF DOV AVNI KAMINETZKY__

"My name is Dov Avni Kaminetsky,a/k/a Dov K. Avni (hereinafter:
"Kaminetsky" or "Affiant"].I am over twenty one (21) years of age
and have never been convicted of felony or crime involving moral
torpitude. I am legally competent to testify to the facts stated
in this affidavit,and these facts are true and correct,and are as
set forth herein:

1. Between March 25,1990 and September 4,1990 I have entered into
a series of agreements concerning the separation of my individual
properties from the properties of my wife Tamar Avni, a/k/a Tamar
Avni Kaminestky  and my three sons,Ehud,Dorun and Lior J. Avni,all
minors at that time.Pursuant to the aforementioned agreements,the
two corporations jointly designated herein as"Grantee" were funded
and are owned by our sons,in accordance with the corporate records
records of the close of business of June 30,1997.
2. I am acting in this transaction for the benefit of Grantee as
a duly authorized corporate officer,in compliance with an express
resolution of their board,dated July 3,1997,in the best interests
of grantee,and in accordance with the attached 7/14/1997 Order."

Further Affiant sayeth not.          _Dov Avni Kaminetsky_
                                     Dov Avni Kaminetsky
                                     a/k/a Dov K.Avni
                                     "Affiant"
                                     1609 S.Kirkwood #B
THE STATE OF TEXAS     )             Houston,Texas 77077-3158
                       )
COUNTY OF HARRIS       )

     BEFORE ME ,THE UNDERSIGNED AUTHORITY, on this day personally
appeared Dov Avni Kaminetsky a/k/a Dov K.  Avni,known to me to be
the person whose name is subscribed to the foregoing instrument as
Grantor thereof,and and for the purposes and consideration therein
expressed,the receipt and sufficiency of which is hereby confessed
and acknowledged.
GIVEN UNDER MY HAND AND SEAL OF OFFICE,THIS 16 DAY OF JULY,1997.

                                     Notary Public,in and for the
                                     State of Texas

__AFFIDAVIT and DECLARATION OF TAMAR AVNI__
"My name is Tamar Avni,a/k/a Tamar Avni Kaminetsky (hereinafter:
"Avni" or "Affiant"]. I am over twenty one (21) years of age and
have never been convicted of felony or crime involving moral
torpitude.  I am legally competent to testify to the facts stated
in this affidavit,and these facts are true and correct,and are as
set forth herein:

1. Between March 25,1990 and September 4,1990 I have entered into
a series of agreements concerning the separation of my individual
properties from the properties of my husband Dov Avni Kaminetsky.
Pursuant to the aforementioned agreements,I acquired ownership of
the two corporations jointly designated herein as "Grantor", for
myself and for other shareholders,who do not include my husband."

- 3 -
(out of 7 page)

7-16-97

ANY PROVISIONS HEREIN WHICH RESTRICT THE SALE, RENTAL
OR USE OF THE DESCRIBED REAL PROPERTY BECAUSE OF
COLOR, OR RACE, IS INVALID AND UNENFORCEABLE UNDER
THE FEDERAL LAW.

A CERTIFIED COPY

ATTEST:    AUG 0 1 1997
BEVERLY B. KAUFMAN, County Clerk
Harris County, Texas

_____, Deputy

     SALLY S. ZUNIGA

Further affiant sayeth not.

_Tamar Avni_
Tamar Avni
a/k/a Tamar Avni Kaminetsky
"Affiant"
150 Forest Drive
Jericho, NY 11753
Tel:(516)935-5447
( Call to fax )

STATE OF NEW YORK )
)
COUNTY OF NASSAU )

BEFORE ME, the undersigned notary public, on this ___ day of July, 1997, personally appeared in Plainview, Nassau County, in the State of New york, Tamar Avni a/k/a Tamar Avni Kaminetsky and upon her oath, under penalty of perjury , she acknowledged to me that she has executed the foregoing instrument and produced the exhibit documents thereto attached , for the purposes and in the capacitas therein stated, that all the facts recited therein are true and correct and that the copies of the documents hereto attached are accurate replicas of the original documents or copies thereof which are in her lawful custody, possession, or control, or to which she has lawful accesss to.

Notary Public, State of New York
My Name: _____
Commission Expires: _____

AFTER RECORDED, PLEASE RETURN TO:

Avi Avni Kaminetsky
Trustee AA Grantors
1609 S. Kirkwood #8
Houston, TX 77077-3157

(als 9 ? pgs)

- 4 -



ANY PROVISIONS HEREIN WHICH RESTRICT THE SALE, RENTAL, OR USE OF THE DESCRIBED REAL PROPERTY BECAUSE OF COLOR, OR RACE, IS INVALID AND UNENFORCEABLE UNDER THE FEDERAL LAW.

A CERTIFIED COPY

ATTEST: **AUG 0 1 1997**

BEVERLY B. KAUFMAN, County Clerk
Harris County, Texas.

_Sally S. Zuniga_, Deputy

SALLY S. ZUNIGA

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
UNITED STATES BANKRUPTCY COU
SOUTHERN DISTRICT OF TEXAS
ENTERED

JUL 1 6 1997

Michael N. Milby, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

IN RE:

SAMANTHA CORPORATION, INC.     CASE NO. 95-45547-H1-11

DEBTOR

ORDER TERMINATING AUTOMATIC STAY **UNOPPOSED**

On the 14th day of _July_, 1997, came on to be heard the Motion of DOSOHS I, LTD. ("Movant") to terminate the automatic stay imposed by 11 U.S.C. §362 of the U.S. Bankruptcy Code so as to allow Movant to exercise its contractual remedies against certain property/collateral ("Property") described in the Motion of Dosohs I, Ltd. for Relief From Automatic Stay ("Motion") which secures the debt owed to Movant by Debtor, SAMANTHA CORPORATION, INC. The Court ~~determined~~ that notice to all interested parties had been properly served pursuant to Local Bankruptcy Rule 4001(a), that no interested parties filed an Affidavit or request for hearing, or appeared and objected ~~and, after hearing, determined that Debtor is indebted to Movant, the debt is secured by a valid and properly perfected security interest in the property~~ and that the relief requested should be GRANTED for cause.

~~The Court, after reviewing the pleadings, the evidence, and listening to the arguments of counsel, finds as follows:~~

~~1. Dosohs is the owner and holder of the Termination Agreement dated February 15, 1997 in the amount of $635,199.79 executed by the Debtor~~

2. ~~Dosohs has a first lien on the property described in the Motion by virtue of~~

ANY PROVISIONS HEREIN WHICH RESTRICT THE SALE, RENTAL, OR USE OF THE DESCRIBED REAL PROPERTY BECAUSE OF COLOR, OR RACE, IS INVALID AND UNENFORCEABLE UNDER THE FEDERAL LAW.

A CERTIFIED COPY
AUG 0 1 1997
ATTEST: _____
BEVERLY B. KAUFMAN, County Clerk
Harris County, Texas

_____ Deputy

SALLY S. ZUNIGA

~~Security agreement dated July 26, 1994, recorded under Clerk's File No. ...... in the Official Public Records of Real Property of Harris County, Texas.~~

~~The Debtor has no equity in the Property and the Property is not necessary to an effective reorganization.~~

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the automatic stay of 11 U.S.C. §362 of the Bankruptcy Code is hereby immediately terminated and removed from and against the Property described as follows:

One (1) acre more or less out of 4.9153 acres in Reserve "A" BELLFORT PLACE, a subdivision in Harris County, Texas, according to the Map or Plat thereof, recorded in Volume 207, Page 121 of the Map Records of Harris County, Texas. Said property being more particularly described by metes and bounds on Exhibit "B" attached hereto and made a part hereof, and all furniture, fixtures, equipment, inventory and all accounts receivables now or hereinafter owned by the Grantors and located on the above-described real property as set forth on Exhibit "B" attached hereto and made a part hereof;

The stay is terminated so that, pursuant to its state law remedies, Movant can, and _on Debtor's interest in_ Movant is permitted to, proceed to foreclose the Property described above to satisfy, in part, the Debtor's obligation owed to the Movant.

Signed this 14 day of July, 1997.

UNITED STATES BANKRUPTCY JUDGE

**UNOPPOSED**

Exmr "A"
7-16-97
p.292

Idr II
7-16-97

ANY PROVISIONS HEREIN WHICH RESTRICT THE SALE, RENTAL, OR USE OF THE DESCRIBED REAL PROPERTY BECAUSE OF COLOR, OR RACE, IS INVALID AND UNENFORCEABLE UNDER THE FEDERAL LAW.

A CERTIFIED COPY
AUG 01 1997
ATTEST: _____
BEVERLY B. KAUFMAN, County Clerk
Harris County, Texas

_____, Deputy
SALLY S. ZUNIGA

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

APPROVED AS TO FORM:

MUNN & FLUME

1020 N.E. Loop 410, Suite 200
San Antonio, Texas 78209
(210) 824-5541
(210) 821-6063 Fax



MICHAEL FLUME
State Bar No. 07183460

ATTORNEYS FOR DOSOHS I, LTD.



JUL 18 1997



FILED
97 JUL 18 AM 10: 34
COUNTY CLERK
HARRIS COUNTY, TEXAS

EXHIBIT "A"
(7-16-97)
P. 93

7-16-97

ANY PROVISIONS HEREIN WHICH RESTRICT THE SALE, RENTAL,
OR USE OF THE DESCRIBED REAL PROPERTY BECAUSE OF
COLOR, OR RACE, IS INVALID AND UNENFORCEABLE UNDER
THE FEDERAL LAW.

A CERTIFIED COPY
ATTEST:     AUG 0 1 1997
BEVERLY B. KAUFMAN, County Clerk
Harris County, Texas

_____ Deputy
SALLY S. ZUNIGA

65

# 14-14-00410-CV

**DOV K. AVNI,**
                    *Petitioner,*

           v.

**DOSOHS I, LTD**
                    *Respondent.*

---

**EXHIBIT _05_ TO APPELLANT'S FIRST**

**SUPPLEMENTAL APPENDIX TO INITIAL BRIEF**

No. 97-40590

| | | |
|---|---|---|
| CHOICE CAR WASH, INC., | * | IN THE DISTRICT COURT |
| AND BUSINESS OWNERSHIP AND | * | |
| LIABILITIES TAKEOVER | * | |
| CORPORATION | * | |
| | * | |
| VS. | * | 11th JUDICIAL DISTRICT |
| | * | |
| DOSOHS I, LTD. | * | HARRIS COUNTY, TEXAS |

ENTERED
VERIFIED

## DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES DOSOHS I, LTD. ("Dosohs"), Defendant in the above styled and numbered cause, and files this Defendant's Original Answer to Plaintiff's Original Petition filed herein, and in support thereof would respectfully show the court as follows:

### I.

### GENERAL DENIAL

Dosohs denies generally each and every, all and singular, the allegations contained in Plaintiffs' Original Petition filed herein and states that this Defendant will require strict proof thereof.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Dosohs prays that all relief prayed for by Plaintiffs be denied; that the Plaintiffs take nothing by their suit herein; and that Dosohs recover costs of court from Plaintiffs; and that Dosohs receive such other and further relief, general or special to which it may show itself justly entitled to receive.

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

68

Respectfully submitted,

MUNN & FLUME
One Oak Park, Suite 200
1020 N.E. Loop 410
San Antonio, Texas 78209-1218
(210) 828-5641
(210) 821-6069 Facsimile

*Michael Flume*

MICHAEL FLUME
State Bar No. 07188480

ATTORNEYS FOR DOSOHS I, LTD.

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing document has been sent by certified mail, return receipt requested #P 211 841 995 to Michael C. Whalen, 2901 Wilcrest, Suite 105, Houston, Texas 77042 on this 26th day of August, 1997.

*Michael Flume*

MICHAEL FLUME

# 14-14-00410-CV

DOV K. AVNI,
                    *Petitioner,*

                V.

DOSOHS I, LTD
                    *Respondent.*

EXHIBIT *07* TO APPELLANT'S FIRST

SUPPLEMENTAL APPENDIX TO INITIAL BRIEF

# 14-14-00410-CV

**DOV K. AVNI,**

*Petitioner,*

v.

**DOSOHS I, LTD**

*Respondent.*

EXHIBIT *06* TO APPELLANT'S FIRST

SUPPLEMENTAL APPENDIX TO INITIAL BRIEF



Cause No. 9740590

| | | |
|---|---|---|
| CHOICE CAR WASH INC | * | IN THE DISTRICT COURT OF |
| | * | |
| VS | * | HARRIS COUNTY, TEXAS |
| | * | |
| DOSOHS I LTD (TEXAS LIMITED PA | * | 11TH JUDICIAL DISTRICT |

## SCHEDULING ORDER

Based on the information available to the court, the following scheduling order shall apply to this case unless modified by the court. If no date is given below, the item is governed by the Texas Rules of Civil Procedure.

1. 01/12/98 JOINDER. All parties must be added and served, whether by amendment or third party practice, by this date. THE PARTY CAUSING THE JOINDER SHALL PROVIDE A COPY OF THIS SCHEDULING ORDER AT THE TIME OF SERVICE.

2. EXPERT WITNESS DESIGNATION. A list including each expert's name, address, and the topic of the witness' testimony must be filed by:

(a) 02/16/98 Plaintiff(s)
(b) 03/02/98 All other parties.
Experts not listed in compliance with this paragraph will not be permitted to testify absent a showing of good cause. This designation is not a substitute for any required interrogatory supplementation.

3. STATUS CONFERENCE. Parties shall be prepared to discuss all aspects of the case with the court on this date. TIME:

4. ALTERNATIVE DISPUTE RESOLUTION. By this date the parties must either (1) file an agreement for ADR stating the form of ADR requested and the name of an agreed mediator, if applicable; or (2) set an objection to ADR. If no agreement or objection is filed, the court may sign an ADR order.

5. 03/16/98 DISCOVERY DEADLINE. All discovery requests and deposition notices must be filed by this date. Counsel may initiate discovery beyond this deadline by agreement. Incomplete discovery will not delay the trial date.

6. MOTIONS FOR SUMMARY JUDGMENT. Must be set for consideration by this date.

7. FACT WITNESS LISTS. A list including the name, address, phone number, and topic of testimony of each fact witness who may be called at trial must be filed by this date. Fact witnesses not listed in compliance with this paragraph will not be permitted to testify absent a showing of good cause. This list is not a substitute for any required interrogatory supplementation.

8. 03/23/98 PLEADINGS. All amendments and supplements must be filed by this date. This order does not preclude prompt filing of pleadings directly responsive to any timely filed pleadings.

9. 04/17/98 DOCKET CALL. Parties shall be prepared to discuss all aspects of trial with the court on this date. TIME: 8:30 AM

10. 04/20/98 TRIAL. If not assigned by the second Friday following this date, the case will be reset.

SIGNED

DATE GENERATED: 11/10/97

MARK DAVIDSON
JUDGE, 11TH DISTRICT COURT

MICHAEL FLUME
1020 N E LOOP 410200
SAN ANTONI TX 78209

07188480

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

JCVO02
70 rev.031496

Cause No. 9740590

CHOICE CAR WASH INC      *      IN THE DISTRICT COURT OF

     *

VS      *      HARRIS COUNTY, TEXAS

     *

DOSOHS I LTD (TEXAS LIMITED PA      *      11TH    JUDICIAL DISTRICT

## SCHEDULING ORDER

Based on the information available to the court, the following scheduling order shall apply to this case unless modified by the court. If no date is given below, the item is governed by the Texas Rules of Civil Procedure.

1. 01/12/98 JOINDER. All parties must be added and served, whether by amendment or third party practice, by this date. THE PARTY CAUSING THE JOINDER SHALL PROVIDE A COPY OF THIS SCHEDULING ORDER AT THE TIME OF SERVICE.

2.      EXPERT WITNESS DESIGNATION. A list including each expert's name, address, and the topic of the witness' testimony must be filed by:

(a) 02/16/98 Plaintiff(s)
(b) 03/02/98 All other parties.

Experts not listed in compliance with this paragraph will not be permitted to testify absent a showing of good cause. This designation is not a substitute for any required interrogatory supplementation.

3.      STATUS CONFERENCE. Parties shall be prepared to discuss all aspects of the case with the court on this date. TIME:

4.      ALTERNATIVE DISPUTE RESOLUTION. By this date the parties must either (1) file an agreement for ADR stating the form of ADR requested and the name of an agreed mediator, if applicable; or (2) set an objection to ADR. If no agreement or objection is filed, the court may sign an ADR order.

5. 03/16/98 DISCOVERY DEADLINE. All discovery requests and deposition notices must be filed by this date. Counsel may initiate discovery beyond this deadline by agreement. Incomplete discovery will not delay the trial date.

6.      MOTIONS FOR SUMMARY JUDGMENT. Must be set for consideration by this date.

7.      FACT WITNESS LISTS. A list including the name, address, phone number, and topic of testimony of each fact witness who may be called at trial must be filed by this date. Fact witnesses not listed in compliance with this paragraph will not be permitted to testify absent a showing of good cause. This list is not a substitute for any required interrogatory supplementation.

8. 03/23/98 PLEADINGS. All amendments and supplements must be filed by this date. This order does not preclude prompt filing of pleadings directly responsive to any timely filed pleadings.

9. 04/17/98 DOCKET CALL. Parties shall be prepared to discuss all aspects of trial with the court on this date. TIME: 8:30 AM

10. 04/20/98 TRIAL. If not assigned by the second Friday following this date, the case will be reset.

SIGNED

DATE GENERATED: 11/10/97           MARK DAVIDSON
                                   JUDGE, 11TH DISTRICT COURT

MICHAEL C WHALEN                         21239000
2901 WILCREST 105
HOUSTON TX 77042

# 14-14-00410-CV

**DOV K. AVNI,**

*Petitioner,*

V.

**DOSOHS I, LTD**

*Respondent.*

EXHIBIT <u>07</u> TO APPELLANT'S FIRST

SUPPLEMENTAL APPENDIX TO INITIAL BRIEF

NO. 97-40590

| | |
|---|---|
| CHOICE CAR WASH, INC., BUSINESS AND OWNERSHIP LIABILITIES TAKEOVER CORPORATION, and DOV AVNI KAMINETZKY, Plaintiffs; | )( IN THE DISTRICT COURT )( )( )( )( )( )( FOR HARRIS COUNTY, TEXAS )( VS. )( )( DOSOHS I, LTD., )( Defendant. )( 11th JUDICIAL DISTRICT |

## PLAINTIFFS' THIRD AMENDED PETITION, SEEKING A DECLARATORY JUDGMENT, BRINGING ACTION IN TRESPASS TO TRY TITLE AND SEEKING DAMAGES FROM DEFENDANT

TO THE HONORABLE DISTRICT COURT JUDGE:

Plaintiffs CHOICE CAR WASH, INC., BUSINESS AND OWNERSHIP LIABILITIES TAKEOVER CORPORATION, and DOV AVNI KAMINETZKY, in his individual capacity, file this third amended petition seeking a declaratory judgment pursuant to Tex. Civ. Prac. & Rem. Code, Sec. 37.001 et seq, decreeing that the liens asserted by defendant Dosohs I, Ltd., ("Dosohs"), against the hereinafter described "Softouch Car Wash Property" are barred by the statute of limitations and that the deed of trust foreclosure sale of the Softouch Car Wash Property purportedly conducted by Dosohs is void, bringing action in trespass to try title to establish that plaintiffs should recover title to the Softouch Car Wash Property and the possession of the property against the claims of Dosohs, for damages recoverable from defendant Dosohs, and would respectfully show the Court as follows:

1.

Plaintiff Choice Car Wash, Inc., ("CCW"), is a Texas corporation which maintains its principal office at 8901 W. Bellfort, Suite C, Houston, Texas 77031-2407.

78

Plaintiff Business and Ownership Liabilities Takeover Corporation ("BOLT") is a Delaware corporation which maintains its principal office at 150-B Forest Drive, Jericho, NY 11753 and maintains a Texas office at 1609 S. Kirkwood, Suite B, Houston, TX 77077-3158.

Plaintiff Dov Avni Kaminetzky ("Kaminetzky") maintains a Texas residence in Harris County, Texas, at 1609 S. Kirkwood, Suite A, Houston, TX 77077-3158.

2.

Defendant Dosohs I, Ltd., ("Dosohs"), is a Texas limited partnership with its office located at 1020 N.E. Loop 410, Suite 200, San Antonio, TX 78209-1218 [Telephone: (210) 828-5641]. Dosohs has filed an Answer herein and service may be made upon its attorney, Michael Flume, at the address shown for Dosohs.

3.

Venue is proper in Harris County, Texas, because the real property involved is situated in Harris County, Texas.

4.

The court has jurisdiction of defendant Dosohs I, Ltd., because the defendant is a Texas limited partnership, has jurisdiction of the declaratory judgment action pursuant to Tex. Civ. Prac. & Rem. Code, Sec. 37.001 et seq., and has jurisdiction of the trespass to try title action because jurisdiction of actions involving title to realty is placed exclusively in the district courts by Article V of the Texas Constitution.

-2-

**5.**

The real property which is the subject of this action consists of a .9986-acre tract of land containing a full-service car wash and related improvements, (herein called the "Softouch Car Wash Property"), such property being located at 8901 W. Bellfort, Houston, Harris County, Texas, and more particularly described in the special warranty deeds referred to below.

**6.**

Plaintiff CCW claims to own a 20.25% undivided interest in the fee simple title to the Softouch Car Wash Property under two special warranty deeds to CCW and BOLT and plaintiff BOLT claims to own a 60.75% undivided interest in the fee simple title to the Softouch Car Wash Property under the same two special warranty deeds, a certified copy of each of said deeds being attached hereto as Exhibits 'A' and 'B' and incorporated herein by this reference. Plaintiff Kaminetzky claims to own a 19% undivided interest in the fee simple title to the Softouch Car Wash Property under a special warranty deed from CCW and BOLT to Kaminetzky, a certified copy of which is attached hereto as Exhibit 'C' and incorporated herein by this reference.

**7.**

Plaintiffs collectively were the record owners of title to the Softouch Car Wash Property and were in possession thereof at the time of the deed of trust foreclosure sale hereinafter referred to and claim valid fee simple title to said property under the special warranty deeds to Plaintiffs that are attached hereto as Exhibits 'A', 'B' and 'C'.

-3-

80

**8.**

Defendant Dosohs I, Ltd., purportedly conducted a deed of trust foreclosure sale of the Softouch Car Wash Property on Tuesday, September 2, 1997, and claims title to and the right to possession of the Softouch Car Wash Property pursuant to the trustee's deed executed after the purported foreclosure sale.

**9.**

However, the deed of trust foreclosure sale of the Softouch Car Wash Property purportedly conducted by Defendant Dosohs I, Ltd., is void because the debt and lien relied upon by Dosohs is barred by the statute of limitations.

(a) More specifically, the debt upon which Dosohs I, Ltd., bases its foreclosure matured no later than August 15, 1990, inasmuch as Dosohs has judicially admitted in pleadings in related litigation that the debt upon which Dosohs based its foreclosure sale matured on August 15, 1990. Accordingly, even the extended 6-year period of limitations granted to the FDIC under 12 U.S.C. 1821(b), and claimed by Dosohs I, Ltd., as an assignee of the FDIC, would have expired on August 15, 1996, whereas the foreclosure was not held until September 2, 1997.

(b) Alternatively, the debt upon which Dosohs I, Ltd., bases its foreclosure is barred because Dosohs did not bring its action prior to the expiration of the 30-day window afforded by 11 U.S.C. 108(c) after the stay was lifted in Adversary No. 96-4671 in the United States Bankruptcy Court.

**10.**

Notice of the purported foreclosure sale was not given as required by Sec. 51.002(b) of the Texas Property Code.

-4-

More specifically, notice of the proposed foreclosure sale was not posted as required by Sec. 51.002(b)(1) of the Texas Property Code and the deed of trust and a copy of the notice was not recorded in the office of the County Clerk as required by Sec. 51.002(b)(2) of the Texas Property Code.

11.

Therefore, the deed of trust foreclosure sale purportedly held on September 2, 1997, was void and Dosohs is unlawfully claiming title to and the right to possession of the Softouch Car Wash Property.

12.

Plaintiffs will show that the common source of the title is Samantha Corporation, Inc., and will produce at trial certified copies of deeds showing a chain of title emanating from the common source.

13.

Dosohs I, Ltd., by persisting in its knowingly wrongful attempts to conduct a deed of trust foreclosure sale of the Softouch Car Wash Property, has required plaintiffs to spend a considerable sum of money to resist such efforts by Dosohs.

WHEREFORE, premises considered, plaintiffs pray that after a full trial on the merits a declaratory judgment be rendered against defendant Dosohs I, Ltd., decreeing that the cause of action and liens asserted by Dosohs I, Ltd., are barred by the statute of limitations and that the deed of trust foreclosure sale purportedly conducted by Dosohs is void, that judgment be rendered that valid title to and the right of possession of the Softouch Car Wash Property is vested in plaintiffs in the

-5-

undivided interests set out above, pray further for recovery of damages caused by the knowingly wrongful attempts of Dosohs I, Ltd., to conduct a deed of trust foreclosure sale of the Softouch Car Wash Property in such amount as may be awarded by the court or jury, pray for recovery of their costs of suit and reasonable attorney fees, and for such other legal and equitable relief to which plaintiffs may be justly entitled.

Respectfully submitted,

Michael C. Whalen
State Bar No. 21239000
2901 Wilcrest, Suite 105
Houston, Texas 77042
Tel: (713) 782-0065
Fax: (713) 782-7868
Attorney for Plaintiffs
Choice Car Wash, Inc., and
Business and Ownership
Liabilities Takeover Corporation

Dov Avni Kaminetzky, Pro Se

FILED
CHARLES BACARISSE
DISTRICT CLERK
HARRIS COUNTY, TEXAS
1998 JAN 12 PM 8:19

AFTER HOURS FILING

-6-

83

STATE OF TEXAS )
                )        **VERIFICATION**
COUNTY OF HARRIS )

   **BEFORE ME,** the undersigned authority, on this day, personally appeared **Dov Avni Kaminetzky a/k/a Dov K.Avni,** and after being duly sworn by me, the said Dov Avni Kaminetzky stated to me that he is the chief operating officer, the managing vice president of the two corporate plaintiffs named in the above captioned lawsuit, and that he is their authorized corporate representative, who, after being duly sworn by me, has stated to me that he has carefully read the foregoing pleading, and that the statements made therein are true, correct and unqualified.

_____
Dov Avni Kaminetzky

SUBSCRIBED AND SWORN TO before me, on this _12_ day of January, 1998, to certify which witness my hand and seal of office.

_____
Notary Public for the State of Texas

My Commission Expires: _6 -10 -2001_

### CERTIFICATE OF SERVICE

   The undersigned attorney of record for corporate ~~defendants~~ *Plaintiffs* Choice Car Wash, Inc. and Business and Ownership Liabilities Takeover Corporation hereby certifies that a true and corrcet copy of the foregoing has been forawrded to the attorney of record for plaintiff on the _12th_ day of January, 1998 by facsimile transmission and by certified U.S.mail, postage prepaid, at the following address

Michael Flume
Munn & Flume
Attorneys at Law
1020 N.E.Loop 410, Suite 200
San Antonio, TX 78209-1218
fax #: (210) 821 -6069

_____
Michael C. Whalen

84

# 14-14-00410-CV

**DOV K. AVNI**,
> *Petitioner,*

V.

**DOSOHS I, LTD**
> *Respondent.*

---

**EXHIBIT** *08* TO APPELLANT'S FIRST

**SUPPLEMENTAL APPENDIX TO INITIAL BRIEF**

---

NO. 97-40590

CHOICE CAR WASH, INC.,            )(    IN THE DISTRICT COURT
BUSINESS AND OWNERSHIP            )(
LIABILITIES TAKEOVER CORPORATION, )(
and DOV AVNI KAMINETZKY,          )(
                    Plaintiffs;   )(
                                  )(    FOR HARRIS COUNTY, TEXAS
VS.                               )(
                                  )(
DOSOHS I, LTD.,                   )(
                    Defendant.    )(    11th  JUDICIAL DISTRICT

## REQUEST FOR JURY

TO THE HONORABLE DISTRICT COURT JUDGE:

The Plaintiffs in the above captioned cause hereby request a trial by jury.

The required jury fee has been deposited with the clerk of the court at the time of filing this Request For Jury.

Respectfully submitted,

Michael C. Whalen
State Bar No. 21239000
2901 Wilcrest, Suite 105
Houston, Texas  77042
Tel: 713/782-0065
Fax: 713/782-7868
Attorney for Plaintiffs
Choice Car Wash, Inc., and
Business and Ownership Liabilities
Takeover Corporation

Dov Avni Kaminetzky,
Pro Se Plaintiff

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging.

85

## CERTIFICATE OF SERVICE

The undersigned attorney of record for the corporate plaintiffs and the undersigned pro se litigant hereby certify that a true copy of the foregoing document has been forwarded on March 18th, 1998, to the attorney of record for defendant by certified U.S. Mail, return receipt requested, at the following address:

> Michael Flume
> Munn & Flume
> Attorneys at Law
> 1020 N.E. Loop 410, Suite 200
> San Antonio, TX
> Telecopier No: 210/821-6069

Michael C. Whalen

Dov Avni Kaminetzky, Pro Se

-2-

# 14-14-00410-CV

**DOV K. AVNI,**
*Petitioner,*

V.

**DOSOHS I, LTD**
*Respondent.*

EXHIBIT _09_ TO APPELLANT'S FIRST

SUPPLEMENTAL APPENDIX TO INITIAL BRIEF

No. 97-40590

| | | |
|---|---|---|
| CHOICE CAR WASH, INC., | * | IN THE DISTRICT COURT |
| AND BUSINESS OWNERSHIP AND | * | |
| LIABILITIES TAKEOVER | * | |
| CORPORATION | * | |
| | * | MAR 3 0 1998 |
| VS. | * | 11TH JUDICIAL DISTRICT |
| | * | |
| DOSOHS I, LTD. | * | HARRIS COUNTY, TEXAS |

F I L E D
CLARISSE
District Clerk

MAR 3 0 1998

Harris County, Texas
Deputy

ENTERED
VERIFIED 5/25/99

## DEFENDANT'S THIRD AMENDED ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES DOSOHS I, LTD. ("Dosohs"), Defendant in the above styled and numbered cause, and files this Defendant's Third Amended Original Answer to Plaintiff's Original Petition filed herein, and in support thereof would respectfully show the court as follows:

### I.

### GENERAL DENIAL

1.1 Dosohs denies generally each and every, all and singular, the allegations contained in Plaintiffs' Original Petition filed herein and states that this Defendant will require strict proof thereof.

### AFFIRMATIVE DEFENSES

### II.

### RES JUDICATA

### COLLATERAL ESTOPPEL

2.1 Plaintiffs' claims are barred by res judicata or collateral estoppel. More specifically, Dosohs alleges that on September 26, 1996, Dosohs instituted a lawsuit against

1

RECORDER'S MEMORANDUM
This Instrument is of poor quality
at the time of imaging

Samantha Corporation, Inc. in Adversary Proceeding No. 96-4671, styled Dosohs I, Ltd. vs. Samantha Corporation, Inc., in the United States Bankruptcy Court for the Southern District of Texas, Houston Division. That cause was brought to determine the validity and extent of Dosohs' lien. On final hearing, the Bankruptcy Court determined the amount and validity of Dosohs' lien on the property made the issue of this lawsuit. Further, the court held that the statute of limitations had not expired and Dosohs is entitled to seek collection. Accordingly, the Plaintiffs' claims asserted in this state court proceeding were previously litigated in the bankruptcy court.

## III.

## PLAINTIFFS LACK STANDING

3.1     In the alternative, Plaintiffs lack standing to assert their claims against Dosohs.

## IV.

## DEFECT OF PLAINTIFFS

4.1     In the alternative, that there is a defect of Plaintiffs.

## V.

## NEGLIGENCE

5.1     Pleading in the alternative, Dosohs would show the court that the Plaintiffs are themselves guilty of various acts and omissions each of which constituted negligence and contributory negligence, and each of which was a sole cause or alternatively, a proximate and producing cause of the occurrence in question and the alleged damages alleged by Plaintiffs in this lawsuit.

2

93

## VI.

## THIRD PARTY LIABILITY

6.1   Pleading further in the alternative, Dosohs would state that the incident in question was a result of or in the alternative, partially, caused by persons, factors, instrumentalities and circumstances over which it had no control or right of control.

## VII.

## THIRD PARTY NEGLIGENCE

7.1   Pleading in the alternative, Dosohs would show the court that damages, if any, suffered by Plaintiffs were caused by the negligence and acts of third parties.

## VIII.

## ESTOPPEL

8.1   For further answer, if any is necessary, Dosohs alleges that Plaintiffs are estopped from asserting the claims made the basis of Plaintiffs' petition.

## IX.

## MITIGATION OF DAMAGES

9.1   Pleading further in the alternative, Dosohs would show the court that Plaintiffs failed to mitigate their damages.

## X.

## WAIVER

10.1   For further answer, if any is necessary, Dosohs alleges the affirmative defense of waiver by Plaintiffs.

3

# XI.

## DOSOHS NOT GUILTY

11.1  Dosohs is not guilty of the injury complained of in the petition filed by the Plaintiffs against Dosohs.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Dosohs prays that all relief prayed for by Plaintiffs be denied; that the Plaintiffs take nothing by their suit herein; and that Dosohs recover costs of court from Plaintiffs; and that Dosohs receive such other and further relief, general or special to which it may show itself justly entitled to receive.

Respectfully submitted,

MUNN & FLUME
One Oak Park, Suite 200
1020 N.E. Loop 410
San Antonio, Texas  78209-1218
(210) 828-5641
(210) 821-6069 Facsimile

MICHAEL FLUME
State Bar No. 07188480

ATTORNEYS FOR DOSOHS I, LTD.

4

95

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing document has been via certified mail, return receipt requested to Michael C. Whalen, 2901 Wilcrest, Suite 105, Houston, Texas 77042 and to Dov Avni Kaminetzky, 1609 S. Kirkwood, Suite A, Houston, Texas 77077-3158 on this 22 day of March, 1998.

MICHAEL FLUME

5

## VERIFICATION

STATE OF TEXAS            §
                         §
COUNTY OF BEXAR          §


On this date, MATT N. MOLAK, personally appeared before me, the undersigned Notary Public, and after being duly sworn stated under oath that he is the President of Dosohs, Inc., General Partner of Dosohs I, Ltd., Defendant in the above styled and numbered cause; that he has read the foregoing Defendant's Second Amended Original Answer; and that every statement contained therein is within his personal knowledge and is true and correct.


DOSOHS I, LTD.

By:     DOSOHS, INC., General Partner

By:

MATT N. MOLAK, President


SWORN AND SUBSCRIBED TO BEFORE ME by the said Matt N. Molak, President of Dosohs, Inc., General Partner of Dosohs I, Ltd., to certify which witness my hand and official seal of office on this 25th day of March, 1998.


Notary Public in and for the State of Texas

JAMIE J. TAYLOR
MY COMMISSION EXPIRES
February 12, 2001

6

# 14-14-00410-CV

**DOV K. AVNI,**

    *Petitioner,*

V.

**DOSOHS I, LTD**

     *Respondent.*

---

## EXHIBIT 10 TO APPELLANT'S FIRST

## SUPPLEMENTAL APPENDIX TO INITIAL BRIEF

---

No. 97-40590

PS

CHOICE CAR WASH, INC.,      *     IN THE DISTRICT COURT
AND BUSINESS OWNERSHIP AND     *
LIABILITIES TAKEOVER     *
CORPORATION     *
    *
VS.     *     11TH JUDICIAL DISTRICT
    *
DOSOHS I, LTD.     *     HARRIS COUNTY, TEXAS

**FILED**
CHARLES BACARISSE
District Clerk
MAR 30 1998
By _____ Harris County, Texas
Deputy

3·30·98

## PLEA IN ABATEMENT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME DOSOHS I, LTD., ("Dosohs") and files this Plea In Abatement urging that this action be dismissed or, in the alternative, be abated, and shows the court as follows:

## FACTS

### I.

### BACKGROUND INFORMATION

1.0  On August 15, 1985, Samantha Corporation, Inc., ("Samantha") by and through its president, executed an Extension, Renewal and Modification Agreement of a $850,000 note payable to Security Bank.

1.1  Pursuant to the terms of the extension, the note matured on August 15, 1990.

1.2  Security Bank was closed on February 16, 1989 and its assets taken over by the Federal Deposit Insurance Corporation ("FDIC").

1.3  Samantha filed a Chapter 11 bankruptcy petition on July 28, 1995. The bankruptcy was subsequently converted to a Chapter 7 filing on October 25, 1995.

1.4  The FDIC filed a Proof of Claim on December 11, 1995.

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

1.5     On May 28, 1996, Dosohs acquired the $850,000 Note from the FDIC and on July 12, 1996, the FDIC transferred the liens and security interests associated with the $850,000 Note.

## II.

## ADVERSARY PROCEEDING NO. 96-4671

2.0     On September 26, 1996, Dosohs filed an action against Samantha in Adversary Proceeding No. 96-4671, styled Dosohs I, Ltd. vs. Samantha Corporation, Inc., in the United States Bankruptcy Court for the Southern District of Texas, Houston Division.

2.1     On or about February 20, 1997, Dov Avni Kaminetzky ("Kaminetzky") filed an Original Petition in Intervention requesting declaratory relief as to Dosohs' claim that Dosohs' action was barred by the statue of limitations. A copy of the Original Petition in Intervention is attached hereto as Exhibit "A".

2.2     On July 17, 1997, the Bankruptcy Court entered a Final Judgment in this action.

2.3     On July 28, 1997, Samantha, filed a Notice of Appeal from the Final Judgment which was docketed as Civil Action No. 97-H-2870.

2.4     On November 19, 1997, the Honorable Nancy Atlas entered an Order Dismissing Appeal in the Final Judgment Appeal for the reason that the Final Judgment that Samantha sought to appeal from was not a final order since no identification of the real property in issue was made in the order and the order could not be enforced.

2.5     Although Dosohs is of the opinion that the Final Judgment is a valid final order, the ruling of the Honorable Nancy Atlas controverts this belief and Dosohs therefore

2

requested that the Bankruptcy Court, pursuant to Bankruptcy Rule 9024 and Rule 60(a) of the Federal Rules of Civil Procedure, amend its Final Judgment to include a full description of the property to which it refers in the order.

2.6 On March 13, 1998, Dosohs filed a Motion to Correct Clerical Error in the Final Judgment of the Bankruptcy Court entered on July 17, 1997.

2.7 On March 19, 1998, Dov Avni Kaminetzky ("Kaminetzky") filed an Objection to the Motion-to Correct Clerical Error in the Final Judgment of the Bank Court entered on July 17, 1997. A true and correct copy of the Objection is attached hereto as Exhibit "B".

2.8 It is Dosohs contention that the issues raised by the Plaintiffs in this proceeding are issues that have been previously raised in the Adversary Proceeding, Case No. 96-4671, Bankruptcy Court for the Southern District of Texas, Houston Division and as such were disposed of by the Final Judgment dated July 17, 1997, herein referenced.

2.9 Dosohs therefore, requests that this court dismiss this action or abate this proceeding until further order of this court.

### III.

### ADVERSARY PROCEEDING 97-4813

3.0 Dosohs would further show the court that on September 12, 1997, Kaminetzky, filed Bankruptcy in Case No. 97-49007-H1-11, in the United States Bankruptcy Court For the Southern District of Texas, Houston Division.

3.1 On December 10, 1997, Kaminetzky filed an Adversary Proceeding, in the United States Bankruptcy Court for the Southern District of Texas, Houston Division,

3

Adversary No. 97-4813, titled, Adversary Proceedings by Debtor-In-Possession to Avoid an Unlawful Foreclosure Sale and Time Barred Debts and Liens, to Recover Property and Money of the Bankruptcy Estate, and for Injunctive Relief and Declaratory Judgments.

3.2    On January 12, 1998, Kaminetzky joined Choice Car Wash, Inc. and Business Ownership and Liabilities Takeover Corporation and filed Plaintiff's Third Amended Petition. The Third Amended Original Petition raised the same issues that have already been raised by Kaminetzky in the Adversary Proceeding filed on December 10, 1997. A true and correct copy of the Adversary Pleading filed by Kaminetzky filed in Adversary No. 97-4813, is attached hereto and labeled Exhibit "C". A true and correct copy of the Answer filed by Dosohs, in Adversary No. 97-4813, is attached hereto and labeled Exhibit "D".

3.3    Therefore, Dosohs requests that this court dismiss this action or abate this proceeding.

WHEREFORE, PREMISES CONSIDERED, Dosohs requests that the proceedings in this action be dismissed or abated, that Dosohs recover all costs and for such other and further relief to which Dosohs may be rightfully entitled.

Respectfully submitted,

MUNN & FLUME
One Oak Park, Suite 200
1020 N.E. Loop 410
San Antonio, Texas 78209
(210) 828-5641
(210) 821-6069 Facsimile

MICHAEL FLUME
State Bar No. 07188480

ATTORNEYS FOR DOSOHS I, LTD

4

## CERTIFICATE OF CONFERENCE

The Defendant confered in good faith with the Plaintiff's, Choice Car Wash, Inc. and Business Ownership and Liabilities Takeover Corporation's, attorney Michael Whalen, via telephone conversation, and were unable to reach an agreement concerning the attached motion. The Defendant attempted to confer with Plaintiff, Dov Avni Kaminetzky, via telephone, however we were unable to reach him.

MICHAEL FLUME

## NOTICE OF HEARING

It is hereby ORDERED by the Court that a hearing be held on the foregoing Plea In Abatement on the 2nd day of April, 1998, at 8:00 a.m., in the 11th Judicial District, Harris County, Houston, Texas.

HONORABLE MARK DAVIDSON

## CERTIFICATE OF SERVICE

I hereby certify on this ___ day of March, 1998, that a true and correct copy of the Plea and Abatement has been sent via certified mail to the following:

Michael C. Whalen
2901 Wilcrest, Suite 105
Houston, Texas 77042

Dov Avni Kaminetzky,
Pro Se
1609 South Kirkwood, #B
Houston, Texas 77077-3158

MICHAEL FLUME

5

6. The exact amount which was funded by during 1984 and 1985 by Security bank for the construction of the "Softouch Car Wash" has not yet been finally determined by a court of law,but it was over Eight Hundred and Twenty Five Thousand Dollars ($ 825,000), as evidenced by the detailed business+ construction loan records of Samantha,which were in my personal possesion,custody,care and control since early July 1990.According to the corporate records of Samantha,the entire indebtedness of Samantha to Security Bank, which assets were administred by FDIC.was paid off at that time. Based on these records, the cost basis of the car wash property was in excess of One Million Eight Hundred Sixty Five Thousand Dollars ($1,865,000),excluding the accrued cost of money.

7. On May 30,1995,over a year after "Softouch Car Wash" was sold by Samantha,a liquidator of the FDIC in Dallas sent demand letter to Samantha,claiming a remaining debt in excess of 1.215 million dollars on the construction loan which was provided by the failed Security Bank. The maturity date of that delinquent debt was stated as August 15,1990.

8. As result of these demands,which were not supported by any records and threat by FDIC to foreclosed the Deed of Trust held against the real property of "Softouch Car Wash", Samantha had to file for Chapter "11" bankruptcy protection on July 28,1995.

9. The FDIC has never moved to lift the automatic stay against the 18.0% undivided ownership interest in the real property which was purportedly vested in Samantha,nor did FDIC move to foreclose its Deed of Trust Lien against the 82% undivided interest in that real property,which was acquired by the car wash buyers in 1994.

9. In May 1996 the FDIC has sold the rights and claims to the debt allegedly owed by Samantha to Security Bank,to Dosohs I,Ltd and on June 28,1996 assigned to it its interest in the liens it has held as security for that debt.Dosohs failed to post the 82% ownership interest held by the car wash buyers for non-judicial foreclosure,and on September 25,1996 filed an adversary petition against Samantha under Case 96-04671,which was tried on 6/16/97, after the honorable U.S. Bankruptcy judge M.Leal denied Dosohs I, Ltd motion's for sumary judgment.Dosohs'counsel admitted there to final maturity of the alleged debt to Security as being 8/15/1990 as evidenced by Exhibit "2",true copy thereof is hereto attached.

10. I testified at that trial on behalf of Samantha, and later ordered,paid for and obtained the Statement of Fact of the trial and all the pertinent summary judgment and trial exhibits.

11. Among these documents which I have personally obtained,were:
   a. Copy of the uncontroverted testimony of Richard A.Liotta,a joint valuation agent for Samantha and its buyers in which he testified to a value in excess of one Million Dollars for the real property and the business- attached as Exhibit "3".
   b. Copy of the stock purchase agreement of July 5,1990,produced by Dosohs,and evidencing the 1.275 M$ purchase price for the real property and the business-attached hereto as Exhibit"4"
   c. Testimony of Dosohs president Matt Molak with respect to his knowledge in 1996 of the deeds that were recorded in May and June 1994,conveying this property - attached as Exhibit "5".

- 2 -

27

Further Affiant sayeth not.

_Dov Avni Kaminetzky_
Dov    Avni    Kaminetzky
a/k/a    Dov K.    Avni
1609 S.  Kirkwood # B
Houston,Texas 77077-3518
"Affiant"

STATE OF T E X A S }
                  }        ACKNOWLEDGMENT
COUNTY OF HARRIS   }

     BEFORE ME, the undersigned notary public,on this 1st day of August 1997,personally appeared in  Houston,Harris County, in the State of Texas, said DOV AVNI KAMINETZKY a/k/a DOV K.AVNI, and upon his oath he acknowledged to me under penalty of perjury that he has executed this affidavit and has produced the exhibit documents thereto attached for the purposes and in the capacites therein stated, and that all the facts, events and circumstances recited therein are true and correct ,and that the copies of the documents  hereto  attached are true and correct replica of the original source documents in his lawful custody,possession,care, or control.

Notary Public,in and for
the State of  T e x a s
[Print]

D.A. LEWIS
Notary Public, State of Texas
My Commission Expires
AUGUST 24, 1998

- 7 -

28

P849765   SPECIAL WARRANTY DEED   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

THE STATE OF TEXAS   &
                     &   KNOW ALL MEN BY THESE PRESENTS: THAT
COUNTY OF HARRIS     &

SAMANTHA CORPORATION , a Texas corporation acting herein by and through its duly authorized officers (wether one or more ), hereinafter called "Grantor" ( wether one or more), for and in consideration of the sum of TEN AND NO/100 DOLLARS ($10.00) and other good and valuable considerations cash in hand paid by the Grantees herein named, the receipt of which is hereby confessed and acknowledged,and the further consideration of the execution and delivery by said Grantees of that one certain participation agreement of even date herewith, known also as "Acknowledgement of Participation in Certain Cause(s) of Action and in proceeds of all Future Recoveries ", have GRANTED, SOLD AND CONVEYED, and by these presents do GRANT ,SELL AND CONVEY unto :

CHOICE ACQUISTIONS NO. FOUR ,INC. a Texas Corporation , and DOV AVNI KAMINETZKY ,TRUSTEE (herein called " Grantees",wether one or more ), both of whose mailing adress is :
8901 West Bellfort, Houston Texas 77031,C/O Softouch Car Wash

ALL OF THE FOLLOWING DESCRIBED REAL PROPERTY,TOGETHER WITH ALL IMPROVEMENT THEREON,LOCATED IN HARRIS COUNTY,TEXAS, TO -WIT:

A 0.9982 acres tract of land out of the 4.9153 acres of land known as the Unrestricted Reserve "A" Block 1 of the Bellfort Place Sub Division , out of the Henry H. Cone Survey, A-191; being located at the Southwest corner of West Bellfort Blvd. (8 ' ROW) and Riceville School Road (60' ROW ), as recorded in Volume 207, page 121 of THE MAP RECORDS of Harris County, Texas; being more particularly described by metes and bounds as follows:

BEGINNING at the Northeast corner of said Reserve "A"; said point being on the Southerly Right -Of-Way line of said West Bellfort Blvd.;

Thence S 02  35' 23 " E ;along the Eastren boundary line of said Reseve "A",a distance of 300.00 feet for a corner; being the Southeast corner of the herein described tract; also being Southeast corner of said Reserve "A";

Thence S 87  30' 24 " W ;along the Southern boundary line of said Reseve "A",a distance of 145.00 feet for a corner; being the Southwest corner of the herein described tract;

Thence N 02  35' 23 " W ; a distance of 300.00 feet for a corner; said point being on the Southerly Right-Of-Way line of said West Bellfort Blvd;

Thence N 87  30' 24 " E ;along the said Southerly Right-Of-Way line of said West Bellfort Blvd.,a distance of 145.00 feet to the POINT OF BEGINNING; containing 0.99862 acres of land.

Page 1 Of 5 Pages
A:\1Cb\FoftSpWD.Doc\94-01-07

ANY PROVISIONS HEREIN WHICH RESTRICT THE SALE, RENTAL, OR USE OF THE DESCRIBED REAL PROPERTY BECAUSE OF COLOR, OR RACE, IS INVALID AND UNENFORCEABLE UNDER THE FEDERAL LAW.

A CERTIFIED COPY

ATTEST: JUL 2 8 1997
BEVERLY B. KAUFMAN, County Clerk
Harris County, Texas

_____, Deputy
DOLORES T. LOPEZ

EXHIBIT "1"
to DAK Aff ("B")

29

(1) Any and all restrictions, covenants, conditions, easements, maintenance charges and the liens securing said charges, all mineral and royalty interests if any, all leases, management and operation contracts and agreements, all purchase and lease options, all lawful and duly documented claims for any due and owing indebtedness or obligations of Grantors secured by the Property, and all other matters, if any, affecting the property, premises or improvements conveyed herein and now of record in the Office of the County Clerk of Harris County, Texas, but only to the extent, but only to the extent, the same are now in force and effect and relate to said property, and save and except:

a) Any and all obligations and liabilities of Grantor caused or related to any existing or alleged environmental contamination or any existing or alleged breach of any environmental statute, law, ordinance, mandate, directive or regulation, which were in force and effect and affected said property, premises or improvements, and any business or other activity conducted thereon, on the date of or at any time prior to the date of the execution of this instrument.

b) Any and all obligations and liabilities of Grantor caused or related to any existing or alleged participation in bank fraud or in any benefit accruing thereof, or that are or may be alleged in the future to have been caused or related to any existing or alleged breach of any statute, law, policy, directive or regulation, which are related to the appraisal, underwriting, valuation, and funding of any bank loan or any other financing accomodation by any institution which was at any time prior to the date of this conveyance subject to any banking regulation or supervision by the State of Texas or by any instrumentality or agency of the United States of America, and all other government regulations and policies that were in force and effect and affected said property, premises or improvements, and any business or other activity conducted thereon, on the date of or at any time prior to the date of the execution of this instrument.

c) Any and all obligations and liabilities of Grantor caused or related to any existing or alleged participation in Income Tax evasion, misreporting or fraud or in any benefit accruing thereof, or that are or may be alleged in the future to have been caused or related to any existing or alleged breach of any statute, law, policy, directive, regulation or circular, issued by the Internal Revenue Service ("IRS") of the United States of America or by the Cmptroller of Public Accounts of, the State of Texas, which are caused by or are related to the acquisition, funding, closing, development, operation, leasing, management, conveyance of interests, distributions of profits and proceeds, deduction of depreciation, any reporting or any lack of reporting required by law, or any expensing of capital or personal expenses, which was at any time prior to the date of this conveyance subject to any federal income tax statute or regulation or which was or could be claimed to be subject to any audit or inspection by the State of Texas or by any insturmentality or agency of the United States of America,

Page 2 of 5 Pages

A:\1Ch\FoftSpWD.Doc\94-01-07

ANY PROVISIONS HEREIN WHICH RESTRICT THE SALE, RENTAL, OR USE OF THE DESCRIBED REAL PROPERTY BECAUSE OF COLOR, OR RACE, IS INVALID AND UNENFORCEABLE UNDER THE FEDERAL LAW.

A CERTIFIED COPY

ATTEST: JUL 28 1997
BEVERLY B. KAUFMAN, County Clerk
Harris County, Texas

DOLORES T. LOPEZ , Deputy

d) Any and all liabilities of Grantor,wether now existing liqudated and of record, or currently being unliquidated, contigent, estimated, disputed or contemplated which are caused ,related to or anticipated as a result of any claim, dispute, arbitration, mediation, arbitration , litigation, voluntary accepted or duly adjudged liability,any judgment or settlement of claims and disputes,wother recorded or not, insolvency, reorganisation, bancruptcy, liquidation ,merger, dissolution,forfeiture of charter,license or of right to do business, or caused by or related to any act of disposition of assets and liabilities by Grantor,or by any ofits agents officers, directors, founder,or by any other insider who was the direct or beneficial holder ,at any time during the ten (10)years preceding the date of execution of this instrument of 5.0 % or more of the issued common stock of Grantors.

iv) All taxes ,assessments and other public dues affecting the property, premises or improvements conveyed harein for year 1994 and for all subsequent years, all subsequently taxed assessments for prior years due to change in the land usage, in valuation or due to change of ownership of the property, premises or improvements conveyed herein which may be levied after the date of execution of this instrument,which Grantee hereby assumes and agrees to pay, and

v) Any and all other laws ,statutes, ordinances, codes,zoning, and govornmental regulations now applicable to and currently enforceable against said property,premises or improvements, and

vi) All existing easements,encroachments and and overlapping of improvements,wethar visible or not,if any.

TO HAVE AND TO HOLD the above described premises, together with all and singular the rights and appurtenances thereto in anywise belonging unto the said Grantees, their successors or assigns forever,and subject to the above incorporated matters. SAMANTHA CORPORATION of Houston, Texas as Grantor hereby binds itself its successors and assigns to WARRANT AND FOREVER DEFEND all and singular the said property, premises or improvements, hereinbeing conveyed unto the said Grantees, their successors and assigns, against every person whomsoever lawfuly claiming or to claim the same or any part thereof,by ,through or under Grantor ,but not otherwise.

Grantors have executed this Special Warranty Deed and granted, sold and conveyed the above described property, premises and improvements together with all rights and appurtenances thereto in anywise belonging , and Grantees have accepted this Special Warranty Deed and hereby purchase the above described property, premises and improvements together with all and singular the rights and appurtenances thereto in anywise belonging AS IS, WHERE IS, AND WITH ALL FAULTS WHICH CURRENTLY EXIST, WITHOUT ANY REPRESANTATIONS OR WARRANTIES OF WHATSOEVER NATURE,EXPRESS OR IMPLIED,IT IS BEING THE INTENTION OF GRANTORS AND GRANTEES TO EXPRESSLY REVOKE, RELEASE , NEGATE AND EXCLUDE ANY AND ALL EXPRESS OR IMPLIED REPRESANTATIONS AND WARRANTIES MADE BY THE GRANTORS TO GRANTEES PRIOR TO THE EXECUTION OF THIS INSTRUMENT, SAVE AND EXCEPT THE LIMITED SPECIAL WARRANTY OF GRANTEE'S TITLE TO THE PROPERTY, PREMISES AND THE IMROVEMENTS TOGETHER WITH ALL RIGHTS AND APPURTENANCES THERETO IN ANYWISE CURRENTLY BELONGING AS EXPRESSLY SET FORTH HEREIN.

Page 3 of 5 Pages

A:\1Ch\FoftSpWD.Doc\94-01-07

ANY PROVISIONS HEREIN WHICH RESTRICT THE SALE, RENTAL, OR USE OF THE DESCRIBED REAL PROPERTY BECAUSE OF COLOR, OR RACE, IS INVALID AND UNENFORCEABLE UNDER THE FEDERAL LAW.

A CERTIFIED COPY

ATTEST: JUL 0 3 1997

BEVERLY B. KAUFMAN, County Clerk
Harris County, Texas

_____, Deputy
DOLORES T. LOPEZ

097-61-...

EXECUTED at Houston, Texas on this 7th day of January 1994

Attest:

_____
Ehud Avni
Asst Treasurer
Samantha Corporation

Grantor:
SAMANTHA CORPORATION
a Texas Corporation

By : _____
Dov Avni Kaminetsky
President, CEO and Secretary

THIS SPECIAL WARRANTY DEED IS ACCEPTED AND AGREED TO THIS DATE
IN ALL RESPECTS.

Grantees:
CHOICE ACQUISITIONS NO. FOUR INC.
a Texas Corporation

_____
Ehud Avni
Asst. Secretary
Acquisitions No.
Four, Inc.

By : _____
James R. Grice II
Vice President and
Asst. Secretary of Choice
Acquisitions No. Four, Inc.

And,
DOV AVNI KAMINETSKY, TRUSTEE

By: _____
Dov Avni Kaminetsky, Trustee

STATE OF TEXAS §
§
COUNTY OF HARRIS §

BEFORE ME, the undersigned authority, on this day personally appeared Dov Avni Kaminetsky, known to me to be the person whose name is subscribed to the foregoing instrument, and ___ he acknowledged to me that___ he executed the same for the purposes and consideration(s) therein expressed, in the capacity therein stated and as the act and deed of said corporation.

GIVEN UNDER MY HAND AND SEAL OF OFFICE, this ___ day of
_____ 1994.

_____
Notary Public in the State of Texas
Name: _____
My Commission expires: _____

STATE OF TEXAS §
§
COUNTY OF HARRIS §

BEFORE ME, the undersigned authority, on this day personally appeared James R. Grice II, known to me to be the person whose name is subscribed to the foregoing instrument , and ___ be acknowledged to me that ____ he executed the same for the purposes and consideration(s) therein expressed, in the capacity therein stated and as the act and deed of said corporation.

Page 4 of 5 Pages
A:\1Ch\FoftSpWD.Doc\94-01-07

ANY PROVISIONS HEREIN WHICH RESTRICT THE SALE, RENTAL, OR USE OF THE DESCRIBED REAL PROPERTY BECAUSE OF COLOR, OR RACE, IS INVALID AND UNENFORCEABLE UNDER THE FEDERAL LAW.

A CERTIFIED COPY

ATTEST: JUL 28 1997.
_____
BEVERLY B. KAUFMAN, County Clerk
Harris County, Texas

_____, Deputy

DOLORES T. LOPEZ

32

GIVEN UNDER MY HAND AND SEAL OF OFFICE, this ___9___ day of
_____ 1994.

_____
Notary Public, in the State of Texas
Name: _Shirley Coolidge_
My Commission expired: _6-10-97_

STATE OF TEXAS &
&
COUNTY OF HARRIS &

BEFORE ME, the undersigned authority , on this day personally
appeared Dov Avni Kaminetzky ,trustee , known to me to be the
person whose name is subscribed to the foregoing instrument ,
and ____ he acknowledged to me that ___ he executed the same
for the purposes and consideration(s) therein expressed ,and
in the capacity therein stated .

GIVEN UNDER MY HAND AND SEAL OF OFFICE, this ___9___ day of
_May_ 1994.

_____
Notary Public in the State of Texas
Name: _Shirley Coolidge_
My Commission expired: _6-10-97_ STATE

OF TEXAS &
&
COUNTY OF HARRIS &

BEFORE ME, the undersigned authority, on this day personally
appeared Ehud Avni, known to me to be the person whose name
is subscribed to the foregoing instrument . and ___ he
acknowledged to me that ___he attested execution of the same
in the capacity therein stated .

GIVEN UNDER MY HAND AND SEAL OF OFFICE, this ___9___ day of
_May_ 1994.

_____
Notary Public in the State of Texas
Name: _Shirley Coolidge_
My Commission expires: _6-10-97_

After recording-return to:
Choice Acquisitions No. Four,Inc.
C/O Softouch Car Wash
8901 West Bellfort
Houston Texas 77031

FILED
94 MAY -9 PM 3: 25

Page 5 of 5 Pages
A:\1Ch\PoftSpMD.Doc\94-01-07

ANY PROVISIONS HEREIN WHICH RESTRICT THE SALE, RENTAL,
OR USE OF THE DESCRIBED REAL PROPERTY BECAUSE OF
COLOR, OR RACE, IS INVALID AND UNENFORCEABLE UNDER
THE FEDERAL LAW.

A CERTIFIED COPY
ATTEST: JUL 2 8 1997
BEVERLY B. KAUFMAN, County Clerk
Harris County, Texas

_____
DOLORES T. LOPEZ _____, Deputy

33

Deed of Trust") and the other Deed of Trust securing the $550,000 Note ("$550,000 Deed of Trust"), both dated July 26, 1984, both recorded in the Deed Records of Harris County, Texas, and both executed by Josie Haikin as President of Samantha. (See Affidavit of Michael Haikin, Exhibits 3, 4, and 5)

2.4    On August 15, 1985, Josie Haikin and Michael Haikin paid the $550,000 Note. (See Affidavit of Michael Haikin and Exhibit 6)

2.5    Also on August 15, 1985, Samantha renewed and extended the $850,000 Note and executed and promised to pay according to the terms thereof, an Extension, Renewal and Modification Agreement ("$850,000 Extension") payable to Security Bank in the original principal amount of $645,000. At the time the extension was executed, Samantha owed the principal amount of $645,000. (See Affidavit of Michael Haikin and Exhibit No. 7)

2.6    On February 15, 1987, Samantha executed and promised to pay, according to the terms thereof, a Modification Agreement payable to Security Bank in the original principal amount of $638,199.79 ("$850,000 Modification Agreement") which modified the $850,000 Extension and the $850,000 Note. At the time the $850,000 Modification Agreement was executed, Samantha ratified that the indebtedness the subject of the Modification Agreement was a first and prior lien encumbrance on the property. (See Affidavit of Michael Haikin and Exhibit No. 8)

2.7    Pursuant to the terms of the $850,000 Extension and $850,000 Modification Agreement, the $850,000 Note matured on August 15, 1990. (See Exhibits 7 and 8)

2.8    Security Bank was closed on February 16, 1989 and its assets were taken over by the Federal Deposit Insurance Corporation ("FDIC"). Dosohs purchased the $850,000

4



note, the Extension, Modification Agreement, and the related Deeds of Trust from the FDIC on May 28, 1996, and it is the owner and holder of the $850,000 note indebtedness and related liens. (See Affidavit of Matt Molak, Exhibit Nos. 11 and 12)

2.9    Samantha filed a voluntary Chapter 11 petition on July 28, 1995. The bankruptcy was subsequently converted to a Chapter 7 filing on October 25, 1995 and Sommers was appointed as the Chapter 7 Trustee. The FDIC filed a Proof of Claim on December 11, 1995 and the claim was transferred to Dosohs on June 28, 1996.

2.10    The amount owing as of July 28, 1995 on the $850,000 Note is $1,215,237.32.

## III.

## DOSOHS IS ENTITLED TO SUMMARY JUDGMENT AS A MATTER OF LAW

## STANDARD OF REVIEW

3.1    Summary judgment is proper as the Movant demonstrates that there is an absence of genuine issues of material fact. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The substantive issues will identify which facts are material. Id. at 248. Such a showing entitles the movant to summary judgment as a matter of law. Fed. R. Civ. P. 56(c). The Movant accomplishes this by informing the Court of the basis for its Motion and by identifying portions of the record which reveal that there are no genuine issues of genuine material fact issues. Ducket v. City of Cedar Park, Texas, 950 F.2d 272 (5th Cir. 1992).

3.2    Once the party moving for summary judgment produces evidence that there is no genuine material fact issue, non-movant must then direct Court's attention to evidence in record sufficient to establish that there is a genuine issue of material fact for trial; that

5

1.2 .. The following exhibits:

Exhibit 1 - January 30, 1984 Promissory Note payable to the order of Security Bank in the amount of $1,100,000 executed by Josie Haikin as President of Samantha Corporation, Inc.

Exhibit 2 - January 30, 1984 Deed of Trust executed by Josie Haikin as President of Samantha Corporation, Inc.

Exhibit 3 - July 26, 1984 Promissory Note payable to the order of Security Bank in the amount of $850,000 executed by Josie Haikin as President of Samantha Corporation, Inc. endorsed to Dosohs

Exhibit 4 - July 26, 1984 Deed of Trust securing the $850,000 Note executed by Josie Haikin as President of Samantha Corporation, Inc.

Exhibit 5 - July 26, 1984 Deed of Trust securing the $550,000 Note executed by Josie Haikin as President of Samantha Corporation, Inc.

Exhibit 6 - U.S. Life Title Co. of Houston Borrower's Statement dated August 15, 1985, executed by Michael Haikin and Josie Haikin

Exhibit 7 - August 15, 1985 Extension, Renewal and Modification Agreement executed by Josie Haikin as President of Samantha Corporation, Inc.

Exhibit 8 - February 15, 1987 Modification Agreement executed by Michael Haikin as Vice-President of Samantha Corporation, Inc.

Exhibit 9 - Stock Purchase Agreement dated July 5, 1990

Exhibit 10 - January 7, 1994 Amended listing of creditors in Chapter 7, bankruptcy of Michael and Josie Haikin

Exhibit 11 - Transfer of Lien from the FDIC to Dosohs I, Ltd.

Exhibit 12 - Bill of Sale (Loan Sale No. 96CM02) from the FDIC to Dosohs I, Ltd.

Exhibit 13 - Payment history

2

36

up installing equipment, Pat's Maintenance Service.

Q    But you personally weren't involved with it; one of your companies was?

A    One of my dealers, right.

Q    Right.

A    And I had one of my employees -- In fact, my stepson was employed with Pat's putting in the equipment.

Q    And the first time you became connected, or when you did get -- became connected with the car wash and did the analysis, it was with Mr. Kaminetzky.

A    No, sir, it was with a combination of Samantha Corporation, Mike Haikin and Mr. Kaminetzky.

Q    Right.

A    They both retained my services as a independent to evaluate the car wash and to find out and verify that what Mr. Haikin said was built there on the construction contractor, whatever, were in fact there.

Q    And your opinion of the value of the car wash is what, $600,000?

A    Of the construction that's there?

Q    No, the property as an operating car wash.

A    Today, tomorrow, yesterday, when?

Q    Today.

A    Back when they were talking it was in the million dollar range.  Today I would say it's in the same range.

Q.   It's in the million dollar range?  So that'd be the value of the property?

A    Well, again I'm talking about the whole thing and the operating business --

Q    That's what I'm talking about.

A    -- and everything.  The property itself, I'm not a real estate appraiser so I'm not qualified to appraise the real estate.

MR. FLUME:  I have no further questions, Your Honor.

THE COURT:  Any further examination?

MR. WHALEN:  Nothing further, Your Honor.

THE COURT:  All right.  You may step down, sir.

I believe that's your final witness, Mr. Whalen.  Do you rest?

MR. WHALEN:  That's correct, Your Honor, we rest.

THE COURT:  All right.  All the evidence is now closed.

Is there anything else, gentlemen?

MR. FLUME:  Do you wish argument, Your Honor?

THE COURT:  How much time do you wish to reserve for argument?

MR. FLUME:  I think it'll take just about ten -- no more than ten minutes, if even that.

THE COURT:  Mr. Whalen?

MR. WHALEN:  Yes, sir.  Ten to 15 minutes, Your

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

DOSOHS I LTD.                          §       CASE NO. 96-4671-H1-ADV
                                       §
VERSUS                                 §       HOUSTON, TEXAS
                                       §       JUNE 16, 1997
                                       §       9:24 O'CLOCK A.M TO
SAMANTHA CORPORATION INC.              §       3:50 O'CLOCK P.M.

PARTIAL TRANSCRIPT  -  TRIAL / AFTERNOON SESSION EXCLUDING RULING

BEFORE THE HON. MANUEL D. LEAL, UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

For the Plaintiff:              MICHAEL FLUME
                                One Oak Park, Ste. 200
                                1020 N.E. Loop 410
                                San Antonio, Texas   78209-1212

For the Debtor Defendant        MICHAEL C. WHALEN
and Trustee:                    2901 Wilcrest Dr., ste. 105
                                Houston, Texas   77042

Court Recorder:                 Diane Justice




                                PREPARED BY:

                                JUDICIAL TRANSCRIBERS OF TEXAS, INC.
                                7035 West Tidwell
                                Building J, Suite 109
                                Houston, Texas 77092
                                (713) 462-6434


Proceedings recorded by electronic sound recording, transcript produced by transcription service.

# I N D E X

| WITNESSES | Direct | Cross | Redirect | Recross |
|---|---|---|---|---|
| DOV KAMINETZKY | | | | |
| by Mr. Whalen | 1 | | 49 | |
| by Mr. Flume | | 30 | | 51 |
| RICHARD LIOTTA | | | | |
| by Mr. Whalen | 53 | | | |
| by Mr. Flume | | 61 | | |

| EXHIBITS | | Marked/Offered | Received |
|---|---|---|---|
| Defendant | 1 | 8 | 8 |
| | 2 | 10 | 10 |
| | 3 | 17 | 20 |
| | 3-4 | 20 | 20 |
| Plaintiff | 21 | 33 | 33 |
| | 22 | 37 | 37 |

| ARGUMENT | Page |
|---|---|
| Closing argument by Plaintiff | 64 |
| Closing argument by Debtor | 70 |

| REBUTTAL | none |
|---|---|
| RULING | none |

JUDICIAL TRANSCRIBERS OF TEXAS, INC.
Fax (713) 462-3042 • Office (713) 462-6434

# CERTIFICATION

I certify that the foregoing is a correct

transcript from the electronic sound

recording of the proceedings in

the above-entitled matter.

_t·C̶_
Signature of Transcriber

_Michelle A. Sutherland_
Signature of Proofreader

6-24-97
Date

14464
JTT#

JUDICIAL TRANSCRIBERS OF TEXAS, INC.
Fax (713) 462-3042 • Office (713) 462-6434

41

| | | |
|---|---|---|
| THE STATE OF TEXAS | S | |
| | S | **STOCK PURCHASE AGREEMENT** |
| COUNTY OF HARRIS | S | |

THIS AGREEMENT is made between MICHAEL HAIKIN and wife, JOSEPHINE HAIKIN, as Sellers and the sole shareholders of all outstanding stock of Samantha Corporation, a Texas corporation, now called the Corporation, and DOV A. KAMINETZKY and HOWARD WEISS, as Buyers.

Buyers desire to acquire all outstanding stock of the Corporation, the same being unencumbered and owned solely by Sellers. There are 1,000 shares of stock authorized, issued and outstanding, being of one class only, common capital stock of the Corporation, at $1.00 par value per share, hereinafter referred to as the Stock.

Sellers agree to sell the Stock to Buyers, and Buyers agree to purchase the stock from Sellers, for the price and upon terms and conditions hereinafter set forth.

Now, therefore, in consideration of the mutual promises one to the other as hereinafter set forth and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto covenant and agree as follows:

1. At the Settlement Date, as hereinafter defined, Sellers shall sell, assign and transfer the Stock to Buyers, and Buyers shall purchase said Stock from Sellers pursuant to the terms and conditions hereinafter stated.

2. (a) The sales price for the Stock is $1,000.00 in cash due and payable by Buyers to Sellers at the Settlement Date. The further consideration is the payment and satisfaction by Buyers at the Settlement Date of that certain mortgage debt being administered by the Federal Deposit Insurance Corporation, now called the FDIC, being more particularly described in that certain Modification Agreement executed by Samantha Corporation with Security Bank dated February 15, 1987, bearing File Number L157385 of the County Clerk of Harris County, Texas and Film Code in that office of 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, hereafter called the Mortgage Debt, a copy thereof being hereto attached and made a part of this Agreement by reference.

(b) Concurrently with the execution of this Stock Purchase Agreement, two other documents of even date are also executed, one entitled Earnest Money Contract, and the other is entitled Lease Agreement, all three documents constituting the Contract Documents, the unremedied breach of any one of them constituting a breach of all of them at the election of the party in performance of all of them. Reference is made to the Contract Documents for all purposes.

(c) Referring to the foregoing paragraph (a), in the event the Mortgage Debt is not timely paid or if the Corporation and the guarantors of the Mortgage Debt are not timely released and discharged, then and in such event, at Sellers' election, this Agreement shall be of no further force or effect.

3. (a) Reference is made to that certain Lease executed by the Corporation as Landlord and Choice Acquisition No. 3, Inc., a Texas corporation, hereinafter called "CA 3" as Tenant, dated July 5, 1990, hereafter called "Subject Lease". All rental obligations





EXHIBIT

9

42

and all other sums of money agreed to be paid by CA 3 and the Buyers, as guarantors, as further shown in the Guaranty attached thereto, and with respect to the payment and performance of Subject Lease, shall be timely paid and performed by CA 3 and Buyers, now called "Obligors". In the event of any unremedied default of Subject Lease by Obligors, they having joint and several liability for the payment and performance of said Contract Documents, including Subject Lease, then and in such event, such default if unremedied in timely manner, shall constitute a default hereof and of the Contract Documents, by the Obligors at Sellers' election, and thereupon Sellers shall have no further obligation hereunder to sell, assign and transfer the Stock; provided, however, notwithstanding any provision in this Agreement hereby executed, the Obligors shall remain jointly and severally liable for payment and performance of their obligations pursuant to the Contract Documents, including those as set forth in Subject Lease. Obligors have the right to remedy a default to the extent as provided in Subject Lease.

(b) Reference is also made to that certain Earnest Money Contract executed by the Corporation as Seller and Buyers and CA3 as Purchaser, dated July 5, 1990 with reference to the property therein described, being a Contract Document. Breach thereof by Purchaser shall constitute a breach of the Agreement hereby executed and all other Contract Documents at Sellers election. Under the terms of the Earnest Money Contract, Purchaser has agreed to pay $1,270,000.00 for the purchase of the property therein described, subject to its provisions. Purchaser shall be entitled to credit thereon to the extent of funds advanced or paid by it as follows: (1) rentals paid to Landlord pursuant to Subject Lease, (2) repairs per Exhibit "A" hereto attached, totaling $21,203.00 and Exhibit "B", totaling $44,372.00 and (3) commissions totaling $58,250.00, but in no event to exceed $210,000.00 as applied to the sales price for the property only; provided, Obligors shall not be entitled to or have any claim, for such funds (other than credit on said Sales Price upon consummation of such sale); provided, further, notwithstanding any provisions in the Earnest Money Contract or other Contract Documents, or with respect to that hereinabove set forth, the Obligors (Buyers and CA3) jointly and severally, agree to pay $330,000.00 to Sellers, Michael Haikin and Josephine Haikin, or Samantha Corporation as hereinafter provided, referred to as the Haikin/Samantha Receivable totaling $330,000.00 plus interest and other charges as provided in the Contract Documents, including the obligation to pay and perform Subject Lease.

(c) The Corporation is indebted to Sellers in the approximate amount of $1,040,000.00 and upon sale of said stock to Buyers, said indebtednesses are to be cancelled upon payment of the Haikin/Samantha Receivable, as follows: (1) Two Promissory Notes, one called Note 2(c) and the other called Note 2(d) in the Earnest Money Contract of even date, being one of the Contract Documents; and (2) Obligors' execution of a Promissory Note payable to Sellers' order, in the principal amount of $105,000.00 bearing interest at 9% per annum, due and payable in successive monthly installments commencing one month from payment of Note 2(d) Date at $3,750.00 each, payments made applying first to interest accrued and the balance to principal, to mature in the entirety, the balance of such Note being due and payable 32 months from date of payment of Note 2(d), to be secured by a Deed of Trust and Security Agreement for the real and personal property of, and known as the Johanna Square Project comprised of 38 apartment units, at Wirt and Long Point in Houston, Texas, the real property being described as follows:

Lot 7 in Block 8 of HILLENDAHL ACRES, an Addition in Harris County, Texas, according to the map thereof recorded in Volume 18 at Page 17 of the Map Records of Harris County, Texas, together with all improvements situated thereon and related thereto;

-2-

43

you ever seen a copy of a deed --

A    I've seen a copy of a deed --

Q    -- from Samantha Corporation conveying this property?

A    I can't recall.  I'm sure we ordered a title run and have looked at numerous documents.  And you can see this is just a partial list of recorded documents that affect that property and I might have seen a deed.  I can't really recall.

(Pause - Attorneys conferring)

Q    Were you aware that the FDIC was aware of the conveyance from Samantha to Choice Acquisitions No. 4, Inc.?

A    Was I aware that the --

Q    Uh-huh.

A    -- that were was some kind of conveyance made subject to our lien on the property?  I --

Q    No --

A    -- I'd have to --

THE COURT:  No.  No, he asked you, were you aware -- was FDI -- were you aware that FDIC was aware of it.  If I understand what you're saying.

THE WITNESS:  Was I aware that the FDIC --

MR. WHALEN:  That's correct, Your Honor.

THE WITNESS:  -- was aware?  I can't recall.  I couldn't say.

BY MR. WHALEN:

Q    In all the documentation that the FDIC gave to -- or



transferred to Dosohs as part of the acquisition of the Samantha note to Security Bank, did the FDIC include any documentation to show that there had been such a conveyance?

A    Like I say, I don't recall seeing anything, or what it would matter.

Q    What did the FDIC give you in the way of documentation -- give to Dosohs?

A    Oh, there's -- from the bank files.  There's credit files, financial statements, appraisals, original loan documents, security documents, and all the associated renewals, modifications, internal bank memos, bank correspondence.

FDIC, same thing.  Whatever type of internal correspondence or other reports that they had ordered following the closing of the bank.

Q    Well, would it be fair to say that the FDIC gave you all the paperwork they had dealing with this situation -- with this transaction?

A    I would say so.  All that they knew they had.  Something might have been overlooked.

MR. WHALEN:  Excuse me, Your Honor.  Do I have some time left?

THE COURT:  You have 21 minutes left, sir.

MR. WHALEN:  20 minutes.

(Pause - Attorneys conferring)

Q    Mr. Molak, do you have any personal knowledge of any of

tion or extension agreement, other than this Exhibit #11?

A    No. I'm not.

Q    Then would it be your testimony that based on the documents that Dosohs possesses that the maturity date of this indebtedness, which it's claimed that Samantha owed to Security Bank, that the date of that -- the maturity date of that indebtedness was August 15th, 1990? Is that correct?

A    Yes.

Q    Now, Mr. Molak, you testified that Dosohs Limited, the adversary Plaintiff, had earlier at some point filed a motion to lift the stay in the bankruptcy proceeding of Samantha; is that correct?

A    That's correct.

Q    What happened to that -- what was the progress of that motion?

A    The progress of the motion. Well, the stay --

Q    Or what happened to it?

A    -- was not granted. That's why we're here.

Q    Pardon?

A    They stay was not granted and that's why we're here. An adversary was filed instead.

Q    Well, isn't it a fact that Dosohs voluntarily withdrew that motion to lift the stay?

A    Certainly. 'Cause there were some questions that needed to be answered, and that's why we're here.

A    Not of my own personal knowledge, no.

Q    Mr. Molak, do you know when the adversary action -- this adversary action that we're here about, do you know when that was filed?

A    Well, it was sometime last fall if I recall cor -- I can't remember.  Or last summer.

Q    Well, of course, it's in the file, and we can check it, but if the filestamp on the pleading says September 25th, 1996, would you have any reason to doubt that?

A    No, I wouldn't.

         MR. WHALEN:  I'll pass the Witness for right now, Your Honor.

         THE COURT:  Anything on that one single point, sir?

         MR. FLUME:  No further questions, Your Honor.

         THE COURT:  You may step down.

         THE WITNESS:  Thank you.

         THE COURT:  Who is your next witness, sir?

         MR. FLUME:  Michael Haikin.

         THE COURT:  Okay.

    (The Witness is sworn)

              DIRECT EXAMINATION OF MICHAEL HAIKIN

BY MR. FLUME:

Q    Can you please state your name and spell your last name for the record?

A    My name is Michael Haikin, H-A-I-K-I-N.

A    We drew as we needed it.  Yes.

Q    I was just asking you to agree that the entire amount was not funded --

A    No, no.

Q    -- in the original note.

A    It was not.  No.

(Pause)

Q    Mr. Haikin -

(Talking off the record)

Q    I'm trying to find -- to correctly describe it as Exhibit # -- Dosohs' Exhibit #3.  Well, it's the one we were just talking about.  No, I take it back.  That's not the one we were talking -- I'm talking about the one that was executed in 1987.

A    Uh-huh.

Q    Are you familiar with the modification agreement which is Dosohs' Exhibit #11 --

A    #11.

Q    -- that was executed February 15th, 1987?

A    Just one second.  Get to it.

(Pause)

A    That's right.  Okay.

Q    All right.  Mr. Haikin, on page 2 of that document, item 4 says the maturity date of August 15th, 1990, shall remain unchanged.

A    That's right.

Q    Do you have any knowledge of there ever having been a later extension or modification agreement that extended the maturity date of this indebtedness any later than August 15th, 1990?

A    No.

(Pause)

THE WITNESS:  Judge, can I intercede a little bit here?

THE COURT:  I'm -- He's asking a question.

THE WITNESS:  No, I'm just saying, can I intercede, maybe make it clearer for you?

THE COURT:  It's -- it's the lawyers, they're the one in control right now.

MR. WHALEN:  Do you want to --

THE WITNESS:  I just want to clarify what the 1987 was.  The whole idea of the -- the reason for the modification was to reduce the interest we were paying of 13 percent down to 11, which reduced our payment considerably from over 7,000 to 6,300.  That was the reason for this modification.  It did have nothing to do with extension or anything, and it cost us $10,000 to do the modification.  I --

BY MR. WHALEN:

Q    Well, yeah, I understand, and I suppose that's why it states there then that the maturity date will not change.

# CERTIFICATION

I certify that the foregoing is a correct

transcript from the electronic sound

recording of the proceedings in

the above-entitled matter.

_Judi Finigan_
Signature of Transcriber

_Sharon Bowen_
Signature of Proofreader

_July 28, 1997_
Date

_1460/_
JTT#

JUDICIAL TRANSCRIBERS OF TEXAS, INC.
Fax (713) 462-3042 • Office (713) 462-6434

50

# 14-14-00410-CV

**DOV K. AVNI,**

Petitioner,

V.

**DOSOHS I, LTD**

Respondent.

EXHIBIT _0⁴_ TO APPELLANT'S FIRST

SUPPLEMENTAL APPENDIX TO INITIAL BRIEF

FILED IN
14th COURT OF APPEALS
HOUSTON TEXAS

FEB 18 2015

CHRISTOPHER A. PRINE
CLERK

14-14-00410-CV

DOV K. AVNI,

*Petitioner,*

V.

DOSOHS I, LTD

*Respondent.*

EXHIBIT *11* TO APPELLANT'S FIRST

SUPPLEMENTAL APPENDIX TO INITIAL BRIEF

| | | |
|---|---|---|
| CHOICE CAR WASH, INC., | * | IN THE DISTRICT COURT |
| AND BUSINESS OWNERSHIP AND | * | |
| LIABILITIES TAKEOVER | * | |
| CORPORATION | * | |
| | * | |
| VS. | * | 11TH JUDICIAL DISTRICT |
| | * | |
| DOSOHS I, LTD. | * | HARRIS COUNTY, TEXAS |

**MOTION TO STRIKE THE INTERVENTION OF DOV AVNI KAMINETZKY, PRO SE**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME DOSOHS I, LTD., and files this Motion to Strike Intervention of Dov Avni Kaminetzky, Pro Se, Plaintiff and would show the court the following:

I.

**FACTS**

1.0     On August 4, 1997, Choice Car Wash, Inc., and Business Ownership and Liabilities Takeover Corporation, ("Choice Car Wash and Business Ownership") filed a lawsuit in this case claiming to be the most recent owner of real property at issue.

1.1     On September 2, 1997, Choice Car Wash and Business Ownership filed Plaintiffs' First Amended Petition for Damages and for Declaratory Judgment, Application for Temporary Restraining Order, and Application for Temporary or Permanent Injunction.

1.2     On August 26, 1997, Defendant, Dosohs I, Ltd., ("Dosohs") filed its Original Answer.

1.3     On September 4, 1997, the Plaintiffs, Choice Car Wash and Business Ownership filed Plaintiffs' Motion for Summary Judgment.

1.4     On September 19, 1997, Defendant, Dosohs filed its First Amended Original Answer.

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

103

1.5    On September 22, 1997, Dosohs filed its Response to Motion for Partial Summary Judgment.

1.6    On December 8, 1997, Plaintiffs, Choice Car Wash and Business Ownership filed Plaintiffs' Second Amended Petition in Trespass to Try Title, for Damages and/or Declaratory Judgment.

1.7    On January 12, 1998, Plaintiffs, Choice Car Wash and Business Ownership filed Plaintiffs' Third Amended Petition Seeking a Declaratory Judgment, Bringing Action in Trespass to Try Title, and Seeking Damages from Defendant. This Petition was joined by Dov Avni Kaminetzky, ("Kaminetzky") Pro Se, as a Plaintiff against Dosohs.

1.8    On January 20, 1998, Plaintiffs, Choice Car Wash, Business Ownership and Kaminetzky filed Plaintiffs' Fourth Amended Petition, Seeking a Declaratory Judgment, Bringing Action in Trespass to Try Title, Seeking Damages from Defendant, Making Application for a Temporary Restraining Order, and Making Application for a Permanent or Temporary Injunction.

II.

## DOSOHS I, LTD., REQUESTS THE COURT STRIKE THE INTERVENTION

2.0    Kaminetzky, in the Third Amended Petition, refers to himself as a Plaintiff in this case, however, does not file the formal Plea in Intervention. The pleadings on file do not establish that Kaminetzky has a judicial interest in the matters in controversy in this litigation. Furthermore, Kaminetzky has not established that his intervention will not unduly complicate the existing litigation by multiplication of issues.

2.1    Dosohs would further show the court that on December 10, 1997, Kaminetzky filed an Adversary Proceeding in the United States Bankruptcy Court for the Southern District of Texas, Houston Division, Adversary No. 97-4813, titled Adversary Proceedings

2

by Debtor-In-Possession to Avoid an Unlawful Foreclosure Sale and Time Barred Debts and Liens, to Recover Property and Money of the Bankruptcy Estate, and for Injunctive Relief and Declaratory Judgments.

2.2 The issues raised by Kaminetzky in his Adversary Proceeding filed in the Bankruptcy Court are the same or similar issues raised in the Plaintiff's Third Amended Petition filed herein. To allow Kaminetzky to intervene in this proceeding would involve multiplicity of issues.

2.3 Dosohs therefore request that the court strike the intervention of Kaminetzky.

WHEREFORE, PREMISES CONSIDERED, Dosohs hereby requests that the parties take notice of this motion, that on hearing of the court grant this Motion to Strike the Intervention, make such other and further relief and orders as may be just and equitable.

Respectfully submitted,

MUNN & FLUME
One Oak Park, Suite 200
1020 N.E. Loop 410
San Antonio, Texas 78209
(210) 828-5641
(210) 821-6069 Facsimile

MICHAEL FLUME
State Bar No. 07188480

ATTORNEYS FOR DOSOHS I, LTD

3

## CERTIFICATE OF CONFERENCE

The Defendant confered in good faith with the Plaintiff's, Choice Car Wash, Inc. and Business Ownership and Liabilities Takeover Corporation's, attorney Michael Whalen, via telephone conversation, and were unable to reach an agreement concerning the attached motion. The Defendant attempted to confer with Plaintiff, Dov Avni Kaminetzky, via telephone, however we were unable to reach him.

_____
MICHAEL FLUME

## NOTICE OF HEARING

It is hereby ORDERED by the Court that a hearing be held on the foregoing Motion to Strike on the 2nd day of April, 1998, at 8:00 a.m., in the 11th Judicial District, Harris County, Houston, Texas.

_____
HONORABLE MARK DAVIDSON

## CERTIFICATE OF SERVICE

I hereby certify on this 25 day of March, 1998, that a true and correct copy of Motion to Strike the Intervention of Dov Avni Kaminetzky, Pro Se has been sent via certified mail to the following:

Michael C. Whalen
2901 Wilcrest, Suite 105
Houston, Texas 77042

Dov Avni Kaminetzky,
Pro Se
1609 South Kirkwood, #B
Houston, Texas 77077-3158

_____
MICHAEL FLUME

motion\strike.choi\3-98.wd

4

# 14-14-00410-CV

DOV K. AVNI,

*Petitioner,*

V.

DOSOHS I, LTD

*Respondent.*

EXHIBIT 12 TO APPELLANT'S FIRST

SUPPLEMENTAL APPENDIX TO INITIAL BRIEF

NO. 97-40590

| | | |
|---|---|---|
| CHOICE CAR WASH, INC. AND | () | IN THE DISTRICT COURT OF |
| BUSINESS AND OWNERSHIP LIABILITIES | () | |
| TAKEOVER CORPORATION (DEL.),INC. | () | |
| Plaintiffs, | () | |
| VS. | () | HARRIS COUNTY,T E X A S |
| | () | |
| DOSOHS I, LTD. | () | |
| Defendant. | () | 11TH JUDICIAL DISTRICT |

## VERIFIED RESPONSE IN OBJECTION OF JOINT PLAINTIFF DOV AVNI KAMINETZKY,PRO SE LITIGANT,TO THE IMPROPER MOTIONS OF DOSOHS I,LTD FOR ABATEMENT OF THIS ACTION AND STRIKING HIS "INTERVENTION",AND IN THE ALTERNATIVE, HIS MOTION FOR CONTINUANCE OF THE ORAL HEARING SET TO APRIL 2,1998,WITHOUT CONFERENCE OR PROPER NOTICE.

TO THE HONORABLE DISTRICT JUDGE MARK DAVIDSON:

COMES NOW Joint Plaintiff Dov Avni Kaminetzky, a pro-litigant

who was joined in these proceedings on 1/12/1998 ,pursuant to Rule

39,Tx.Rules.Civ.Proc. ["Kaminetzky"], and files this his verified

responses in objection to the improper motions of defendant Dosohs

I,Ltd.["Dosohs"] for abatement of this action and for the striking

of his alleged "intervention" in thius case,and in the alternative

his motion for continuance of the oral hearing, improperly set by

Dosohs to April 2,1998 @8.00 A.M.,and in support thereof will show

this honorable court the following:

### I. RELEVANT FACTS

1.1 On February 16,1989 the Federal Deposit Insurance Corporation

took over the assets of the failed Security Bank of Houston, Texas

["Security"] which provided financing to Samantha Corporation, Inc.

for the construction and operation of a full service automatic car

wash,located in southwest Houston and known as "Softouch Car Wash".

["Softouch"].

1.2. The said initial construction financing was later extended

and converted by Security Bank into three promissory notes, which

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

-1-

108

were all in default, upon which the FDIC attempted to foreclose .

1.3. On January 7,1994 Samantha sold all its title,interests and rights in and to the " Softouch Car Wash" property to Kaminetzky as Trustee, and to Choice Acquisitions No. Four, Inc. of Houston Texas ["CA-4", a Texas corporation which he founded and owned ].

1.4. The transaction was documented by a Special Warranty Deed , filed for record on May 9.1994 in the office of the Harris County Clerk under File No.P849765,as later corrected, a true and correct copy thereof is incorporated herein by reference as Exhibit " A " for all purposes,as if set forth at length,and should be judicially noticed by this court,pursuant to TRCE 201(d).

1.5. On July 28, 1995, over six years and five monthes after the takeover of the failed "Security" and the three defaulted Samantha notes owned by it, Samantha filed for a voluntary bankruptcy under Case #95-45547-H1-11 in the Southern District of Texas [ Houston ].

1.6. On July 16,1997 the honorable bankruptcy judge Manuel D. Leal terminated the automatic stay with respect to Samantha's pecuniary interest in the "Softouch Car Wash" property,effectively abandoning any claims of the estate to that property and notes secured by it. A true and correct copy of judge Leal's order, entered on 7/16/1997 in Case No. 95-45547-H1-11 is incorporated herein by reference as Exhibit "B " for all purposes,as if set forth at length, and should be judicially noticed by this court,pursuant to TRCE 201(d).

1.7. By two special warranty deeds,dated July 16 and August 1,1997 corporate plaintiffs Choice Car Wash, Inc. ["CCW"] and Business and Ownership Liabilities Takeover Corporation,Inc.["B.O.L.T"} acquired the "Softouch Car Wash" from Kaminetzky and corporate successors to "CA-4". The deeds were recorded in the office of the Harris County

-2-

Clerk under Files No. S548428 and S575264. True and correct copies of these two deeds are incorporated herein by reference as Exhibits "C" and "D" respectively,for all purposes,as if set forth at length and should be judicially noticed,pursuant to TRCE 201(d).

1.8. After Dosohs has served Kaminetzky with a defective notice of intent to conduct non judicial foreclosure sale of the " Softouch " property pursuant to rights it allegedly acquired on July 12, 1996 from the FDIC as receiver for the failed Security Bank-Houston,the two corporate plaintiffs filed on August 4.1997 this suit against Dosohs,in attempt to enjoin the foreclosure sale, set for 8/5/1997. Additionaly,By a Lis Pendens instrument filed on August 29,1997 in the office of the Harris County Clerk under File S615275,corporate Plaintiffs "CCW" and "B.O.L.T.",gave public notice of the pendency of this lawsuit,filed under Case No.97-40590 in this Court.True and correct copies of this Lis Pendens deeds is incorporated herein by reference as Exhibit "E" for all purposes,as if set forth at length and should be judicially noticed, pursuant to TRCE 201(d).

1.9. After Kaminetzky elected to exercise two repurchase options he owned with respect to "Softouch", pursuant to Exhibits "A" and "D" incorpoated herein by reference, by two warranty deeds, dated September 2,1997 corporate plaintiffs "CCW" and "B.O.L.T" conveyed to Kaminetzky a total of 19.00% undivided interest in the"Softouch" property and in all business activities thereon conducted.The deeds were recorded in the office of the Harris County Clerk under Files No. S_____ and S620270.True and correct copies of these warranty deeds are incorporated herein by reference as Exhibits "F" and "G" respectively,for all purposes,as if set forth at length and should be judicially noticed by this court, pursuant to TRCE 201(d).

-3-

110

1.10. Later on September 2,1997 Dosohs claims to have conducted a non-judicial foreclosure sale of the "Softouch Car Wash" property, 19% of which was owned by Kaminetzky.

1.11. Minutes before this foreclosure sale,after the representative of Dosohs sneaked from a TRO hearing,held by the hon.Kathleen Stone as the ancilliary judge of the Harris County District Courts,at the request of corporate plaintiffs "CCW" and "B.O.L.T." and proceeded to the Family Court building, in order to non-judicially foreclose upon the "Softouch" property,Kaminetzky who became privy to Dosohs plans filed his own personal bankruptcy under Case 97-49007-H1-11, now pending in U.S.Bankruptcy judge Manuel D.Leal's court,thereby staying and voiding this alleged non-judicial foreclosure sale. A true and correct copy of Kamiinetzky's original bankruptcy petition is incorporated herein by reference as Exhibit "H" for all purposes and should be judicially noticed,pursuant to TRCE 201(d).

1.12. On December 10,1997 Kaminetzky,acting as debtor in possession filed an adversary action against Dosohs I,Ltd,Dosohs Inc. and Matt N.Molak in the United States Bankruptcy Court,under Case No,97-4813 now pending in that court. True and correct copies of Kaminetzky's original petition and the three "Dosohs Defendants" response thereo are incorporated by reference as Exhibits "I"and "J" respectively, for all purposes,as if set forth at length and should be judicially noticed by this court, pursuant to TRCE 201(d).

1.13. On January 12,1998 Corporate plaintiffs "CCW" and "B.O.L.T" joined Kaminetzky,INDIVIDUALY,as indispensible party plaintiff in this lawsuit,a fact unoppsed by Dosohs I,Ltd,until last week-WHEN EXTENSIVE PRE-TRIAL DISCOVERY BECAME DUE BY DOSOHS TO KAMINETZKY.

1.14. On or after 3/25/1998 Dosohs filed its motions and set them for an oral hearing on 4/2/98-WITHOUT CONFERRING WITH KAMINETZKY.

-4-

111

## II. KAMINETZKY'S OBJECTIONS TO DOSOHS' PLEA IN ABATEMENT

2.1. Dosohs never conferred with Kaminetzky prior to the filing of its plea and the setting of this hearing, violating both the local rules of the Harris County District Courts,and rules of this court.

2.2. Kaminetzky only received notice of this proposed hearing and of Dosohs' plea only on Monday afternoon,March 30,1998. Such short notice also in violation of the local rules of the Harris County District Courts,and the specific rules of this court.

2.3.   DOSOHS' PLEA IN ABATEMENT IS UNVERIFIED, AND SHOULD NOT BE CONSIDERED BY THIS COURT. Neely v.Intercity Mgmt.Corp. 732 S.W.2d. 644,648 (Tex.App.-Corpus Christi,1987,1978 writ refused n.r.e.).

2.4. THE FAILURE OF DOSOHS TO VERIFY ITS PLEA PRECLUDED THIS COURT FROM SUSTAINING IT. Sparks v.Bolton 335 S.W.2d.780,785 (Tex.App.-- 1960,no writ).

## III. KAMINETZKY'S OBJECTIONS TO DOSOHS' MOTION TO STRIKE

3.1.   Dosohs never conferred with Kaminetzky prior to the filing of its motion and the setting of this hearing,violating both the local rules of the Harris County District Courts,and rules of this court.

3.2. Kaminetzky only received notice of this proposed hearing and of Dosohs' plea only on Monday afternoon,March 30,1998. Such short notice also in violation of the local rules of the Harris County District Courts,and the specific rules of this court.

3.3. Kaminetzky voluntarily withdrew his interventon by right in Adversary Case 96-4671,and judge Leal so ordered on April 18,1997. True and correct copy of judge Leal's order is incorporated herein by reference as Exhibit " K " for all purposes, as if set forth at length and should be judicially noticed, pursuant to TRCE 201(d). DOSOHS' COUNSEL IS MISREPRESENTING THIS MATERIAL FACT TO THIS COURT

-5-

3.4. Adversary Case 97-4813 involves additional parties,bankruptcy specific claims,and other issues related to adverse possion of the "Softouch Car Wash" property prior to the 7/28/95 bankruptcy, and was filed in the United States Bankruptcy Court on 12/10/1997,over four (4) monthes after the filing of this case bt "CCW" and "BOLT".

3.5. Kaminetzky is not a Rule 60 intrevenor in this case. He is a properly joined plaintiff,pursuant to Rule 39, TX.Rules Civ.Proc.

3.6. Kaminetzky is an indispensibel party to this proceeding,and in his absence no complete relief can be obtained in this dispute.

3.7 DOSOHS' COUNSEL CONCEALED THESE MATERIAL FACTS FROM THIS COURT IN BAD FAITH AND SHOULD ACORDINGLY BE SANCTIONED BY THIS COURT.

## IV. RELIEF REQUESTED

WHEREFORE,PREMISES CONSIDERED,joined plaintiff Kaminetzky prays that this honorable court grant him the following acts of relief:

(1) Refuse to conduct this improperly noticed hearing.

(2) Deny Dosohs' unverified plea in abatement,filed in bad faith.

(3) Deny Dosohs' motion to strike his pleading,filed in bad faith. and in a clear attempt to avoid overdue discovery requests by Kamintezky and in the alternate,

(4) Grant kaminetzky's motion for continuance,resetting this oral hearing to Monday,April 13,1998 at 8.00 O'clock ,A.M.

Respectfully submitted,

_____
Dov Avni Kaminetzky,Plaintiff
1609 S.Kirkwood # A
Houston,TX 77077-3158
Tel &Fax:(281) 493-6965
[Call first to fax]

STATE OF TEXAS        }
                      }
COUNTY OF HARRIS      }

On this day, Dov Avni Kaminetzky, the affiant herein appeared before me, the undersigned notary public, and after I administered an oath to him, upon his oath he acknowledged to me that he has filed this response in objection to Dosohs plea and Motion to strike,and all facts recited therein are true, correct and personally known to him based on his interest in "Softouch".

-6-

Further affiant sayeth not.

_____
Dov   Avni   Kaminetzky
a/k/a   Dov K. Avni
Joint Plaintiff in
Civil Action #97-40590
appearing herein pro-se
"Affiant"

1609 South Kirkwood # A
Houston,Texas 77077-3518
Tel &Fax :(281)493-6965
{ Call first to fax }


        SUBSCRIBED AND SWORN TO before me,the undersigned notary
public on this the _30th_day of March,1998.

**D.A. LEWIS**
Notary Public, State of Texas
My Commission Expires
AUGUST 24, 1998

_____
Notary Public in and for the
State of Texas

-7-

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Response was forwarded on this, the 31st days of March 1998 by a hand delivery, facsimile transmission, and/ or by First Class U.S. Mail, to all parties or counsels of record, and to all other parties in interest in this matter, at their last known mailing address as it appears in the files of this court.

_____
Dov Avni Kaminetzky
Debtor

-8-

# 14-14-00410-CV

**DOV K. AVNI,**

*Petitioner,*

V.

**DOSOHS I, LTD**

*Respondent.*

---

EXHIBIT *13* TO APPELLANT'S FIRST

SUPPLEMENTAL APPENDIX TO INITIAL BRIEF

NO. 97-40590

| | | |
|---|---|---|
| CHOICE CAR WASH, INC., | )( | IN THE DISTRICT COURT |
| BUSINESS AND OWNERSHIP | )( | |
| LIABILITIES TAKEOVER CORPORATION, | )( | |
| and DOV AVNI KAMINETZKY, | )( | |
| Plaintiffs; | )( | |
| | )( | FOR HARRIS COUNTY, TEXAS |
| VS. | )( | |
| | )( | |
| DOSOHS I, LTD., | )( | |
| Defendant. | )( | 11th JUDICIAL DISTRICT |

<u>RESPONSE OF PLAINTIFFS CHOICE CAR WASH, INC.,
AND BUSINESS AND OWNERSHIP LIABILITIES TAKEOVER CORPORATION
TO DEFENDANT'S MOTION TO STRIKE THE INTERVENTION
OF DOV AVNI KAMINETZKY, PRO SE</u>

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiffs CHOICE CAR WASH, INC., and BUSINESS AND OWNERSHIP LIABILITIES TAKEOVER CORPORATION ask leave of court to file this response to Defendant's Motion to Strike the Intervention of Dov Avni Kaminetzky, Pro Se, and would show the court as follows:

1.

Plaintiff Dov Avni Kaminetzky did not join in this lawsuit by intervention, as alleged by Defendant, but joined in this lawsuit by appearing as a co-plaintiff in the Third Amended Petition previously filed herein by plaintiffs.

Rule 65, Tex.R.Civ.Proc., states in part as follows:

"Unless the substituted instrument shall be set aside on exceptions, the instrument for which it is substituted shall no longer be regarded as a part of the pleading in the record of the cause, * * * ."

Accordingly, inasmuch as all previously filed petitions were superseded by the Third Amended Petition, Dov Avni Kaminetzky properly made an appearance as a pro se plaintiff in the Third Amended Petition.

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

116

Dov Avni Kaminetzky has been named as a pro se party plaintiff in all subsequent amendments of the petition of plaintiffs.

2. Rule 40, Tex.R.Civ.Proc, states in part as follows:

"(a) Permissive Joinder. All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action. * * ".

Plaintiff Dov Avni Kaminetzky owns an undivided interest in the property which is the subject of this lawsuit. (See the Verified Response in Objection of Joint Plaintiff Dov Avni Kaminetzky to Defendant's Motion, which Verified Response includes a copy of the deeds of conveyance to Kaminetzky, such Verified Response and exhibits thereto being incorporated herein by this reference.) Consequently, Kaminetzky is a necessary party to this lawsuit.

### PRAYER

WHEREFORE, premises considered, plaintiffs Choice Car Wash, Inc., and Business Ownership and Liabilities Takeover Corporation pray that Defendant's Motion to Strike the Intervention of Dov Avni Kaminetzky, Pro Se, be denied, and pray further that the corporate plaintiffs have such other relief, both legal and equitable, to which they may be justly entitled.

Michael C. Whalen
State Bar No. 21239000
2901 Wilcrest, Suite 105
Houston, Texas 77042
Tel: (713) 782-0065
Fax: (713) 782-7868
Attorney for Plaintiffs
Choice Car Wash, Inc., and
Business and Ownership
Liabilities Takeover Corporation.

-2-

117

## CERTIFICATE OF SERVICE

The undersigned attorney of record for the corporate plaintiffs hereby certifies that on April 14, 1998, a true copy of the foregoing document has been forwarded to the attorney of record for defendant, at the following address:

Michael Flume
Munn & Flume
Attorneys at Law
1020 N.E. Loop 410, Suite 200
San Antonio, TX  78209
Telecopier:  210/821-6069

Michael C. Whalen

-3-

118

NO. 97-40590

CHOICE CAR WASH, INC.,     )(     IN THE DISTRICT COURT
BUSINESS AND OWNERSHIP     )(
LIABILITIES TAKEOVER CORPORATION,  )(
and DOV AVNI KAMINETZKY,     )(
             Plaintiffs;   )(
                       )(  FOR HARRIS COUNTY, TEXAS
VS.                        )(
                       )(
DOSOHS I, LTD.,            )(
           Defendant.    )(  11th JUDICIAL DISTRICT

## ORDER DENYING DEFENDANT'S PLEA IN ABATEMENT

Came on for consideration Defendant's Plea in Abatement.

The Court, after considering the evidence and the argument offered on behalf of the parties, is of the opinion that Defendant's Plea in Abatement should be denied.

It is therefore ORDERED that Defendant's Plea in Abatement is denied.

SIGNED on this_____day of April, 1998.


                            _____
                                Judge Presiding

ENTRY REQUESTED AND
APPROVED AS TO FORM BY:

Michael C. Whalen,
State Bar No. 21239000
2901 Wilcrest, Suite 105
Houston, Texas 77042
TEL: (713) 782-0065
FAX: (713) 782-7868
Attorney for Defendants
Choice Car Wash, Inc., and
Business and Ownership
Liabilities Takeover Corporation

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

119

# 14-14-00410-CV

DOV K. AVNI,

*Petitioner,*

V.

DOSOHS I, LTD

*Respondent.*

---

EXHIBIT _14_ TO APPELLANT'S FIRST

SUPPLEMENTAL APPENDIX TO INITIAL BRIEF

---

No. 97-40590

CHOICE CAR WASH, INC.,      *    IN THE DISTRICT COURT
AND BUSINESS OWNERSHIP AND   *
LIABILITIES TAKEOVER        *
CORPORATION               *
                              *
VS.                             *    11TH JUDICIAL DISTRICT
                              *
DOSOHS I, LTD.               *    HARRIS COUNTY, TEXAS

FILED
CHARLES BACARISSE
District Clerk
APR 16 1998
By_____ Harris County, Texas
Deputy

## MOTION FOR BIFURCATED TRIAL

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes, DOSOHS I, LTD. ("Dosohs"), Defendant in this action, and requests the court to Bifurcate the Trial of this action so that the determination, if necessary, of the amount of any exemplary damages may be held in a second phase of trial, and only after the court determines that there is a legal basis for an award of exemplary damages against Dosohs based on the findings of the jury in the first phase of trial.

Dosohs further moves that all evidence of its financial condition or net worth, along with all other evidence relevant only to the amount of exemplary damages, be excluded for the first phase of trial.

Dosohs, is entitled to this relief as a matter of law pursuant to Texas Civil Practices and Remedies Code Sections 41.009 and 41.011 and the decision of the Texas Supreme Court in Transportation Inc. Co. v. Moriel, 879 S.W.2d 10, 29-30 (Tex.1994).

WHEREFORE, PREMISES CONSIDERED Dosohs requests that the Court order a Bifurcated Trial of the amount of exemplary damages from the other issues in this case and make such other orders as the court deems fair and just.

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

Respectfully submitted,

MUNN & FLUME
One Oak Park, Suite 200
1020 N.E. Loop 410
San Antonio, Texas 78209
(210) 828-5641
(210) 821-6069 Facsimile


MICHAEL FLUME
State Bar No. 07188480

ATTORNEYS FOR DOSOHS I, LTD.


## CERTIFICATE OF SERVICE

I do hereby certify on this the _11th_ day of April, 1998, that a true and correct copy of the foregoing document has been sent by certified mail and via facsimile to the following:

Michael C. Whalen
2901 Wilcrest, Suite 105
Houston, Texas 77042

Dov Avni Kaminetzky,
Pro Se
1609 South Kirkwood, #B
Houston, Texas 77077-3158


MICHAEL FLUME

# 14-14-00410-CV

**DOV K. AVNI,**

                           *Petitioner,*

            V.

**DOSOHS I, LTD**

                          *Respondent.*

---

## EXHIBIT *15* TO APPELLANT'S FIRST

## SUPPLEMENTAL APPENDIX TO INITIAL BRIEF

CHOICE CAR WASH, INC. AND () IN THE DISTRICT COURT OF
BUSINESS AND OWNERSHIP LIABILITIES ()
TAKEOVER CORPORATION (DEL.),INC. ()
and DOV AVNI KAMINETZKY,A PRO-SE ()
LITIGANT. ()
           Plaintiffs, ()
VS. () HARRIS COUNTY,TEXAS **FILED**
                   () CHARLES BACARISSE
DOSOHS I, LTD. ()
          Defendant. () 11TH JUDICIAL DISTRICT Clerk
                                8-27-98

**PLAINTIFF DOV AVNI KAMINETZKY'S VERIFIED RULE 215 MOTION TO STRIKE DEFENDANT'S PLEADING, EXCLUDE ITS WITNESSES AND TRIAL EXHIBITS AND GRANT HIM MONETARY SANCTIONS, AND IN THE ALTERNATIVE,TO COMPEL RESPONSES TO DISCOVERY AND APPEARANCE TO SCHEDULED ORAL DEPOSITIONS,NOW SET FOR 8/31/98** ~~AT 8 A.M.~~

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Dov Avni Kaminetzky,a pro-litigant joined here as plaintiff on 1/12/98,pursuant to Rule 39,TRCP ["Kaminetzky"], and file this his Verified Rule 215 [TRCP] Motion to Strike Defendant Dosohs I,Ltd.'s Pleading,Exclude its Witnesses and Trial Exhibits and to Grant him an Award of Monetary Sanctions for his unnecessary costs, ["Motion to Strike" ]and in the Alternative,Compel Responses of Defendant to his timely discovery requests and for appearance of Matt N.Molak,C.B.Guerra,and Ed B.Schultz, designated fact witnesses by Dosohs to their noticed and scheduled pre-trial oral depositions ["Motion to Compel"],and for an oral hearing on these motions to be conducted on Monday, August 31,1998,8.00 O'clock A.M.,in court, and in support thereof will respecfully show the court for as follows:

I.
**RELEVANT FACTS**

1.0. On May 21,1997 Defendant Dosohs' I,Ltd.["Dosohs"] designated its three trial witnesses for a scheduled bench trial of Adversary Case 96-4671,in which it had sued debtor,Samantha Corporation.Inc. ["Samantha"] in order to obtain declaratory judgment with respect to the alleged validity of a deed of trust lien it claimed to have acquired from an unspecified entity of FDIC.

-1-

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

129

1.1  A true and correct copy of this " Joint Witness and Exhibit Statement" is attached hereto as Exhibit "1" and incorporated here for all purposes,as if copied verbatim.

1.2.  In addition to Michel Haikin and harry H.Brochstein, who had personal knowledge of facts,acts and.or events affecting Samantha between January 25,1984 and May 7,1990,Dosohs also designated Matt N.Molak ["Molak"] as its third trial witness,detailing its factual knoweldge in pages 3 and 4 of said Exhibit "1".

1.3.  During the bench trial held on June 16,1997 in Case 96-4671, both Haikin and Molak gave false testimony with respect to material issues of fact,which persuaded U.S. Bankruptcy Judge M.Leal to make a number of erroneous findings of fact and conclusions of law in a so called "final judgment" he entered in that case on July 17,1997.

1.4.  Also on July 14,1997 said judge Leal terminated immediately the automatic stay which affected the "Softouch Car Wash" property after its claimed reimposition on that property on August 29,1996, subsequent to a previous order entered by judge Leal in the matter.

1.5.  Between July 14 and July 31,1997 the two corporate plaintiffs have purchased their interests in the now freed "Softouch" property from its prior corporate owners,and on August 4,1997 filed suit in this court against Dosohs I,Ltd.,under Case #97-40590.["the Suit"].

1.6.  On November 10,1997,after this plaintiff had acquired his own partial ownership of the "Softouch" property and filed for personal bankruptcy,Dosohs I,Ltd. moved to annul the automatic stay imposed on the property due to Kaminetzky's bankruptcy filing,and obtained a preliminary hearing thereon on December 15,1997.

1.7.  During the December 15,1997 Dosohs counsel M.Flume examined Matt N. Molak,Dosohs' fact witness,and adduced from him materially different testimony than his prior trial testimony in Case 96-4671,

-2-

given on June 16,1997.

1.8.    Plaintiff cross-examined Molak under severee restrictions imposed by the hostile bankruptcy judge M.Leal (who has failed to recuse himself,despite evident bias, and preffered bank borrower relationship with Frost National Bank, Kaminetzky's adversary,and subsequent to an unwelcome determination by judge N.Atlas,finding Leal's "final judgment" on July 17,1997 to be erroneous,non-final and unenforceable,on November 19,1997 in Appeal case H-97-CV-2871) and adduced additional acts of perjury and original false testimony by Molak. Judge Leal summarily ignored these false or contradictory statments by Molak,and annuled the automatic stay against"Softouch" on December 29,1997.Later judge Leal was reversed also by district judge John Rainey,who followed Judge Atlas in three other appeals, all arising from the same erroneous "final judgment" of 7/17/1997.

1.9.    On  January 12, 1998  Corporate plaintiffs "CCW" and "BOLT" joined Kaminetzky,as an indispensible party plaintiff in this suit, a fact which was unopposed by Dosohs until 3/25/1998,when it had to respond to his timely requests for discovery.

1.10.    On March 7 &8,1998, Kaminetzky served Dosohs with his First Sets of Requests for Admissions of fact,Requests for Production of Documents and Interrogatories,which were due back on April 9,1998. [ hereinafter: " Kaminetzky' First Set of Discovery Requests"].

1.11.    On March 13,1998 ,Kaminetzky served Dosohs with his written deposition questions,pursuant to Rule 208(3) of the Tex.R.Civ.Proc. and requested therein that an  authorized  representative of Dosohs will respond thereto under oath on March 27,1998.

1.12. On March 13 &14,1998,Kaminetzky served Dosohs with his Second Sets of Requests for Admissions of fact, Requests for Production of Documents and Interrogatories,which were due back on April 14,1998.

-3-

[ hereinafter: " Kaminetzky' Second Set of Discovery Requests"].

1.13. Dosohs never answered Kaminetzky's questions,and did not move for any protective order or to quash the said deposition by written questions. Instead,it elected to move,on or after march 25,1998, to strike Kaminetzky's alleged"intervention" and to indefinitely abate this lawsuit.On April 8,1998 this Court denied Dosohs' motion.

1.14.On April 8,1998 Dosohs' designated representative,Matt N.Molak has failed to comply with the TRCP Rule 177 subpoena which was duly served upon him at his san Antonio residence, and did not appear to oral hearing,set upon Dosohs' own motion on their motions to strike Kaminetzky's "intervention" and to abate this lawsuit. M. Molak was comanded by the aforesaid subpoena to produce key documents, still unidentifed and unproduced by Dosohs, pursuant to a Subpoena Duces Tecum incorporated therein. Molak elected not to appear and testify in the April 8,1998 hearing,without moving for protective order, or for the quashing of the aforesaid subpoena.

1.14.On April 13,1998 Michael C.Whalen,counsel for plaintiffs "CCW" and " BOLT " was served with a copy of Dosohs' evasive responses to Kaminetzky's First Set of Discovery Requests, which appeared not to have been mailed on April 9,1998, thus turning Dosohs' late,evasive responses to Kaminetzky's First Request for Admissions of Fact into deemed admissions,disposing of all disputed material issues of fact,

1.15. Only on April 14,1998 did Plaintiff receive Dosohs' responses to his First Discovery Request,which included a verified response by Molak to his First Set of Interrogatories. 12 of the 30 answers of Molak were false,misleading or knowingly partial and selective.

1.16. On April 15,1998 Plaintiff was permitted,by a fax letter of M.Flume,to inspect the business records of Dosohs in San Antonio, and did so on Thursday afternoon,April 16,1998.

-4-

1.17. Despite the impossibly short time,hours before the pre-trial hearing set for April 17,1998,830AM in Houston,Kaminetzky,a veteran ex-Israeli military intelligence officer and surveillance engineer, suceeded in scanning and listing 1315 pages of Dosohs' records,and ordered their copying by Dosohs,who had contracted for that purpose with Compex,a local legal documents copying service center.

1.18.The inspected Dosohs documents contained copies of certain key documents,related to the Samantha's loans with Security Bank, which were concealed by Dosohs, Flume,Molak and Hakin in Case 96-4671,and by Dosohs,Flume and Molak in Bankruptcy Case 97-49007-H1-11,both in Judge Leal's bankruptcy court. True and correct copies of documents which were concealed by the Dosohs "point men" are attached hereto as Exhibits "33" and "34".

1.19. On April 20,1998,after the jury trial of this case,originally set to that date,was passed by visiting judge L.Dugan,did plaintiff receive Dosohs' responses to his second set of discovery requests.

1.20. Dosohs Responses included its responses and objections to Kaminetzky's 2nd Set of Interrogatories ,attached hereto as Exhibit "2" and to his 2nd Set of Requests for Production, attached hereto as Exhibit "3",both incorporated herein for all purposes as if set forth at lenght.

1.21. Dosohs' "answers" to 29 of the 30 interrogatories included in Exhibit"2" hereto,"VERIFIED" BY M. MOLAK were identical,evasive and non responseive"boiler plate" responses,AND SHOULD BE STRICKEN BY THIS COURT AS AN APPROPRIATE RULE 215b [TRCP] SANCTION.

1.22. On June 1,1998 this court granted Plaintiff's First Motion to Compel,and ordered Molak and Dosohs to resopnd to Kaminezky's pending discovery requests by July 16,1998.

1.23. Between June 3 and 9,1998 Dosohs and M.Molak did partially respond  to this court's order,and produced the Dosohs business

-5-

records,attached hereto as Exhibits "16" to"21","23"through"31".

1.24.   On June 28,1998 Kaminetzky served Molak with a 1st Amended Notice of Oral Deposition and Subpoena Duces Tecum for Documents, attached hereto as Exhibit  "4", and incorporated herein for all purposes as if set forth at length.

1.25. MOLAK APPEARED TO HIS DEPOSITION,BUT CONCEALED THE MATERIAL FACT THAT TOGETHER WITH HIS COUNSEL,C.B.GUERRA,THAT "COACHED" HIM EXTENSIVELY DURING THAT DEPOSITION, HE HAD JUST EXECUTED AND LATER FILED,IN AVOIDANÉ OF THE SUBPOENA DUCES TECUM FOR DOCUMENTS,A NEW, SECOND CORRECTION DEED FOR THE PROPERTY,FALSELY ATTEMPTING TO CURE DEFECTS IN THE ORIGINAL AND FIRST CORRECTION DEED,THUS PRECLUDING AND AVOIDING BEING DEPOSED THEREON BY PLAINTIFF (!!). A CERTIFIED COPY OF THIS KEY DOCUMENT,DISCOVERED BY PLAINTIFF ON AUGUST 12,IN PREPARATION TO MOLAK'S "SUPPLEMENTAL DEPOSITION OF RECEIVERSHIP" THAT WAS CONDUCTED IN SAN ANTONIO ON AUGUST 13,1998 IS ATTACHED AS EXHIBIT "39" AND INCORPORATED FOR ALL PURPOSES AS IF COPIED HEREIN.

1.26  ON AUGUST 6,1998 DOSOHS, ACTING AGAIN BY AND THROUGH GUERRA, AND SAME MOLAK AS ITS "VERIFICATION AUTHORITY",'SUPPLEMENTED" THEIR RESPONSES TO  KAMINETZKY'S DSCOVERY REQUESTS,CONTINUING TO CONCEAL A NUMBER OF MATERIAL DOCUMENTS.

1.27. ON AUGUST 18,1998 PLAINTIFF RECEIVED FROM COMPEX A DUPLICATE SET OF DOSOHS RECORDS,WHICH INCLUDED THREE NEW KEY DOCUMENTS ,AND WHICH EVIDENCED THE CONTINUED WITHOLDING OF NINE (9) OTHER PAGES OF RECORDS BY DOSOHS. TRUE AND CORECT COPIES OF THE RELATED DOCUMENTS ARE HERETO ATTACHED AS EXHIBITS "6" THROUGH "11".

1.28. IMMEDIATELY AFTER POINTING THE ATTENTION OF MS. GUERRA TO THIS MATERIAL CONCEALMENT OF DOCUMENTS AND THE CONTINUING EVASION OF SUPPLEMENTING MOLAK'S CONTRADICTORY STATEMENTS,SHE UNILATERALLY PREPARED MATERIAL CHANGES IN THE DEPOSITION TESTIMONIES OF MOLAK AND MILLER,EVIDENCED BY EXHIBITS "11"THROUGH"14",ATTACHED HERETO.

-6-

## PLAINTIFFS' RULE 215 MOTION FOR SANCTIONS AGAINST DOSOHS

2.0. Plaintiffs reallege and reincorporate by reference all facts stated in the preceding paragraphs 1.0 through 1.28,as if set forth at length.

2.1 The Supreme Court of Texas has alraedy ruled in similar cases, as follows:

" If a party does not comply with a discovery request pursuant to Rule 167 and 168, the party may be prohibited from introducing a requested document or evidence at trial". Schein v. American Rest. Group, Inc. 852 S.W. 2d. 496,497 (Tex.1993). Said ruling followed the prior holding by the Supreme Court in its "Alvarado" decision, regarding the automatic exclusion of such concealed and unproduced documents.Alvarado v. Farah Mfg.Co. 830 S.W.2d. 911,914(Tex.1992). In its "Schein" decision the Supreme court of Texas elaborated and said as follows: " The purpose of a sanction [Rule 215(2)(b)] that **excludes evidence for failure to respond to a proper discovery request is to require complete responses of discovery in order to promote responsible assessment of settlement and avoid trial by ambush** ". [ boldened for emphasis ]. Schein,Supra at 496,497.

2.2. The Supreme Court of Texas has already ruled in similar cases, as follows: "Rule 215(1)(c) states that for purposes of Rule 215,an evasive or incomplete answer is to be treated as failure to answer" Able Supply Co. v. Moye, 898 S.W.2d.766,771 (Tex.,1995)

2.3. Pursuant to Texas Rules of Civil Procedure 203(2) and 215(1) (b)(2a;2b;3a;3b;and 3c),Rule 215(2)(b)(3;4;and 5),Rule 215(3) and Rule 215(4), Plaintiff files this his Motion for Sanctions against Dosohs, and pray that this court grant them relief against Dosohs, for its repeated abuse of discovery procedures, as follows:

-7-

(a) Find Dosohs's evasive and late answers to Kaminetzky's Second Set of Requests for Admissions, attached as Exhibit " 3 " to this motion,to constitute"deemed admissions" as to the factual issues inquired therein.

(b) Find Dosohs' answers to Kaminetzky's Interrogatories 3 through 10 of his First Set to be false,as Dosohs'employees,its agents and attorneys have no personal knowledge of the facts inquired into in these eight interrogatories,and strike these answers.

(c) Find Dosohs'answers to Kaminetzky's 2nd Set of Interrogatories to be evasive and/or false and strike these answers,attached as part of Exhibit "2" to this motion.

(d) Find Dosohs' responses to Kaminetzky's request for listing identification and production of documents, as part of his First and Second Set of Discovery Requests,  to be false, misleading and evasive,as it totally evades identification of specific documents identified in said request.

(e) Strike Dosohs' witnesses and trial exhibits for its failure to respond faithfully to the two sets of interrogatories,requests for production of documents and requests for admission of fact

(g) Enter a default Judgment against Dosohs as to liability.

(h) Enter a declaratory judgment in favor of plaintiffs as to the title of the "Softouch Car Wash" property made the subject of this dispute.

(i) Order Doshos to pay the sum of One Thousand, Two Hundred and Fifty Dollars ( $ 1,250.00) as reimbursement of the attorney fees incurred by Plaintiffs "CCW" and "BOLT" in preparation of their previous motion to compel discovery by Dosohs.

(1) Order Dosohs to pay the sum of Four Hundred and Ten Dollars ($410.00) for the needless expenses incurred by Kaminetzky.

-8-

### III.
### MOTION IN ALTERNATIVE TO COMPEL RESPONSES TO DISCOVERY BY DOSOHS

3.0.  Plaintiff realleges and reincorporates by reference all facts stated in the preceding paragraphs 1.0 through 1.28,as if set forth at length.

3.1. In the alternative to,and without waiving the relief requested in the foregoing motion for entry of sanctions against Dosohs I,Ltd Plaintiffs file, pursuant to Rule 215(1)(d), this Motion to Compel Responses to Discovery Requests,and pray that this court order the Defendant and its designated representatives to identify,list and produce the requested documents,to respond to the written questions served upon them, and to supplement the vague and evasive answers and responses to the interrogatories, and requests for production of documents served upon them by Kaminetzky in June and August1998.

3.2.   Plaintiff  further pray that this court orders Dosohs to respond to the  requested order to compel, and physically deliver same to Plaintiffs,no later than Wednesday,September 2,1998, 2.00 P.M.,at the law office of Michael C. Whalen,and upon the failure to do so,all documents and responses inquired into, and witnesses sught to be identified in  Kaminetzky's two sets of  Requests for Discovery are to be automaticaly excluded, pursuant to  Alvarado v. Farah Mfg. Co.,Supra, 830 S.W.2d. 911,914 (Tex.,1992).

### V.  RELIEF REQUESTED
WHEREFORE,PREMISES CONSIDERED,corporate plaintiffs "CCW","Bolt" and joint plaintiff Kaminetzky,appearing herein pro-se,pray that this honorable court grant him the acts of relief prayed for above.

Respectfully submitted,

_Dov Avni Kaminetzky_
Dov Avni Kaminetzky
Joint Plaintiff,Pro-se
1609 S. Kirkwood # A
Houston,TX 77077-3158
Tel: (281) 493-6965
Fax: (713) 270-5505

-9-

## NOTICE OF HEARING

It is hereby ORDERED by the Court that a hearing be held on the foregoing Motions on the 31st day of August,1998 at 8.00 A.M.in the 11th Judicial District,Harris County,Texas,in person.

_____
PRESIDING JUDGE

STATE OF TEXAS    }
                  }    **VERIFICATION**
COUNTY OF HARRIS  }

On this day appeared before me, the undersigned public notary, Dov Avni Kaminetzky a/k/a Dov K.Avni,who is personally known to me, and upon his oath stated to me that he is executive vice president of corporate plaintiffs "CCW" and "BOLT" and a joint plaintiff who is representing himself in Case No. 97-40590, currently pending in the 11th Judicial District of Harris County,Texas, and that he has personal knowledge of the proceedings conducted in that case and of all the discovery requests and the responses thereto by the parties and witnesses who have deposed and testified in this case, and that at all times material hereto he was the custodian of records and an executive corporate officer of the two corporate plaintiffs and of Samantha Corporation Inc., and as such he has personal knowledge of the acts and events referred to herein , and upon his oath further stated to me that all the facts recited in this pleading are true and correct,and that the attached copies of documents are true and correct replica of the original source documents in his custody.

_____
Dov   Avni   Kaminetzky
a/k/a   Dov K. Avni
Joint Plaintiff in
Civil Action #97-40590
appearing herein pro-se
"Affiant"
1609 South Kirkwood # A
Houston,Texas 77077-3518
Tel &Fax :(281)493-6965
{ Call first to fax }

-10-

SUBSCRIBED AND SWORN TO before me,the undersigned notary public, by said Dov Avni Kaminetzky, on this the _27_ day of ~~April~~ August 1998.



SHIRLEY COOLIDGE
NOTARY PUBLIC
State of Texas
Comm. Exp. 08-10-2001

_Shirley Coolidge_
Notary Public in and for the
State of Texas

## CERTIFICATE OF CONFERENCE

This is to certify that Plaintiffs have conferred in good faith, ,by and through Dov Avni Kaminetzky, so authorized by "CCW" and "BOLT" and acting also for himslef, via facsimile transmissions, with Defendant's attorney Michael Flume,who did not oppose these motions and the relief requested therein, until the date of its filing with this Court.

_Dov Avni Kaminetzky_
Dov Avni Kaminetzky
Joint Plaintiff,Pro-se
and TRCP Rule 14 agent
of corporate plaintiffs
"CCW" and "BOLT"

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motions for Sanctions,and in the alternative to Compel/ Continuance was forwarded on this,the_27th_day of August 1998 by a hand delivery, facsimile transmission, and/ or by First Class U.S. Mail, to the following:

Celinda B.Guerra\Michael Flume
Attorney for Dosohs I,Ltd.
c/o Munn & Flume
1020 N.E. Loop 410,Suite 200
Houston,Texas 78209-1218

Michel C. Whalen
attorney for co-plaintiffs
2901 Wilcrest Suite 105,
Houston,Texas 77041

_Dov Avni Kaminetzky_
Dov Avni Kaminetzky
Joint Plaintif,Pro-se
and TRCP Rule 14 agent
of corporate plaintiffs
"CCW" and "BOLT"

-11-

139

# 14-14-00410-CV

**DOV K. AVNI**,

*Petitioner,*

v.

**DOSOHS I, LTD**

*Respondent.*

EXHIBIT _16_ TO APPELLANT'S FIRST

SUPPLEMENTAL APPENDIX TO INITIAL BRIEF

No. 97-40590

| | | |
|---|---|---|
| CHOICE CAR WASH, INC., | * | IN THE DISTRICT COURT |
| AND BUSINESS OWNERSHIP AND | * | |
| LIABILITIES TAKEOVER | * | |
| CORPORATION | * | |
| | * | |
| VS. | * | 11TH JUDICIAL DISTRICT |
| | * | |
| DOSOHS I, LTD. | * | HARRIS COUNTY, TEXAS |

## DEFENDANT'S FOURTH AMENDED ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES DOSOHS I, LTD. ("Dosohs"), Defendant in the above styled and numbered

cause, and files this Defendant's Fourth Amended Original Answer to Plaintiff's Original Petition

filed herein, and in support thereof would respectfully show the court as follows:

I.

### GENERAL DENIAL

1.1     Dosohs denies generally each and every, all and singular, the allegations contained

in Plaintiffs' Original Petition filed herein and states that this Defendant will require strict proof

thereof.

### AFFIRMATIVE DEFENSES

II.

### RES JUDICATA

### COLLATERAL ESTOPPEL

2.1     Plaintiffs' claims are barred by res judicata and/or collateral estoppel.  More

specifically, Dosohs alleges that on September 26, 1996, Dosohs instituted a lawsuit against

1

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

140

Samantha Corporation, Inc. in Adversary Proceeding No. 96-4671, styled Dosohs I, Ltd. vs. Samantha Corporation, Inc., in the United States Bankruptcy Court for the Southern District of Texas, Houston Division. That cause was brought to determine the validity and extent of Dosohs' lien. On final hearing, the Bankruptcy Court determined the amount and validity of Dosohs' lien on the property made the issue of this lawsuit. Further, the court held that the statute of limitations had not expired and Dosohs was entitled to seek collection.

2.2    On June 16, 1997, trial of the Dosohs suit was held and Judge Leal ruled that the statute of limitations had not expired and that Samantha Corporation owed $1,216,351.27.

2.3    On July 17, 1997, Judge Manuel Leal, United States Bankruptcy Judge, entered a Final Judgment in the Dosohs suit and further found that the statute of limitations had not expired.

2.4    On July 16, 1997, in Bankruptcy Case No. 95-45547-H1-11, the bankruptcy court entered an order lifting the automatic stay to allow Dosohs to foreclose on its collateral.

2.5    Furthermore, on March 19, 1998, the bankruptcy court entered a Corrected Order Terminating Automatic Stay making the same findings as the prior order and including a more specific property description of the collateral to which Dosohs was allowed to foreclose on.

2.6    On June 16, 1998, Judge Manuel Leal United States Bankruptcy Judge entered a Corrected Final Judgment in the Dosohs suit making the same findings as the prior judgment and including a more specific property description of the collateral to which Dosohs was allowed to foreclose on.

2.7    Dosohs asserts that the Orders and judgments are res judicata and/or collateral estoppel to the issues raised in the state court proceedings by the Plaintiffs.

2

141

2.8     Furthermore, on December 15, 1997, a hearing concerning the Motion of Dosohs from Relief From Automatic Stay was heard in Case No. 97-49007-H1-11, In Re: Dov Avni Kaminetzky, Debtor. On December 19, 1997, the court entered an Order Annulling and Terminating Automatic Stay in said cause number and pursuant to that order determined, Dosohs lien on the real property made the basis of this lawsuit, that Debtor had no equity in the property, the court further found that Dosohs had ownership and holder status of the $850,000 promissory note and found the value of the property.

2.9     Accordingly, the Plaintiffs claims asserted in the State Courts proceeding were previously litigated in the Bankruptcy court and are barred by the doctrines of res judicata and/or collateral estoppel.

### III.

### PLAINTIFFS LACK STANDING

3.1     In the alternative, Plaintiffs lack standing to assert their claims against Dosohs.

### IV.

### DEFECT OF PLAINTIFFS

4.1     In the alternative, that there is a defect of Plaintiffs.

### V.

### NEGLIGENCE

5.1     Pleading in the alternative, Dosohs would show the court that the Plaintiffs are themselves guilty of various acts and omissions each of which constituted negligence and contributory negligence, and each of which was a sole cause or alternatively, a proximate and producing cause of the occurrence in question and the alleged damages alleged by Plaintiffs in this lawsuit.

3

## VI.

## THIRD PARTY LIABILITY

6.1     Pleading further in the alternative, Dosohs would state that the incident in question was a result of or in the alternative, partially, caused by persons, factors, instrumentalities and circumstances over which it had no control or right of control.

## VII.

## THIRD PARTY NEGLIGENCE

7.1     Pleading in the alternative, Dosohs would show the court that damages, if any, suffered by Plaintiffs were caused by the negligence and acts of third parties.

## VIII.

## ESTOPPEL

8.1     For further answer, if any is necessary, Dosohs alleges that Plaintiffs are estopped from asserting the claims made the basis of Plaintiffs' petition.

## IX.

## MITIGATION OF DAMAGES

9.1     Pleading further in the alternative, Dosohs would show the court that Plaintiffs failed to mitigate their damages.

## X.

## WAIVER

10.1    For further answer, if any is necessary, Dosohs alleges the affirmative defense of waiver by Plaintiffs.

4

143

## XI.

## DOSOHS NOT GUILTY

11.1    Dosohs is not guilty of the injury complained of in the petition filed by the Plaintiffs against Dosohs.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Dosohs prays that all relief prayed for by Plaintiffs be denied; that the Plaintiffs take nothing by their suit herein; and that Dosohs recover costs of court from Plaintiffs; and that Dosohs receive such other and further relief, general or special to which it may show itself justly entitled to receive.

Respectfully submitted,

MUNN & FLUME
One Oak Park, Suite 200
1020 N.E. Loop 410
San Antonio, Texas 78209-1218
(210) 828-5641
(210) 821-6069 Facsimile

MICHAEL FLUME
State Bar No. 07188480

CELINDA BAEZ GUERRA
State Bar No. 01505000

ATTORNEYS FOR DOSOHS I, LTD.

5

144

## CERTIFICATE OF SERVICE

I do hereby certify on this 28th day of August, 1998 that a true and correct copy of the foregoing document has been delivered via certified mail, return receipt requested to the following:

**CERTIFIED MAIL NO. Z 435836459**
**RETURN RECEIPT REQUESTED**
Michael C. Whalen
2901 Wilcrest, Suite 105
Houston, Texas 77042

**CERTIFIED MAIL NO. Z 435836460**
**RETURN RECEIPT REQUESTED**
Dov Avni Kaminetzky
1609 S. Kirkwood, Suite A
Houston, Texas 77077-3158


CELINDA BAEZ GUERRA

6

145

## VERIFICATION

STATE OF TEXAS         §
                                  §

COUNTY OF BEXAR      §

On this date, MATT N. MOLAK, personally appeared before me, the undersigned Notary Public, and after being duly sworn stated under oath that he is the President of Dosohs, Inc., General Partner of Dosohs I, Ltd., Defendant in the above styled and numbered cause; that he has read the foregoing Defendant's Fourth Amended Original Answer; and that every statement contained therein is within his personal knowledge and is true and correct.

DOSOHS I, LTD.

By:     DOSOHS, INC., General Partner

By:     _____
            MATT N. MOLAK, President

SWORN AND SUBSCRIBED TO BEFORE ME by the said Matt N. Molak, President of Dosohs, Inc., General Partner of Dosohs I, Ltd., to certify which witness my hand and official seal of office on this _28th_ day of August, 1998.

MARIE E. DeLEON
Notary Public, State of Texas
My Commission Expires
MAY 5, 2002

_____
Notary Public in and for the State of Texas

7

146

# 14-14-00410-CV

**DOV K. AVNI,**

*Petitioner,*

v.

**DOSOHS I, LTD**

*Respondent.*

EXHIBIT *17* TO APPELLANT'S FIRST

SUPPLEMENTAL APPENDIX TO INITIAL BRIEF

NO. 97-40590

CHOICE CAR WASH, INC.,           )(        IN THE DISTRICT COURT
BUSINESS AND OWNERSHIP           )(
LIABILITIES TAKEOVER CORPORATION,)(
and DOV AVNI KAMINETZKY,         )(
                    Plaintiffs;  )(
                                 )(        FOR HARRIS COUNTY, TEXAS
VS.                              )(
                                 )(
DOSOHS I, LTD.,                  )(
                    Defendant.   )(        11th JUDICIAL

FILED
CHARLES BACARISSE
District Clerk
8:00 AM
8/31/98
Harris County, Texas
By_____ Deputy

## NOTICE OF NON-SUIT BY PLAINTIFFS

Pursuant to Rule 162 of the Texas Rules of Civil Procedure, plaintiffs Choice Car Wash, Inc., Business and Ownership Liabilities Takeover Corporation, and Dov Avni Kaminetzky, pro se, hereby give notice that plaintiffs take a non-suit with respect to all issues alleged in their petition on file herein, save and except any issues which may be covered by the partial summary judgment rendered by the court on August 20, 1998, and further save and except any issues which may be covered by the so-called Original Counterclaim filed by defendant Dosohs I, Ltd., the non-suit being taken without prejudice to the right of plaintiffs to refile their causes of action against defendant.

Respectfully submitted,

MICHAEL C. WHALEN
State Bar No. 21239000
2901 Wilcrest, Suite 105
Houston, Texas 77042
Tel: (713) 782-0065
Fax: (713) 782-0909
ATTORNEY FOR PLAINTIFFS
CHOICE CAR WASH, INC., and
BUSINESS AND OWNERSHIP
LIABILITIES TAKEOVER CORP.

Dov Avni Kaminetzky, Pro Se

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

147

## CERTIFICATE OF SERVICE

The undersigned attorney of record for the corporate plaintiffs and the undersigned pro se litigant hereby certify that a true copy of the foregoing document has been furnished to the below named attorneys of record for defendant by hand delivery on the ___3/4___ day of August, 1998.

> Michael A. Flume
> Celinda Baez Guerra
> Munn & Flume
> Attorneys at Law
> 1020 N.E. Loop 410, Suite 200
> San Antonio, TX 78209
> Fax #: (210) 821-6069

Michael C. Whalen,
Attorney for the
corporate plaintiffs

Dov Avni Kaminetzky

-2-

148

# 14-14-00410-CV

**DOV K. AVNI,**

Petitioner,

v.

**DOSOHS I, LTD**

Respondent.

---

EXHIBIT _18_ TO APPELLANT'S FIRST

SUPPLEMENTAL APPENDIX TO INITIAL BRIEF

---

NO. 97-40590

| | | |
|---|---|---|
| CHOICE CAR WASH, INC., | )( | IN THE DISTRICT COURT |
| BUSINESS AND OWNERSHIP | )( | |
| LIABILITIES TAKEOVER CORPORATION, | )( | |
| and DOV AVNI KAMINETZKY, | )( | |
| Plaintiffs; | )( | |
| | )( | FOR HARRIS COUNTY, TEXAS |
| VS. | )( | |
| | )( | |
| DOSOHS I, LTD., | )( | |
| Defendant. | )( | 11th JUDICIAL DISTRICT |

## <u>ORDER DISMISSING PLAINTIFFS' SUIT</u>

The Court acknowledges that plaintiffs have filed a Notice of Non-Suit of the causes of action alleged by plaintiffs in the captioned case.

Accordingly, it is ORDERED by the Court that the petition of plaintiffs on file herein is dismissed, without prejudice to the right of plaintiffs to refile the causes of action alleged in their petition.

SIGNED on this 24th day of September, 1998.

_____
Judge Presiding

RECORDER'S MEMORANDUM
This Instrument is of poor quality
at the time of imaging

165

# 14-14-00410-CV

**DOV K. AVNI,**

Petitioner,

V.

**DOSOHS I, LTD**

Respondent.

EXHIBIT *19* TO APPELLANT'S FIRST

SUPPLEMENTAL APPENDIX TO INITIAL BRIEF

p.2   P-1
PABAX

NO. 97-40590

CHOICE CAR WASH, INC.,              )(      IN  THE  DISTRICT  COURT
BUSINESS AND OWNERSHIP              )(
LIABILITIES TAKEOVER CORPORATION,   )(
and DOV AVNI KAMINETZKY,            )(
                    Plaintiffs;     )(
                                    )(      FOR HARRIS COUNTY, TEXAS
VS.                                 )(
                                    )(
DOSOHS I, LTD.,                     )(
                    Defendant.      )(      11th  JUDICIAL  DISTRICT

### ORDER OF ABATEMENT

This Court is of the opinion that the captioned lawsuit should be abated until the judgment entered by Judge Manuel Leal in Adversary No. 96-4671, United States Bankruptcy Court for the Southern District of Texas, becomes final and non-appealable, and IT IS SO ORDERED, effective as of August 31, 1998, at 8:30 a.m.

SIGNED on this ____ day of September, 1998.

_____
Judge Presiding

APPROVED AS TO FORM BY:

_____
Michael C. Whalen,
Attorney for Plaintiffs
Choice Car Wash, Inc., and
Business and Ownership
Liabilities Takeover Corporation

_____
Dov Avni Kaminetzky, Pro Se

_____
Celinda Baez Guerra,
Attorney for Defendant

166

# 14-14-00410-CV

**DOV K. AVNI,**

*Petitioner,*

V.

**DOSOHS I, LTD**

*Respondent.*

---

**EXHIBIT 21** TO APPELLANT'S FIRST

**SUPPLEMENTAL APPENDIX TO INITIAL BRIEF**

---

NO. 97-40590

| | | |
|---|---|---|
| CHOICE CAR WASH, INC. AND | () | IN THE DISTRICT COURT OF |
| BUSINESS AND OWNERSHIP LIABILITIES | () | |
| TAKEOVER CORPORATION (DEL),INC. and | () | |
| DOV AVNI KAMINBETZKY,PRO-SE LITIGANT | () | |
| Plaintiffs, | () | |
| | () | |
| VS. | () | HARRIS COUNTY,T E X A S |
| | () | |
| DOSOHS I, LTD. | () | |
| Defendant. | () | 11TH JUDICIAL DISTRICT |

<u>NOTICE OF FILING AND SERVING NOTICE BY JOINT PLAINTIFF DOV
AVNI KAMINETZKY,PRO-SE LITIGANT,OF THE IMMEDIATE WITHDRAWL
OF THE NOTICE OF PARTIAL NON-SUIT,WITHOUT PREJUDICE, OF ALL
SPECIFIC CLAIMS AND SEGMENTS OF PLEADINGS THAT ARE PRECLUDED
BY FINAL CORRECTED JUDGMENT,ENTERED ON 6/16/98 IN ADVERSARY
CASE 96-4671 [SAMANTHA],WHICH HE HAS FILED ON AUGUST 20,1998.</u>

TO: Dosohs I, Ltd. by and through its attorney of record,Michael
Flume of Munn & Flume, One Oak Park, 1020 N.E.Loop 410,Suite
200, San Antonio,Texas 78209-1218;Facsimile:(210) 821-6069.

Co-Plaintiffs Choice Car Wash,Inc.["CCW"], Business &Ownership
Liabilities Takeover Corporation ["BOLT"] by and through their
attorney of record Michael C. Whalen, 2901 Wilcrest, Suite 105
Houston, Texas 77042; Facsimile :(713) 782-0909

COME NOW Plaintiff Dov Avni Kaminetzky ["DAK"],Joint Plaintiff
in the above entitled and numbered civil cause, and files his
Notice of Immediate Withdral, of the Prior Motice he filed on
8/20/1998 of a Partial Non-Suit, Without Prejudice, pursuant to
Rule 162[TRCP] of all specific claims and segments of pleadings
that are precluded by a "Final Corrected Judgment",entered on
June 16,1998 in Adversary Case 96-4671 v. Samantha Corporation,
Inc.] prior to 8/20/98 ruling on Dosohs Motion for Partial S/J.
An appropriate order will be filed and served seperately .

Respectfully submitted, _____

Dov Avni Kaminetzky
Joint Plaintiff,pro-se
1609 S.Kirkwood # A
Houston,TX 77077-3158
Tel: (281) 493-6965
Fax: (713) 270-5505

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing
notice and the attached order is being forwarded on this 26 day,of
October, 1998 to all counsel of record in this case,as follows:

CHARLES BACARISSE
DISTRICT CLERK
HARRIS COUNTY. TX
98 OCT 26 PM 1:29
AFTER HOURS FILING

Celinda Baez Guerra
Michael C. Whalen

W/Enclosure
(Order Granting Non-Suit)

_____
Dov Avni Kaminetzky
Joint Plaintiff-Prose

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

173

**DOV AVNI KAMINETZKY**
**Business Information,Analysis,Reporting and Management Services**
1609 South Kirkwood # B                    Tel: (281) 493-6965
Houston,Texas 77077-3158                    Fax: (713) 270-5505

---

October 26,1998

Honorable Mark Davidson
11th District Court,Harris County
Harris County Civil Courts Bldg.
301 Fannin Street, Room 306
Houston,Texas 77002
**Attention**: Ms.Susan Puett

RE: **Cause No. 97-40590**
    **Choice Car Wash,Inc. and Business Ownership and**
    **Liabilities Takeover Corporation v.Dosohs I,Ltd**.

Dear Susan :

     Enclosed please find the following documents to be filed and
attended to ,with respect to the above captioned and entitled case,
a notice of withdrawl of prior notice of non-suit by D. Kaminetzky,
filed in this case on the morning of August 20,1998,before the oral
hearing on Dosohs I,Ltd's motion for partial summary judgment.

     A true copy thereof is also forwarded to each counsel of record
in this case,

                         Truly yours,  _Dov Avni Kaminetzky_
                         Dov Avni Kaminetzky
                         Joint Plaintiff-pros

W/Enclosures

CC:

     Celinda Baez Guerra
     Michael C. Whalen

FILED
CHARLES BACARISSE
DISTRICT CLERK
HARRIS COUNTY, TEXAS
98 OCT 26 PM 7:28
AFTER HOURS FILING

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

174

# 14-14-00410-CV

**DOV K. AVNI,**
                    *Petitioner,*

            V.

**DOSOHS I, LTD**
                    *Respondent.*

---

## EXHIBIT 22 TO APPELLANT'S FIRST

## SUPPLEMENTAL APPENDIX TO INITIAL BRIEF

CHOICE CAR WASH, INC. AND () IN THE DISTRICT COURT OF
BUSINESS AND OWNERSHIP LIABILITIES ()
TAKEOVER CORPORATION (DEL.),INC. ()
and DOV AVNI KAMINETZKY,A PRO-SE ()
LITIGANT. Plaintiffs, ()
()
VS. () HARRIS COUNTY,T E X A S
()
DOSOHS I, LTD. Defendant. () 11TH JUDICIAL DISTRICT

## ORDER GRANTING KAMINETZKY WITHDRAWL OF PARTIAL NON-SUIT

Came on for consideration on this day the Notice of Immdeiate Withdrawl,of the Prior Notice of Immediate Dismissal and Non-Suit, Without Prejudice by Kaminetzky,pursuant to provisions of Rule 162. [TRCP] of all specific claims and segments of pleadings that are precluded by a "Final Corrected Judgment",entered on June 16,1998 in Adversary Case 96-4671 [In Re:Samantha Corporation,Inc.,debtor]3 filed prior to 8/20/1998 ruling on Dosohs' Motion for Partial S/J. by Joint Plaintiff Dov Avni Kaminetzky, appearing herein prose,and the court, finds Kaminetzky's request to be timely and well taken, and to be fully supported by legal authrorities. It is therefore, ORDERED,ADJUDGED AND DECREED that Kaminetzky's Notice of Withdrawl of Prior Mon-Suit Without Prejudice of the claims and segments of pleadings that are precluded by "Final Corrected Judgment",entered on June 16,1998 in Adversary Case 96-4671 [In Re:Samantha,Debtor], IS GRANTED, and Kaminetzky's live pleadings,incorporated in the 7th Amended Petition,filed on August 31,1998 on 8.00AM are hereby REINSTATED,SUBJECT TO THE UNAPPEALABLE ORDER OF ABATEMENT OF THIS CASE,SIGNED AND FILED ON SEPTEMBER 24,1998,BUT EFFECTIVE 8/32/1998 ALL OTHER RELIEF NOT EXPRESSLY GRANTED HEREIN IS HEREBY DENIED.

Signed this ___day of _____,1998

Approved as to form:

_Dov Avni Kaminetzky_

Dov Avni Kaminetzky,Plaintiff
1609 S.Kirkwwod,Houston,TX

THE HONORABLE MARK DAVIDSON
11TH STATE DISTRICT COURT JUDGE

175

# 14-14-00410-CV

DOV K. AVNI,

Petitioner,

V.

DOSOHS I, LTD

Respondent.

---

EXHIBIT $\underline{\mathcal{23}}$ TO APPELLANT'S FIRST

SUPPLEMENTAL APPENDIX TO INITIAL BRIEF

---

NO. 97-40590

CHOICE CAR WASH, INC.,          )(     IN THE DISTRICT COURT
BUSINESS AND OWNERSHIP          )(
LIABILITIES TAKEOVER CORPORATION, )(
and DOV AVNI KAMINETZKY,        )(
                    Plaintiffs;  )(
                                )(     FOR HARRIS COUNTY, TEXAS
VS.                             )(
                                )(
DOSOHS I, LTD.,                 )(
                    Defendant.   )(     11th JUDICIAL DISTRICT

## MOTION TO VACATE
## ORDER DISMISSING PLAINTIFFS' SUIT

Plaintiffs Choice Car Wash, Inc., Business and Ownership Liabilities Takeover Corporation, and Dov Avni Kaminetzky, pro se, move the court to vacate the Order Dismissing Plaintiffs' Suit which was signed by the court following the voluntary non-suit filed previously by plaintiffs herein.

Plaintiffs acknowledge that the captioned lawsuit is subject to an Order of Abatement signed by the court on September 24, 1998.

Respectfully submitted,

MICHAEL C. WHALEN
State Bar No. 21239000
2901 Wilcrest, Suite 105
Houston, Texas  77042
Tel: (713) 782-0065
Fax: (713) 782-0909
ATTORNEY FOR PLAINTIFFS
CHOICE CAR WASH, INC., and
BUSINESS AND OWNERSHIP
LIABILITIES TAKEOVER CORP.

Dov Avni Kaminetzky, Pro Se

(by permission)

**RECORDER'S MEMORANDUM**
This instrument is of poor quality
at the time of imaging

169

## CERTIFICATE OF SERVICE

The undersigned attorney of record for the corporate plaintiffs and the undersigned pro se litigant hereby certify that a true copy of the foregoing document has been furnished to the below named attorneys of record for defendant by certified U.S. mail, return receipt requested, or by facsimile transmission on the __26ᵗʰ__ day of October, 1998.

Michael A. Flume
Celinda Baez Guerra
Munn & Flume
Attorneys at Law
1020 N.E. Loop 410, Suite 200
San Antonio, TX  78209
Fax #:  (210) 821-6069

Michael C. Whalen,
Attorney for the
corporate plaintiffs

Dov Avni Kaminetzky

(by permission)

-2-

# 14-14-00410-CV

**DOV K. AVNI,**
                    *Petitioner,*

v.

**DOSOHS I, LTD**
                    *Respondent.*

---

EXHIBIT _24_ TO APPELLANT'S FIRST

SUPPLEMENTAL APPENDIX TO INITIAL BRIEF

---

NO. 97-40590

| | | |
|---|---|---|
| CHOICE CAR WASH, INC., | )( | IN THE DISTRICT COURT |
| BUSINESS AND OWNERSHIP | )( | |
| LIABILITIES TAKEOVER CORPORATION, | )( | |
| and DOV AVNI KAMINETZKY, | )( | |
| Plaintiffs; | )( | |
| | )( | FOR HARRIS COUNTY, TEXAS |
| VS. | )( | |
| | )( | |
| DOSOHS I, LTD., | )( | |
| Defendant. | )( | 11th JUDICIAL DISTRICT |

## ORDER VACATING ORDER DISMISSING PLAINTIFFS' SUIT

The Court acknowledges that plaintiffs have filed a Motion to Vacate the Order Dismissing Plaintiffs' Suit, which Order was signed by the court after plaintiffs filed their voluntary non-suit in the captioned case.

Accordingly, it is ORDERED by the Court that the previous Order Dismissing Plaintiffs' Suit is vacated, and plaintiff's suit is reinstated on the court's docket, subject to the Order of Abatement now pending in this suit.

SIGNED on this_____day of_____, 1998.

_____
Judge Presiding

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

171

FILED
CHARLES BACARISSE
DISTRICT CLERK
HARRIS COUNTY, TEXAS

98 OCT 26 PM 11: 28

AFTER HOURS FILING

10·26·98

172

# 14-14-00410-CV

DOV K. AVNI,

          *Petitioner,*

     V.

DOSOHS I, LTD

          *Respondent.*

## EXHIBIT 25 TO APPELLANT'S FIRST

## SUPPLEMENTAL APPENDIX TO INITIAL BRIEF



| | | |
|---|---|---|
| CHOICE CAR WASH, INC., | )( | IN THE DISTRICT COURT |
| BUSINESS AND OWNERSHIP | )( | |
| LIABILITIES TAKEOVER | )( | |
| CORPORATION, and DOV AVNI | )( | |
| KAMINETZKY, PRO SE, | )( | |
| Plaintiffs; | )( | FOR HARRIS COUNTY, TEXAS |
| | )( | |
| VS. | )( | |
| | )( | |
| DOSOHS I, LTD., | )( | |
| Defendant. | )( | 234TH JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION
## BRINGING ACTION IN TRESPASS TO TRY TITLE
## AND SEEKING DAMAGES FROM DEFENDANT

TO THE HONORABLE DISTRICT COURT JUDGE:

Plaintiffs CHOICE CAR WASH, INC., BUSINESS AND OWNERSHIP LIABILITIES TAKEOVER CORPORATION, and DOV AVNI KAMINETZKY, in his individual capacity, file this original petition and seek judgment of the court that the deed of trust foreclosure sale of the hereinafter described "Softouch Car Wash Property" allegedly conducted by Dosohs I, Ltd., ("Dosohs") is void, that the substitute trustee's deed issued to Dosohs after the alleged foreclosure sale is void and is set aside, that the debt secured by the deed of trust involved is barred by the statute of limitations, further bringing action in trespass to try title to establish that plaintiffs have good title to the Softouch Car Wash Property and have the right to possession of the property against the claims of Dosohs, further seeking actual and punitive damages from defendant Dosohs, and respectfully would show the Court as follows:

RECORDER'S MEMORANDUM
This Instrument is of poor quality
at the time of imaging

176

### 1.

Plaintiff Choice Car Wash, Inc., ("CCW"), is a Texas corporation which maintains its principal office at 8901 W. Bellfort, Suite C, Houston, Texas 77031-2407.

Plaintiff Business and Ownership Liabilities Takeover Corporation ("BOLT") is a Delaware corporation which maintains its principal office at 150-B Forest Drive, Jericho, NY 11753 and maintains a Texas office at 1609 S. Kirkwood, Suite B, Houston, TX 77077-3158.

Plaintiff Dov Avni Kaminetzky ("Kaminetzky") maintains a Texas residence in Harris County, Texas, at 1609 S. Kirkwood, Suite A, Houston, TX 77077-3158.

### 2.

Defendant Dosohs I, Ltd., ("Dosohs"), is a Texas limited partnership, and service of process may be made on Matt N. Molak, president of Dosohs I, Inc., a Texas corporation which is the general partner of Dosohs I, Ltd., at the corporate offices of Dosohs I, Inc., located at 1020 N.E. Loop 410, Suite 500, San Antonio, TX 78209-1218 [Telephone: (210) 828-5641].

### 3.

Venue is proper in Harris County, Texas, because the real property involved is situated in Harris County, Texas.

### 4.

The court has jurisdiction of defendant Dosohs I, Ltd., because the defendant is a Texas limited partnership, has jurisdiction of the trespass to try title action pursuant to Article V of the Texas Constitution, and the amount of damages sought is within the jurisdictional limits of the court.

-2-

177

**5.**

The real property which is the subject of this action consists of a .9986-acre tract of land containing a full-service car wash and related improvements, (herein called the "Softouch Car Wash Property"), such property being located at 8901 W. Bellfort, Houston, Harris County, Texas, and more particularly described in the deeds referred to below.

**6.**

Plaintiffs collectively were the record owners of title to the Softouch Car Wash Property, were in possession thereof at the time of the deed of trust foreclosure sale allegedly held by Dosohs, and claim valid fee simple title to said property under the deeds to Plaintiffs that are listed on Exhibit "A" attached hereto.

Plaintiff CCW claims to own a 20.25% undivided interest in the fee simple title to the Softouch Car Wash Property, plaintiff BOLT claims to own a 60.75% undivided interest in the fee simple title to the Softouch Car Wash Property, and plaintiff Kaminetzky claims to own a 19% undivided interest in the fee simple title to the Softouch Car Wash Property.

Plaintiffs will show that the common source of title to the Softouch Car Wash Property is Samantha Corporation, Inc. ("Samantha"), and will produce at trial certified copies of the deeds itemized on the attached Exhibit "A" showing a chain of title emanating from the common source.

-3-

178

7.

Defendant Dosohs I, Ltd., allegedly conducted a deed of trust foreclosure sale of the Softouch Car Wash Property on Tuesday, September 2, 1997, on the ground that Samantha Corporation, Inc., failed to pay a promissory note payable to Security Bank in the original principal amount of $850,000.00, which note [after extensions] had a maturity date of August 15, 1990, (see Exhibits "B", "C" and "D" attached hereto) and claims title to and the right to possession of the Softouch Car Wash Property pursuant to the substitute trustee's deed executed after the alleged foreclosure sale. (A copy of the deed of trust relied upon by Dosohs is attached hereto as Exhibit "E".)

8.

However, the deed of trust foreclosure sale of the Softouch Car Wash Property allegedly conducted by defendant Dosohs I, Ltd., is void for at least the following reasons:

(a) The $850,000 promissory note relied upon by Dosohs was cancelled in the hands of the Federal Deposit Insurance Corporation ("FDIC"), as receiver for Security Bank (see Exhibit "F" attached hereto).

(b) Demand letters from the FDIC, dated January 31, 1990, and February 5, 1990, show that the cause of action on the $850,000 note had accrued and was barred by the statute of limitations months before the date of the foreclosure sale allegedly conducted by Dosohs (see Exhibits "G" and "H" attached hereto).

-4-

179

(c)   The notice of foreclosure sale was not posted at the courthouse door, and did not provide 21 days notice after "receipt" of the notice, as required by the deed of trust (see Exhibit "E").

(d)   Notice of foreclosure sale was not given to the trustee in bankruptcy for Samantha Corporation, Inc., and was not given at the correct address for Samantha Corporation, Inc. (see Exhibit "I" attached hereto).

(e)   The notice of foreclosure sale was not posted in three (3) separate places, as required by the deed of trust (see Exhibit "E"), but was admittedly posted in only one place (see testimony attached hereto as Exhibit "J").

9.

Dosohs I, Ltd., by persisting in its knowingly wrongful attempts to collect a barred debt and to conduct a deed of trust foreclosure sale of the Softouch Car Wash Property, has required plaintiffs to incur actual damages and plaintiffs should be awarded recovery of such actual damages from Dosohs.

10.

Plaintiffs allege further that defendant Dosohs is guilty of malice by wrongfully attempting to obtain possession of and title to the Softouch Car Wash property with full knowledge that such attempts have been wrongful.

As a consequence of such unconscionable and malicious conduct by the representatives of Dosohs, plaintiffs assert that punitive damages should be assessed against Dosohs and awarded to plaintiffs in such amount as may be determined by the jury, both

-5-

as punishment and as an example to dissuade others from pursuing a similar course of action.

WHEREFORE, premises considered, plaintiffs pray that after a full trial on the merits the court render its judugment that the deed of trust foreclosure sale allegedly conducted by Dosohs is void, that the resulting substitute trustee's deed issued to Dosohs is set aside as void, that valid title to and the right of possession of the Softouch Car Wash Property is vested in plaintiffs in the undivided interests set out above, pray further for recovery of damages, both actual and punitive, which are attributable to the knowingly wrongful attempts of Dosohs I, Ltd., to accomplish a deed of trust foreclosure sale of the Softouch Car Wash Property, in such amount as may be awarded by the court or jury, pray further for recovery of their costs of suit and reasonable attorney fees, and pray further for such other legal and equitable relief to which plaintiffs may be justly entitled.

Respectfully submitted,

Michael C. Whalen
State Bar No. 21239000
2901 Wilcrest, Suite 155
Houston, Texas 77042
Tel: (713) 782-0065
Fax: (713) 782-0909
Attorney for Plaintiffs
Choice Car Wash, Inc., and
Business and Ownership
Liabilities Takeover Corporation

Dov Avni Kaminetzky, Pro Se

-6-

181

STATE OF TEXAS )
                )
COUNTY OF HARRIS )

BEFORE ME, the undersigned authority, on this day personally appeared DOV AVNI KAMINETZKY, who stated to me that he is the pro se litigant and the managing vice president of the corporate plaintiffs in the captioned lawsuit, and who, after being duly sworn by me, stated that he has read the foregoing pleading and that the statements made therein are true and correct.

_____
Dov Avni Kaminetzky

SUBSCRIBED AND SWORN TO before me on this 14th day of December, 1998, by Dov Avni Kaminetzky, to certify which I affix my hand and seal of office.

_____
Notary Public,
State of Texas



SHEKHAR SHROFF
Notary Public, State of Texas
My Commission Expires
April 18, 2002

—7—

# 14-14-00410-CV

**DOV K. AVNI,**

*Petitioner,*

v.

**DOSOHS I, LTD**

*Respondent.*

EXHIBIT 26 TO APPELLANT'S FIRST

SUPPLEMENTAL APPENDIX TO INITIAL BRIEF

## EXHIBIT "A"

### PLAINTIFFS' TITLE CHAIN EMANATING FROM SAMANTHA AS COMMON SOURCE WITH RESPECT TO THE " SOFTOUCH CAR WASH " PROPERTY

1.  By Special Warranty Deed executed on January 7,1994 and filed on May 9,1994 in the office of the Harris County Clerk under File No. P849765, Samantha Corporation, Inc. {"Samantha"} conveyed all its rights,interest and title to the "Softouch Car Wash" property therein described{"Property"} to Choice Acquisitions No.Four,Inc. {"CA-4"} and Dov Avni Kaminetzky,Trustee {"Kaminetzky" }, thereby acknowleding and settling the undisputed claims of Kaminetzky and CA-4 to title by adverse possession of the property and business.

2.  By Special Warranty Deed executed on June 15, 1994 and filed on same date in the office of the Harris County Clerk under File No.P914040, Choice Acquisitions No. Four,Inc. {"CA-4"} conveyed an undivided interest of 82.00% in the real property and improvements of the "Softouch Car Wash" property therein described {"Property"} and all its interests in the business thereon conducted to Fraud Busters and Recoveries of America,Inc.("FBR",Delaware corporation) subject to the specific terms as to participation and partition of interests contained in venture agreement executed contemoraneously therewith.

3.  By Special Warranty Deed executed on June 15, 1994 and filed on same date in the office of the Harris County Clerk under File No.P_____,Dov Avni Kaminetzky,Trustee{"Kaminetzky"} conveyed an undivided interest of 18.00% in the real property and improvements of the "Softouch Car Wash" property therein described{"Property"}, but excluding any interest in the business activities , now or in the future thereon conducted, to Choice Acquisitions No.One.,Inc.. which later filed voluntary petition in bankruptcy under Chapter "7", under Case No.94-46087-H3-7, declaring therein its ownership interest in the "Softouch" property,being subject to the specific terms as to participation and partition of interests contained in a joint venture agreement executed contemoraneously therewith.

4.  By Special Warranty Deed executed on May 17,1995 (but effective as of May 9, 1995 ), which was filed on same date in the office of the Harris County Clerk under File No.R 401059,Choice Acquisitions No.One,Inc.{"CA-1"},conveyed after emerging from Bankruptcy on May 4, 1995 an undivided interest of 18.00% in the real property and improvements of the "Softouch Car Wash" property {"Property"}, but excluding any interest in the business activities, now or in the future thereon conducted, to Samantha Corporation,Inc, subject to the specific terms as to participation and partition of interests contained in venture agreement executed contemoraneously therewith

5.  By Special Warranty Deed executed on May 22,1995 (but effective as of 5/17/1995)and filed in the office of the Harris County Clerk under File No._____,Fraud Busters and Recoveries of America,Inc {"FBR"} conveyed an undivided interest of 22.55% in the "Softouch Car Wash"property therein described{"the Property"}and in business activities thereon conducted to Choice Acquisitions No.Three,Inc. {"CA-3"},subject to the specific terms as to participation and to partition of interests contained in a venture agreement executed contemoraneously therewith.

PLAINTIFF'S EXHIBIT "A"

Pg.1 of 2

183

6. By Quitclaim Deed executed on July 26,1995,Samantha Corporation Inc.,conveyed an undivided interest of 18.00% in the real property and the improvements of " Softouch Car Wash " property as therein described {"Property"}, but excluding any interest in the business activities thereon conducted, which were granted to it on May 17, 1995, back to Choice Acquisitions No. One, Inc.["CA-1"1,acting by and through Dov Avni Kaminetzky,its president.

7. By Special Warranty Deed executed on July 16,1997 ,(immediately after the automatic stay pursuant to 11 U.S.C. 362, was terminated in Bankruptcy 95-45547-H1-7, In Re:Samantha,Debtor), and filed on July 18,1997 in the office of the Harris County Clerk under File No.S548428, Choice Acquisitions No.Three, Inc. and Fraud Busters and Recoveries of America,Inc. jointly conveyed undivided interest of 82.00% in the real property and the improvements of " Softouch Car Wash" property therein described {"the Property"}, and in all business activities thereon conducted to the corporate Plaintiffs, Choice Car Wash,Inc. {"CCW"} and Business Ownership Liabilities Takeover Corporation, {Delaware},Inc.{"BOLT"},both acting by and through Dov Avni Kaminetzky as their managing vice president.

8. By Quitclaim and Correction Deed executed on July 30,1997 and filed on July 31, 1997 in the office of the Harris County Clerk under File No.S569379, Choice Acquisitions No.Four,Inc.,["CA-4"], acting as successor by merger to Choice Acquisitions No.One,Inc. {"CA-1"}, subsequent to a merger which took place on February 7, 1996,conveyed an undivided interest of 18.0% in the real property and the improvements of " Softouch Car Wash" property as therein described {"the Property"},but excluding any interest in business activities thereon conducted to Dov Avni Kaminetzky,Trustee.[DART]

9. By Special Warranty Deed executed on August 1,1997 and filed on August 4, 1997 in the office of the Harris County Clerk under File No.S575264,Dov Avni Kamintezky,Trustee conveyed undivided interest of 18.00% in the real property and the improvements of " Softouch Car Wash"property therein described {"the Property"},but excluding any interest in the business activities thereon conducted, to the Plaintiffs, Choice Car Wash,Inc. {"CCW"} and Business & Ownership Liabilities Takeover Corporation, {Delaware},Inc.{"BOLT"}.

10. By a Special Warranty Deed executed on September 2, 1997 and filed on before 9.41Am on the same day in the office of the Harris County Clerk under File No.S575264,Plaintiffs,Choice Car Wash,Inc. {"CCW"} and Business & Ownership Liabilities Takeover Corporation, {Delaware},Inc.{"BOLT"}.conveyed an undivided interest of 7.00% in the real property and improvements of "Softouch Car Wash" property therein described {"the Property"}, and in the business activities thereon conducted, to Dov Avni Kaminetzky,individually.{"D.A.K."}.

12. By a Correction Deed executed on September 2,1997 and filed on September 3,1997 in the office of the Harris County Clerk under File S620270,Plaintiffs,Choice Car Wash,Inc. {"CCW"} and Business Ownership Liabilities Takeover Corporation,{Delaware},Inc.{"BOLT"} amended their previous conveyance to reflect an undivided interest of 19.00% in the real property and improvements of " Softouch Car Wash" property therein described {"the Property"},and in business activities thereon conducted,which was conveyed as of Septemebr 2, 1997 on 9.41Am to Dov Avni Kaminetzky,individually.{"D.A.K."}.

Pg. 2 of 2

184

# 14-14-00410-CV

DOV K. AVNI,

*Petitioner,*

V.

DOSOHS I, LTD

*Respondent.*

EXHIBIT 27 TO APPELLANT'S FIRST

SUPPLEMENTAL APPENDIX TO INITIAL BRIEF

Molak
EXHIBIT NO. 14
7-28-98JH

# PROMISSORY NOTE

$850,000.00                 Houston, Texas                 July 26, 1984

FOR VALUE RECEIVED, SAMANTHA CORP., INC., a Texas corporation, acting by and through its duly authorized officer (hereinafter called "Maker") PROMISES TO PAY TO THE ORDER OF SECURITY BANK, (hereinafter, together with all subsequent holders of this Note, called "Payee") on demand and if no demand on or before the 26th day of July, 1989, (the "Maturity Date"), as hereinafter provided, the principal sum of EIGHT HUNDRED FIFTY THOUSAND AND NO/100 DOLLARS ($850,000.00), together with interest on the unpaid principal balance from time to time outstanding at the lesser of the applicable rate (as hereinafter defined) or the maximum, rate (as hereinafter defined). As used herein, the term "Applicable Rate" shall mean the rate of interest per annum equal to the Prime Rate as hereinafter defined plus four percent (4%). The "Maximum Rate" shall be the maximum lawful rate which may be constracted for, charged for, taken, received or reserved by Payee in accordance with the laws of the State of Texas from time to time in effect except to the extent the United States Federal Law permits the Payee to contract for, charge, or receive a greater amount of interest, due credit being given for all charges made in connection with the loan evidenced hereby that may be treated as interest under applicable laws. Notwithstanding anything in the preceding sentences to the contrary, if at any time the applicable rate exceeds the maximum rate, the rate of interest payable hereunder shall be limited to the maximum rate provided, however, that any subsequent reduction in the applicable rate shall not reduce the applicable rate below the maximum rate until the total amount of interest earned hereunder equals the total amount of interest which would have been earned at the applicable rate if the applicable rate had in all times been in effect.

Interest based on a three hundred sixty-five day year, will be accrued on the number of days the funds are actually outstanding. If no demand is made, then the principal and interest of this Note shall be due and payable in monthly installments of $12,825.00, each, payable on the 26th day of each and every calendar month, beginning the 26th day of August, 1984, and shall continue monthly thereafter, until the maturity date, at which time all accrued and unpaid interest and any and all unpaid principal balance hereof shall be due and payable in full.

The foregoing installments of principal and interest have been amortized based on an interest rate of eighteen percent per annum over a term of three hundred sixty months, however, the use of eighteen percent per annum and a term of three hundred sixty months for the purpose of amortization shall in no manner affect the actual rate of interest accruing on this note as provided above or the final maturity date of this note as provided above. Furthermore, quarterly beginning the 26th day of October, 1984, from the date hereof an amount equal to the amount of principal which would normally be paid under the aforesaid amortization for the preceding quarter less the amount of principal actually paid for the preceding quarter, plus any accrued but unpaid interest, shall be due and payable (in addition to the monthly installments herein provided to be paid) upon Payee furnishing Maker a statement of the amount due and owing as provided above, so that the monthly installments due thereafter shall properly amortize the unpaid principal over the remaining term used for the amortization of this note based on an interest rate of eighteen percent per annum. Failure of Maker to make this additional payment of principal and interest, if any, shall be an event of default under this Note and the instruments securing same.

"Prime rate" shall mean the prime rate of interest per annum publicly announced and charged from time to time by Security





PLAINTIFF'S EXHIBIT "B"



Bank, Houston, Harris County, Texas ("Security Bank") as its general reference rate of interest. Subject to the provisions of the preceding paragraphs hereof, each change in the applicable rate provided for herein with the fluctuation of such prime rates shall become effective on the date each such change in prime rate is established hereof. Maker and any endorser or guarantors hereof agree that the time for any payments hereunder may be extended from time to time without notice and consent to the acceptance of further security for the release of any existing security for this Note all without in any manner affecting their liability under or with respect to this Note. No extension of time for the payment of this Note or any installment hereof shall affect the liability of the Maker under this Note even though Maker is not a party to such agreement.

If (i) default is made in the payment in whole or in part of any sum provided for herein or (ii) an event of default shall occur under any instrument executed as security for, as evidence of, or otherwise in connection with this Note or the indebtedness evidenced hereby (hereinafter all such instruments are collectively called the "Security Instruments"), then Payee, at its option, without further notice or demand, declare the unpaid principal and accrued interest on this Note at once due and payable, foreclose all liens securing payment hereof, pursue any and all other rights, remedies, and recourse available to Payee, or pursue any combination of the foregoing, all remedies hereunder and the Security Instruments being cumulative.

Upon the occurrence of a default hereunder or in any Security Instruments, at the option of the Payee, all amounts payable hereunder or under the Security Instruments shall bear interest for the period beginning with the date of the occurrence of such default at a rate of interest per annum (the "Default Rate"), payable on the first day of each and every month, equal to the Maximum Rate.

Failure to exercise any of the foregoing options upon the happening of one or more of the foregoing events shall not constitute a waiver of the right to exercise the same or any other option at any subsequent time in respect to the same or any other event. The acceptance by Payee of any payment hereunder that is less than the payment in full of all the amounts due and payable at the time of such payment shall not constitute a waiver of the right to exercise any of the foregoing options at that time or at any subsequent time, or nullify any prior exercise of such option without the express written consent of the Payee.

All amounts payable hereunder are payable in lawful money of the United States of America. Maker agrees to pay all costs of collection hereof when incurred, including but not limited to reasonable attorney's fees, whether or not any action shall be instituted to enforce this Note.

This Note shall be governed by and construed according to the laws of the State of Texas from time to time in effect except to the extent United States Federal Law permits the Payee to contract for, charge or receive a greater amount of interest.

It is expressly stipulated and agreed to be the intent of the Maker and the Payee to at all times comply with the applicable law now or hereinafter governing the interest payable on this Note. If the applicable law is ever revised, repealed, or judicially interpreted so as to render usurious any amount called for under this Note or under any of the security instruments, or contracted for, charged, taken, reserved or received with respect to the loan evidenced by this Note, or if Payee's exercise of the option herein contained to accelerate the maturity of this Note or if any prepayment by Maker results in Maker having paid any interest in excess of that permitted by law, then it is Maker's and Payee's express intent that all excess amounts theretofore collected by Payee be credited on the principal balance of this Note (or, if the Note has been paid in full, refunded to Maker), and the provisions of this Note and the

-2-

186 000094

security instruments immediately be deemed reformed and the amounts thereafter collectible hereunder and thereunder reduced, without the necessity of execution of any new document, so as to comply with the then applicable law, but so as to permit the recovery of the fullest amount otherwise called for hereunder and thereunder. All notices hereunder shall be given at the following addresses:

If to maker, Samantha Corp., Inc., whose address is 4406 North Shepherd, Houston, Texas 77017.

Either party may change its address for notice purposes upon giving fifteen (15) days prior written notice thereof in accordance with this paragraph, provided, however, that the Maker maintain an address in the continental United States. All notices given hereunder shall be in writing and shall be considered properly given if mailed by first class, United States Mail, postage prepaid, registered or certified with return receipt requested, or by delivering the same in person to the intended addressee, or by prepaid telegram. Any notice mailed as above provided shall be effective upon its deposit in the custody of the United States postal service; all other notices shall be effective upon receipt.

If this Note is executed by more than one party, each such party shall be jointly and severally liable for the obligations of the Maker under this Note. If the Maker is a partnership, each general partner of the Maker shall be jointly and severally liable hereunder, and each such general partner hereby waives any requirement of law that in the event of a default hereunder the Payee exhausts any assets of the Maker before proceeding against such general partner's assets.

The Note herein is given in renewal and extension of those two certain Promissory Notes, one in the original principal sum of $1,100,000.00, dated the 30th day of January, 1984 (the "First Promissory Note") and a second Note in the amount of $275,000.00 dated the 27th day of January, 1984 (the "Second Promissory Note"), both Notes executed by the Maker and payable to the order of the Payee. The First Promissory Note in the amount of $1,100,000.00 is more fully described in and secured by the Vendor's Lien retained of even date therewith, filed for record under Harris County Clerk's File Number J3355087 of the Deed Records of Harris County, Texas upon the herein described real property, and is additionally secured by a Deed of Trust and Security Agreement of even date therewith to G. William Beale, Trustee, duly recorded under Harris County Clerk's File Number J3355088 upon the herein described real property, which lien is hereby expressly acknowledged by Maker to be a valid and subsisting lien against the property herein described, and which lien is renewed, extended and continued in full force and effect to secure the payment of the Note hereby secured and represents funds advanced by Payee to Maker hereof at Maker's special instance and request. Additionally, the Second Promissory Note dated the 27th day of January, 1984 in the amount of $275,000.00 is secured by various security agreements to Security Bank. Said security interests are hereby expressly acknowledged by Maker to be valid and subsisting security interest against the collateral therein described and which security interest is renewed, extended and continued in full force and effect to secure the payment of the Note hereby secured; and represents funds advanced by the Payee to Maker hereof at Maker's special instance and request.

Additionally, Maker acknowledges that Maker has executed a second promissory Note of even date herewith in the original principal amount of $550,000.00 payable to the order of the Payee, which is also in renewal and extension of the First Promissory Note, and it is expressly stipulated by Maker that should default be made in the payment of said $550,000.00 Note, or any part thereof, principal or interest, as the same shall become due and payable, or in any of the covenants of the Deed of Trust and Security Agreement, or any other document executed to secure the payment of said $550,000.00 Note, the indebtedness evidenced by this $850,000.00 Note, at the

-3-

187 000095

option of the holder hereof, shall at once, without further notice, all notice requirements if any, being expressly waived by the Payee, shall become due and payable.

It is expressly agreed and stipulated that the holder of these Promissory Notes shall be subrogated to all of the rights, equities, liens, and security of the original holder of said Notes which have been extended or renewed by this Note.

Payment of this Note is secured by all security agreements, mortgages, assignments, lien instruments, construction loan agreements executed by Makers or any other party in favor of Payee, including, but not limited to, those certain documents executed on even date hereof, heretofore or hereafter executed, including that certain Deed of Trust and Security Agreement of even date herewith executed by Samantha Corp., Inc. to Jack Price, Trustee, covering the following described property, to-wit:

> One (1) acre more or less out of 4.9153 acres in reserve "A" BELLFORT PLACE, a subdivision in Harris County, Texas according to the Map or Plat thereof recorded in Volume 207, Page 121 of the Map Records of Harris County, Texas. Said property being more particularly described on Exhibit "A" attached hereto and made a part hereof.

EXECUTED this __26th__ day of ___July___, 1984.

SAMANTHA CORP., INC.

_____
President
Josie Haikin

ATTEST:

_____
Secretary
Gary S. Cabot

PAY TO THE ORDER OF DOSOHS I LTD
WITHOUT RECOURSE, WARRANTY OR REPRESENTATION,
EXPRESSED OR IMPLIED. FEDERAL DEPOSIT INSURANCE
CORPORATION IN ITS CAPACITY AS LIQUIDATOR OF
SECURITY BANK #2968

BY:_____
SHERRY THIELS, ATTORNEY IN FACT

-4-

188 000096



**Accurate Reporters**

NO. 97-40590

| | |
|---|---|
| CHOICE CAR WASH, INC. AND | * IN THE DISTRICT COURT OF |
| BUSINESS AND OWNERSHIP | * |
| LIABILITIES TAKEOVER | * |
| CORPORATION (DEL.), INC. | * |
| AND DOV AVNI KAMINETZKY, | * |
| A PRO-SE LITIGANT | * |
| Plaintiffs, | * |
| | * |
| VS. | * HARRIS COUNTY, T E X A S |
| | * |
| DOSOHS I, LTD. | * |
| Defendant. | * 11TH JUDICIAL DISTRICT |

EXHIBITS 1 THROUGH 30
TO THE DEPOSITION OF
MATT N. MOLAK
JULY 28, 1998

# ORIGINAL

# 14-14-00410-CV

**DOV K. AVNI,**

*Petitioner,*

V.

**DOSOHS I, LTD**

*Respondent.*

EXHIBIT _28_ TO APPELLANT'S FIRST

SUPPLEMENTAL APPENDIX TO INITIAL BRIEF

COMMONWEALTH AND TITLE
INSURANCE COMPANY
5847 SAN FELIPE
SUITE 610
HOUSTON, TX 77057
713-760-3118
BRANCH
NAME: 2602
G9632360  L157385

L021   DOC/R:05-09-87/mja

Acc#741141  P6

182 25-2150

**MODIFICATION AGREEMENT**

| THE STATE OF TEXAS | S |
| | S |
| COUNTY OF HARRIS | S |

05/05/87  00432235  L157385  1  13.00

THIS AGREEMENT ("Agreement") made and entered into by and between SAMANTHA CORPORATION, INC., a Texas corporation, acting herein by and through its duly authorized officer (hereinafter called "Maker"), and SECURITY BANK, a state banking association (hereinafter called "Payee").

### WITNESSETH:

RECITALS:

Maker has heretofore executed and delivered its certain promissory note ("Note") dated July 26, 1984, payable to the order of Payee, in the original principal sum of EIGHT HUNDRED FIFTY THOUSAND AND NO/100 DOLLARS ($850,000.00), bearing interest and being due and payable as therein provided, and finally maturing on July 26, 1989.

The Note is secured by: (i) a Deed of Trust and Security Agreement ("Deed of Trust") of even date with the Note from Maker to Jack Price, Trustee, for the benefit of Payee, duly filed for record in Official Public Records of Real Property in the Office of the County Clerk of Harris County, Texas, under Clerk's File No. J-626467, covering and affecting certain real property and improvements in Harris County, Texas, which real property is more particularly described by metes and bounds on Exhibit "A" attached hereto and made a part hereof for all purposes (hereinafter called the "Property"); and (ii) Financing Statements of even date with the Note from Maker, duly filed for record in the Official Public Records of Real Property in the office of the County Clerk of Harris County, Texas, under Clerk's File No. J-650951.

The Note and the Deed of Trust have been modified by a Renewal, Extension and Modification Agreement dated August 15, 1985, by and among Maker and Payee, duly filed for record in the Official Public Records of Real Property in the office of the County Clerk of Harris County, Texas, under Clerk's File No. K-173262.

The Property is presently owned by Maker and Maker has requested and Payee has agreed to certain modifications to the Note as hereinafter provided.



PLAINTIFF'S
EXHIBIT
"D"
(12-14-98)

000106



Molak
EXHIBIT NO. 17

## AGREEMENTS:

For and in consideration of the premises, and the sum of TEN AND NO/100 DOLLARS ($10.00) cash and other good and valuable consideration in hand one to the other paid, the receipt and sufficiency of which are hereby acknowledged and confessed, Payee and Maker hereby agree as follows:

1.   The unpaid principal balance of the Note as of February 15, 1987 is $638,199.79, such principal sum being acknowledged by Maker and Payee.

2.   The interest rate on the Note shall be reduced from thirteen percent (13%) per annum to eleven percent (11%) per annum, effective February 15, 1987.

3.   The monthly payments of principal and interest shall be reduced from $7,350.00 to $6,353.09, effective as of February 15, 1987, when the first payment of $6,353.09 is due and payable.

4.   The maturity date of August 15, 1990, shall remain unchanged.

5.   Simultaneously with the execution of this Agreement, Maker shall pay to Payee a modification fee in the amount of $10,000.00.  Said modification fee shall not be applied to the unpaid principal balance of the Note or the interest accrued thereon.

6.   Maker hereby ratifies, confirms, reaffirms, acknowledges, and agrees that the Note, the Renewal, Extension and Modification Agreement dated August 15, 1985, or any renewal and extension of same, the Deed of Trust, the Financing Statements, and each and every other document or instrument which evidences or secures the payment of the Note, represents the valid, enforceable obligations of the Maker, and Maker further acknowledges that there are no existing agreements, defenses, personal or otherwise, or rights of setoff whatsoever with respect to any of the foregoing instruments or documents, and Maker further acknowledges and represents that to its knowledge and belief, no event has occurred and no condition exists which would constitute a default under any of the aforementioned instruments or documents, or this Agreement, either with or without notice or lapse of time or both.

7.   Maker and Payee hereby agree that except as specifically modified herein, all of the terms and provisions of the Note, the Renewal, Extension and Modification Agreement dated August 15, 1985, or any renewal and extension of same, the Deed of Trust, the Financing Statements, and all other documents and instruments executed in connection with the Note are hereby ratified and reaffirmed, and Maker specifically acknowledges the validity and enforceability thereof.

8.   Maker and Payee hereby agree that this Agreement modifies the Note, the Renewal, Extension and Modification Agreement dated August 15, 1985, the Deed of Trust, and the Financing Statements, and in no way acts as a release or relinquishment of the liens, security interests and rights ("Liens") securing the payment of the Note, including without limitation, the Liens created by the Deed of Trust.  The Liens are hereby renewed, extended, ratified and confirmed by Maker in all respects.

- 2 -

9. Maker and Payee hereby agree that this Agreement, the Note, the Renewal, Extension and Modification Agreement dated August 15, 1985, the Deed of Trust, the Financing Statements, and all other documents and instruments executed in connection with the Note shall be governed by and construed according to the laws of the State of Texas, from time to time in effect, except to the extent United States Federal law permits Payee to contract for, charge or receive a greater amount of interest.

10. Maker and Payee hereby agree that this Agreement, the Note, the Renewal, Extension and Modification Agreement dated August 15, 1985, the Deed of Trust, the Financing Statements, and all other documents and instruments executed in connection with the Note are in full force and effect, so nothing herein contained shall be construed as modifying in any manner any of said documents or instruments except as specifically modified hereby.

11. The Maker and the Payee agree that the Deed of Trust and all the documents and instruments executed in connection with the Note and the Renewal, Extension and Modification Agreement dated August 15, 1985, as modified hereby are and shall remain and shall continue to be a first and prior lien and encumbrance on the Property.

12. Contemporaneously with the execution and delivery hereof, Maker shall cause Commonwealth Land Title Company ("Title Insurer") to issue to Payee an endorsement to the Mortgagee's Policy of Title Insurance ("Policy") insuring the Liens of the Mortgagee, in form and content acceptable to Payee, affirming that the Policy is still in effect and unimpaired, notwithstanding the terms and provisions of this Agreement.

13. Contemporaneously with the execution and delivery hereof, Maker shall pay, or cause to be paid, all costs and expenses incident to the preparation, execution and recordation hereof and the consummation of the transaction contemplated hereby, including, but not limited to, recording fees, title insurance policy or endorsement premiums or other charges of the Title Insurer and reasonable fees and expenses of legal counsel to Payee.

14. Maker and Payee each represent and warrant unto the other that they are duly authorized and empowered to enter into this Agreement.

15. This Agreement shall extend to, be binding upon Maker and Payee, and their respective heirs, legal representatives, successors and assigns.

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement effective as of the 15th day of February, 1987.

MAKER:

ATTEST:

SAMANTHA CORPORATION, INC., a Texas corporation

Secretary

By: _____
(Name):
(Title): Vice President

PAY TO THE ORDER OF DOSOHS I LTD WITHOUT RECOURSE, WARRANTY OR REPRESENTATION, EXPRESSED OR IMPLIED. FEDERAL DEPOSIT INSURANCE CORPORATION IN ITS CAPACITY AS LIQUIDATOR OF SECURITY BANK #2965

BY: _____
SHERRY THEIS, ATTORNEY IN FACT

- 3 -

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

PAYER:

SECURITY BANK,
a state banking association

By: _Orrin K. Grove_
(Name): ORRIN K. GROVE
(Title): CHAIRMAN OF THE BOARD

APPROVED:

_Michael Halkin_
Michael Halkin, Guarantor

_Josie Halkin_
Josie Halkin, Guarantor

THE STATE OF TEXAS        §
                              §
COUNTY OF HARRIS        §

    This instrument was acknowledged before me on _May 29_, 1987,
by _Michael Halkin_, _V. President_
of SAMANTHA CORPORATION, INC., a Texas corporation, on behalf of said
corporation.

(SEAL)

_____
(Type or Print Name of Notary)
Notary Public in and for the
  State of Texas

My commission expires:
Karen Carroll
Notary Public State of Texas
My Commission Expires 8-20-88

THE STATE OF TEXAS        §
                              §
COUNTY OF HARRIS        §

    This instrument was acknowledged before me on _June 2_, 1987,
by _Orrin K. Grove_, Chairman of the Board
of SECURITY BANK, a Texas banking association, on behalf of said banking association.

(SEAL)

_Charlene Spencer_
Charlene Spencer
(Type or Print Name of Notary)
Notary Public in and for the
  State of Texas

My commission expires:    12/03/90

- 4 -

198 000109

THE STATE OF TEXAS        S

COUNTY OF HARRIS        S

      The foregoing instrument was acknowledged before me on the _19_ day of _May_____, 1987, by MICHAEL HAIKIN.

(SEAL)

                               (Type or Print Name of Notary)
Notary Public in and for the
    State of Texas

My commission expires:_____

                 Karen Christley
          Notary Public State of Texas
      My Commission Expires_5-20-85_


THE STATE OF TEXAS        S

COUNTY OF HARRIS        S

      The foregoing instrument was acknowledged before me on the _19_ day of _May_____, 1987, by JOSIE HAIKIN.

(SEAL)

                               (Type or Print Name of Notary)
Notary Public in and for the
    State of Texas

My commission expires:_____

                 Karen Christley
          Notary Public State of Texas
      My Commission Expires_8-20-88_

-5-

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

199 000110



**Accurate Reporters**

NO. 97-40590

| | |
|---|---|
| CHOICE CAR WASH, INC. AND | * IN THE DISTRICT COURT OF |
| BUSINESS AND OWNERSHIP | * |
| LIABILITIES TAKEOVER | * |
| CORPORATION (DEL.), INC. | * |
| AND DOV AVNI KAMINETZKY, | * |
| A PRO-SE LITIGANT | * |
| Plaintiffs, | * |
| | * |
| VS. | * HARRIS COUNTY, T E X A S |
| | * |
| DOSOHS I, LTD. | * |
| Defendant. | * 11TH JUDICIAL DISTRICT |

EXHIBITS 1 THROUGH 30
TO THE DEPOSITION OF
MATT N. MOLAK
JULY 28, 1998

# ORIGINAL

FILED IN
14th COURT OF APPEALS
TEXAS

FEB 18 2015

CHRISTOPHER A. PRINE
CLERK

## 14-14-00410-CV

**DOV K. AVNI,**
*Petitioner,*

V.

**DOSOHS I, LTD**
*Respondent.*

---

**EXHIBIT _29_ TO APPELLANT'S FIRST**

**SUPPLEMENTAL APPENDIX TO INITIAL BRIEF**

---

# Deed of Trust
## AND
## SECURITY AGREEMENT

C89-98-1730

inolak
EXHIBIT NO. 7
7-28-98 JH
P8

THE STATE OF TEXAS
COUNTY OF __HARRIS__    KNOW ALL MEN BY THESE PRESENTS:

That the undersigned __Samantha Corp., Inc., acting by and through its duly authorized__

officers     07/31/86   00267776   J626467   $ 17.00

of __HARRIS__ County, Texas, hereinafter called Grantors (whether one or more, in consideration of TEN AND

NO/10¢ DOLLARS ($10.00) cash in hand paid by __JACK PRICE__ hereinafter called Trustee, the receipt of which payment is hereby acknowledged and confessed, and of the debt and trust hereinafter mentioned, have Granted, Bargained, Sold and Conveyed, and by these presents to Grant, Bargain, Sell and Convey unto Trustee, and unto the successor or

substitute Trustee hereinafter provided, the following described property situated in __HARRIS__ County, Texas, to-wit:

> One (1) acre more or less out of 4.9153 acres in Reserve
> "A" BELLFORT PLACE, a subdivision in Harris County, Tex-
> as, according to the Map or Plat thereof, recorded in
> Volume 207, Page 121 of the Map Records of Harris County,
> Texas. Said property being more particularly described
> by metes and bounds on Exhibit "A" attached hereto and
> made a part hereof, and
>
> all furniture, fixtures, equipment, inventory and all
> accounts receivables now or hereinafter owned by the
> Grantors and located on the above-described real proper-
> ty as set forth on Exhibit "A" attached hereto and made
> a part hereof;

together with all improvements thereon and hereafter placed thereon, and all fixtures, materials, consumer goods, equipment apparatus, and other property, real and personal, now or hereafter installed or used on the above described property or the improvements thereon, including, but not limited to, all heating, lighting, refrigeration, plumbing, ventilating, incinerating, water-heating, cooking and air-conditioning equipment, fixtures and ... antennas, window screens, window shades, venetian blinds, awnings, floor coverings and shrubbery and other chattels and personal property used or furnished in connection with the operation, use and enjoyment of the above described property and the improvements thereon, and all renewals, replacements and substitutions thereof and additions thereto, all of which said property and fixtures shall be deemed to be a part of said affixed to the above described real property; and, all and singular the rights, privileges, hereditaments, appurtenances, rents, profits and income in anywise incident or appertaining to the properties hereinabove described.

TO HAVE AND TO HOLD the above described property, together with all and singular the rights, privileges, hereditaments and appurtenances thereunto in anywise incident, appertaining or belonging (all of which is hereinafter called premises) unto Trustee; and his successors or substitutes forever; and Grantors hereby bind themselves, their heirs, successors and legal representatives, to warrant and forever defend said premises unto Trustee, his successors and substitutes, against every person whomsoever lawfully claiming or to claim the same or any part thereof.

This conveyance is intended as a Deed of Trust and Security Agreement and is made upon the following trusts, terms and conditions, and for the purpose of securing and enforcing the payment of an indebtedness, as evidenced in part by a certain promissory note (hereinafter called Note) of even date herewith in the principal sum

of __EIGHT HUNDRED FIFTY THOUSAND AND NO/100__ ($ 850,000.00 ),

executed by the Grantors and payable to the order of __SECURITY BANK__ ... Texas corporation, (hereinafter, together with any subsequent holder of the Note, called Beneficiary), the terms of which Note are incorporated herein by reference, said Note bearing interest at the rate therein provided, both principal and interest being payable at the office of Beneficiary as

therein provided and finally maturing **as therein specified** with interest on past due principal and interest at the rate provided therein. Said Note providing for acceleration of maturity in case of default and for payment of Ten (10%) per cent attorney's fees if the same is placed in the hands of an attorney for collection or collected through the Probate Court, Bankruptcy Court or other legal proceedings and also for the purpose of securing the payment of all other debts of every kind and character now or hereafter owing by any of the Grantors to the holder or holders of the above described note whether such debts be evidenced by written instrument or not and whether they be direct obligations arising out of a guaranty, endorsement, suretyship or otherwise, or whether they be joint, several or indirect, and whether they were heretofore or are hereafter purchased or otherwise acquired, and also for the purpose of securing the payment of any and all amounts of which the Grantors, or any of them, may become obligated hereunder, (hereafter the word "indebtedness" when used herein refers to and means the above described note and the indebtedness evidenced thereby, together with all other sums secured hereby). Default in the terms of any note evidencing such past, present or future indebtedness or default in the terms of any Deed of Trust securing same shall be an event of default and a breach of covenant under all of said notes and deeds of trust and will give beneficiary the right to accelerate the payment of all said notes and to foreclose under the terms of all of the Deeds of Trust.

Grantors hereby expressly covenant and agree that:

1. They will pay the Note secured hereby in accordance with the terms and provisions thereof. In the event Beneficiary elects to accept payment of any delinquent amounts due hereunder or under the terms of said note, Grantors agree that Beneficiary may collect a late charge not to exceed six (6%) per cent of any installment which is not paid within five (5) days of the due date thereof to cover the extra expense involved in handling delinquent payments.

2. This Deed of Trust shall cover any and all rearrangements and renewals of the indebtedness secured hereby and all extensions in the time of payment thereof. Likewise, the execution of this Deed of Trust shall not impair or affect or be affected by any other security which may be given to secure the payment of the indebtedness secured hereby or any part thereof, and all such additional security shall be considered as cumulative. The taking of additional security, execution of partial release of the security or any extension of time of payment of the indebtedness secured hereby shall not diminish the force, effect or lien of this Deed of Trust or of the renewal or extension of it and shall not affect or impair the liability of any maker, surety or endorser for the payment of said indebtedness.

3. They will pay as same come due and before they become delinquent, all taxes, assessments and other charges imposed, levied or assessed against the premises.

4. They will keep the premises in good condition and repair and will not commit or permit any waste, impairment or deterioration of the same and generally will not do any act by which the value of the above described premises may become impaired. Neither shall any improvements, fixtures, or personal property be altered, destroyed or removed from said property without the written consent of Beneficiary.

As additional security for the payment of the Note and all sums to become due under this Deed of Trust, Grantors hereby assign to Beneficiary all rents, revenues and incomes from the premises, including all rents, revenues, bonus monies, royalties, rights and benefits accruing to...

PLAINTIFF'S EXHIBIT "E" (12-28-98)

EXHIBIT 2

000030

SECOND, AS 1. INSTRUMENT WAS AT THE FOR THE BEST PHOTOGRAPHIC REPRODUCTION BECAUSE OF ILLEGIBILITY, CARBON OR PHOTO COPY, DISCOLORED PAPER, ETC.

6. Grantors will keep the premises insured against such hazards and in such companies, forms and amounts as may be requested by Beneficiary. All such insurance policies shall contain loss payable clauses payable to Beneficiary as its interest may appear, and all insurance policies and renewals thereof shall be delivered to Beneficiary immediately upon issuance thereof, together with receipts showing payment of all premiums thereon. Beneficiary shall have the right to collect and receive all money that may become payable and collectible on all such policies in either through loss or damage to the premises, or otherwise, and apply all or any part of the same, less a reasonable collection expense, as a credit on the indebtedness secured hereby, even though such indebtedness may not be due according to its terms. At its option, Beneficiary may use any part of such money for the rebuilding and restoration of any part of the damaged or destroyed premises. Any such money held by Beneficiary for rebuilding or restoration shall be held without payment or allowance of interest. This provision shall not create any duty on the part of the Beneficiary to collect insurance proceeds and the Beneficiary shall not be responsible for the failure to collect the same regardless of the cause of such failure.

7. If Grantors fail to pay before delinquency all taxes, assessments and other charges imposed, levied or assessed against said property or to maintain the insurance coverage, all as herein provided, Beneficiary may, at its option and without waiver of any other rights granted by this Deed of Trust for breach of the covenants contained herein, procure and pay for any such insurance coverage and pay any such taxes, assessments and other charges, including any taxes that may be necessary to redeem the premises from tax sale, without obligation to inquire into the validity of any such taxes, assessments, charges and tax sale, the receipts of the proper officers being conclusive evidence of the validity and amount thereof. All amounts so paid by Beneficiary shall immediately become due to Beneficiary, together with interest thereon from the first day of the calendar month in which such payments were made at the rate provided in the Note secured hereby, and all such amounts shall be added to and become a part of the indebtedness secured by this Deed of Trust.

8. Grantors will not suffer or permit any lien superior or equal to the lien created hereby to attach to or be enforced against the premises.

9. If any part of the premises shall be taken for public use under the power of eminent domain, Beneficiary shall have the right to receive and collect all amounts and damages awarded by such condemnation proceedings and apply the same on the last maturing installments of the indebtedness secured hereby.

10. Grantors expressly waive and renounce the benefit of all present and future laws providing for any appraisement before sale of any of the property covered by this Deed of Trust, commonly known as "appraisement laws," and all present and future laws exempting in any manner the time for enforcement of collection of the indebtedness secured hereby, commonly known as "stay laws" and "redemption laws."

11. Grantors shall keep the lands and improvements above described free from all encumbrances and liens or claims for liens of whatsoever nature and to protect and defend the title and possession of the said premises to the end that this Deed of Trust shall be and remain a first lien on the said premises until the indebtedness hereby secured shall be fully paid. Grantors further agree to pay all attorney fees and expenses which may be incurred by the Beneficiary in any suit in which it may become a party where this Deed of Trust or the real estate above described is in any manner involved and any and all expenses incurred in prosecuting a claim against the estate of a decedent or a bankrupt.

12. (a) If the indebtedness secured hereby is fully paid in accordance with the terms and provisions of this instrument and Note, and if the covenants and agreements contained herein are kept and performed, then this conveyance shall become null and void and shall be released at the expense of Grantors; otherwise, the same shall remain in full force and effect; and if default is made in the payment of any part of the indebtedness secured hereby or in the performance of any of the covenants and agreements contained in this instrument or in the Note or in the event beneficiary feels unsafe or insecure in the payment of the indebtedness secured hereby, or in any case herein provided then the entire indebtedness secured hereby shall, at once or at any time thereafter while any part of said indebtedness remains unpaid, at the option of Beneficiary, become due and payable without demand or notice, and it shall thereupon be the duty of the above named Trustee, or his successor or substitute, as hereinafter provided, to enforce this trust at the request of Beneficiary (which request shall be presumed) and to sell the premises with or without first having taken possession of the same and in whole or in part, as the acting Trustee may elect, full rights to a marshalling of assets by Grantors being expressly waived hereby) to the highest bidder for cash at public auction at the Courthouse door of the County in which said premises are situated on the first Tuesday of any month between the hours of 10 A.M. and 4 P.M., after giving notice of the time, place and terms of sale and the premises to be sold by posting or causing to be posted written or printed notices thereof for at least twenty-one (21) consecutive days prior to the date of said sale in three (3) public places in said County, one of which shall be the County Courthouse door of said County. Said notice may be posted by the acting Trustee or by any person chosen by him. After such sale, the acting Trustee shall make due conveyance with general warranty to the purchaser or purchasers, and the Grantors bind themselves, their heirs and legal representatives to warrant and forever defend the title of such purchaser or purchasers.

(b) It is agreed that if default be made in the payment of any installment of the note secured by this Deed of Trust, or if the Grantors shall fail to keep or perform any of the covenants, agreements, conditions or stipulations herein contained or in the event beneficiary feels unsafe or insecure in the payment of the indebtedness secured hereby, or in any case herein provided the Beneficiary shall have the option to proceed with foreclosure in satisfaction of such items, either through the Courts or by directing the Trustee or his successor or substitute in trust to proceed as if under a full foreclosure, conducting the sale as herein provided and without declaring the whole debt due, and provided that if said sale is made because of such default, such sale may be made subject to the unmatured part of the debt and debt secured by this Deed of Trust and it is agreed that such sale, if so made, shall not in any manner affect the unmatured part of the debts secured by this Deed of Trust, but as to such unmatured part of this Deed of Trust shall remain in full force and effect just as though no sale had been made under the provisions of this paragraph. It is further agreed that several sales may be made hereunder without exhausting the right of sale for any unmatured part of the debt secured hereby, it being the purpose to provide for a foreclosure and sale of the security for any matured portion of the debt secured hereby without exhausting the power of foreclosure and to sell the security for any other part of the debt secured hereby whether matured at the time or subsequently maturing. It is agreed that an assignee holding any installment or installments or part of any installment of the note hereby secured shall have the same powers as are conferred on the Beneficiary to proceed with foreclosure on a matured installment or installments, and to request the Trustee or Successor in Trust to sell the property herein conveyed; but if an Assignee of one or more installments less than the full principal of the note forecloses or causes a sale to be made to satisfy any installment, part of an installment, or installments, then such foreclosure or sale shall be made subject to the unmatured part of the note and the debts secured hereby owned by the Beneficiary at the time of partial assignment; such partial assignee shall have no power to appoint substitute Trustees, but upon request the Beneficiary shall appoint a substitute Trustee in proper case under the terms of this Deed of Trust.

(c) The proceeds from any such sale shall be applied by the acting Trustee as follows:

FIRST: To the payment of all expenses of advertising, selling and conveying said premises, including a commission to the acting Trustee of five per cent (5%) of the amount of the unpaid indebtedness secured hereby, provided that such commission shall in no event be less than $160.00.

SECOND: To the payment to Beneficiary of all unpaid indebtedness and accrued interest to the date of sale. Any abstract of title to the premises furnished in connection with this loan shall be delivered and become the property of the purchaser at said sale.

THIRD: The balance, if any, shall be paid to Grantors.

(d) The acting Trustee hereunder shall have the right to sell the premises in whole or in part and in such parcels and order as he may determine, and the right of sale hereunder shall not be exhausted by one or more sales, but successive sales may be had until all of the premises have been legally sold. Likewise, Beneficiary may become the purchaser at any such sale if it is the highest bidder.

(e) It shall not be necessary for the acting Trustee to have constructively in his possession any part of the real or personal property covered by this Deed of Trust, and the title and right of possession of said property shall pass to the purchaser or purchasers at such sale as fully as if the same had been actually present and delivered. Likewise, on foreclosure of this Deed of Trust whether by power of sale herein contained or otherwise, Grantors, or any person claiming any part of the premises by, through or under Grantors, shall not be entitled to a marshalling of said premises or a sale in inverse order of alienation.

(f) The recitals and statements of fact contained in any conveyance to the purchaser or purchasers at any such sale shall be prima facie evidence of the truth of such facts, and all prerequisites and requirements necessary to the validity of any such sale shall be presumed to have been performed.

(g) Any sale under the powers granted by this Deed of Trust shall be a perpetual bar against Grantors, their heirs, successors, assigns and legal representatives.

(h) It is expressly agreed and understood that the exercise of any option in this Deed of Trust by the holder shall not be considered as a waiver of its right to exercise any other option provided herein and the failure or the refusal to exercise any such option shall not be considered as a waiver of the option and further that the holder of the indebtedness secured hereby shall not be guilty of waiver or estoppel by not immediately accelerating the maturity of the indebtedness upon the happening of any of the events herein set forth or upon the breach by Grantors of any covenants or agreements herein contained, but shall be entitled to accelerate said indebtedness at its option at any time after the occurrence of any such event or breach and the acceptance of payments shall in no manner be construed as a waiver or estoppel of such right to accelerate.

13. In the event of a foreclosure or sale under the powers granted by this Deed of Trust, Grantors, or their heirs or assigns, shall be mere tenants at sufferance of the purchaser of said property or any part thereof, at such Trustee's Sale or Foreclosure Sale; and that such purchaser shall be entitled to the immediate possession thereof, and upon failure to surrender possession, the purchaser, as landlord, shall have the right to go into any Justice of the Peace Court in the Precinct and County in which the property is located and file an action for forcible entry and detainer, which action shall lie against the Grantors herein, their heirs, tenants and assigns, as tenants of such purchaser. This remedy is cumulative of any and all remedies the purchaser may have hereunder or otherwise. This Deed of Trust and Trustee's Deed executed under the powers created hereby shall be, in any action of forcible detainer, prima facie evidence of the existence of the relationship of landlord and tenant as between the purchaser and Grantors, their tenants and/or assigns.

000031

14. In case of the absence, death, inability, ... refusal or incapacity of the herein named Trustee so act, or as the ... of the Beneficiary at any time and without cause or notice, a new ... a substitute Trustee may be named, constituted and appointed ... substitute trustee may be named, constituted and appointed with ... assuming the obligations of the former trustee and without other authority than the execution and acknowledgment by Beneficiary of a written instrument (which instrument, if Beneficiary is a corporation, shall be executed by the President or any Vice President and without the necessity of any action by the Board of Directors authorizing such appointment) appointing and designating such successor or substitute trustee and filing the same for record in the County where the premises are to be sold, whereupon such successor or substitute trustee shall become vested with and succeed to all of the rights, titles, privileges, powers and duties of the Trustee named herein. Such right of appointment of a substitute or successor trustee shall exist so often and whenever from any of said causes the original or successor or substitute trustee cannot or will not act or has been removed as herein provided. ...

15. This Deed of Trust and the Note have been executed and delivered in the State of Texas and are to be construed and enforced in accordance with the laws of the State of Texas. If any terms or provisions contained herein are in conflict with the laws of the State of Texas or would operate to invalidate this Deed of Trust, such terms and provisions shall be held for naught, but the remainder of the terms and provisions shall remain in full force and effect. ...

16. This instrument shall be deemed to be and may be enforced from time to time as a Deed of Trust, Security Agreement, Assignment or Contract, and from time to time as any one or more thereof. ...

17. If the lien created by this Deed of Trust shall be invalid or unenforceable as to any part of the indebtedness secured hereby, the unsecured portion of said indebtedness shall be completely paid and liquidated prior to the payment and liquidation of the remaining and secured portion of said indebtedness, and all payments made on said indebtedness shall be considered to have been first paid on and applied to the complete payment and liquidation of that portion of the indebtedness which is not secured by the lien of this Deed of Trust. ...

18. Grantors shall create a fund or reserve for the payment of all insurance premiums, taxes and assessments against the premises by paying to Beneficiary contemporaneously with the installments of principal and interest on the Note a sum equal to the premiums that will next become due and payable on the hazard insurance policies covering the premises, plus taxes and assessments next due on the premises, as estimated by Beneficiary, less all sums paid therefor, divided by the number of months to elapse before one month prior to the date when such premiums, taxes and assessments will become delinquent, such sums to be held by Beneficiary without interest for the purpose of paying such premiums, taxes and assessments. Any excess reserve shall, at the discretion of Beneficiary, be credited by Beneficiary on subsequent payments to be made by Grantors, and any deficiency shall be paid by Grantors to Beneficiary on or before the date when such premiums, taxes and assessments shall be due. Transfer of legal title to the premises shall automatically transfer to the new owner the beneficial interest in all sums deposited under the provisions of this paragraph. ...

19. It is understood and agreed that the proceeds of the Note, to the extent that the same are utilized to take up any outstanding liens and charges against the lands described herein or any portion thereof, have been advanced by Beneficiary at Grantors' request and upon Grantors' representation that such amounts are due and payable. Beneficiary shall be subrogated to any and all rights, superior titles, liens and equities, owned or claimed by any owner or holder of said outstanding liens however remote regardless of whether said liens are acquired by assignment or are released by the holder thereof upon payment. ...

20. Grantors specifically agree that should Grantors convey or contract to convey the property herein described in whole or in part the holder of said note shall have the right and option to declare the entire amount of the indebtedness secured hereby to be due and payable. In order to exercise such right and option, the holder of said note shall give written notice to Grantors and to the party to whom such property was conveyed by Grantors that the entire indebtedness has been declared due and payable and demand payment thereof. Such right and option may be exercised at any time during the period of one (1) year from the date the contract to convey or development is executed and notice thereof given to holder. The failure to pay the indebtedness as declared to be due in full within forty-five (45) days after the giving of such notice shall constitute an event of default under this Deed of Trust and the Trustee hereunder shall be and is hereby authorized and empowered when requested to do so by the holder of such note after such default to sell the premises as herein provided. Should Grantors convey or contract to convey the property herein described either Grantors or the new owner must pay to Association a reasonable and customary transfer fee that it is charging at the time of each conveyance, or contract to convey for all such transfers. The payment of such fee will not affect or impair the rights and options granted to Association herein. In the event that the ownership of the property herein described (or any part thereof) or becomes vested in any person other than the Grantors, regardless of how the same may occur and whether with or without the written consent of Beneficiary, the Beneficiary may, without notice to the Grantors, deal with such successor or successors in interest with reference to this Deed of Trust and to the debt hereby secured in the same manner as with the Grantors without in any way vitiating or discharging the Grantors' liability hereunder or upon the debt hereby secured. No sale of the property herein described or change of ownership thereof (or any part thereof) or forbearance on the part of the Beneficiary and no extension of time for the payment of the debt hereby secured given by said Beneficiary shall operate to release, discharge, modify, change, or affect the original liability of the Grantors either in whole or in part. The Beneficiary at its option, without notice, may release any part of the security described herein or any person liable for any indebtedness secured hereby without in any way affecting the lien hereof on any part of the security not expressly released and may agree with any party obligated on said indebtedness or having any interest in the security described herein to extend the time for payment of any part or all of the indebtedness secured hereby. Such agreement shall not in any way release or impair the lien hereof, but shall extend the lien hereof as against the title of all persons having any interest in said security which interest is subject to this deed of trust. ...

21. In no event and upon no contingency shall the maker or makers of the note aforesaid hereby or any party liable thereon or therefor be required to pay interest in excess of the rate allowed by the laws of the State of Texas and any computation or calculation which could be made to evidence the payment of interest for the use of money in excess of the legal rate shall be considered a mutual mistake between the parties hereto and such excess shall be applied to the principal of the obligation herein secured. ...

22. They will apply the proceeds of this loan, in purposes for which they were obtained ... made in the application for this loan are true and correct. ...

23. The covenants and agreements herein contained shall inure to the benefit of and be binding upon the respective heirs, executors, administrators, successors, assigns, and legal representatives of the parties hereto. Whenever used, the singular number shall include the plural, the plural the singular, and the use of any gender shall be applicable to all genders. ...

24. Grantors agrees that in the event an independent appraisal is required by any governmental agency, Grantors will pay the cost of such appraisal and will pay such sums and perform such acts as may be required by such agency to make the loan a conforming loan under existing governmental regulations governing the Beneficiary. ...

25. It is expressly stipulated and agreed to be the intent of the Grantors and the Beneficiary to at all times comply with the applicable law now or hereinafter governing the interest payable on the Note secured hereby. If the applicable law is ever revised, repealed, or judicially interpreted so as to render usurious any amount called for under this Note or under any of the security instruments, or contracted for, charged, taken, reserved or received with respect to the loan evidenced by the Note hereby secured, or if Beneficiary exercise of the option herein contained to accelerate the maturity of this Note or if any prepayment by Grantors results in Grantors having paid any interest in excess of that permitted by law, then it is Grantors' and Beneficiary's express intent that all excess amounts theretofore collected by Beneficiary be credited on the principal balance of this Note (or, if the Note has been paid in full, refunded to Grantors), and the provisions of this Note and the security instruments immediately be deemed reformed and the amounts thereafter collectible hereunder and thereunder reduced, without the necessity of execution of any new document, so as to comply with the then applicable law, but so as to permit the recovery of the fullest amount otherwise called for hereunder and thereunder.

26. In the event of sale pursuant to a foreclosure of this Deed of Trust or other transfer of title to the property herein described in extinguishment of the indebtedness secured hereby, complete title to all insurance policies held by Beneficiary and to all unearned premiums thereon shall pass to and vest in the Purchaser or Grantee.

27. Any and all sums deposited with Beneficiary in keeping with the requirement herein shall be used, at the discretion of Beneficiary (in addition to the purposes set out herein), to cure any default under this Deed of Trust. Said sums shall be additional

RECORDER'S MEMORANDUM
AT THE TIME OF RECORDATION THIS
INSTRUMENT WAS FOUND TO BE INADEQUATE
FOR THE BEST PHOTOGRAPHIC REPRODUCTION
BECAUSE OF ILLEGIBILITY, CARBON OR
PHOTO COPY, DISCOLORED PAPER, ETC.

000032

203

security for the payment of all indebtedness secured hereby, and the lien of this Deed of Trust shall at all times extend to said sums, which sums shall not be assignable or refundable (except as provided herein), until all such indebtedness has been paid in full.

28. So long as the Note secured hereby remains unpaid Beneficiary or its agent shall have the right at all reasonable times to inspect the mortgaged premises and all applicable books and financial records related thereto.

29. Notwithstanding any provision in this Deed of Trust to the contrary, the provisions set forth in this paragraph shall prevail, and this Deed of Trust shall be construed to give full force and effect to that hereafter set forth in this paragraph. The sale of real estate made under powers conferred by this Deed of Trust shall be made in Harris County, Texas, being the county in which the herein described real estate is situated. Notice of such proposed sale shall be given by posting written notice thereof at least 21 days preceding the date of the sale at the courthouse door of the county in which the sale is to be made. In addition, the holder of the debt to which the power is related shall at least 21 days preceding the date of sale, serve written notice of the proposed sale by certified mail on each debtor obligated to pay such debt according to the records of such holder. Service of such notice shall be completed upon deposit of the notice, enclosed in a post-paid wrapper, properly addressed to such debtor at the most recent address as shown by the records of the holder of the debt, in a post office or official depository under the care and custody of the United States Postal Service. The affidavit of any person having knowledge of the facts to the effect that such service was completed shall be prima facie evidence of the fact of service. Such sale shall be made at public vendue between the hours of 10:00 a.m. and 4:00 p.m. on the first Tuesday in any month. The holder of the debt shall mean the Beneficiary, and the Beneficiary's heirs, personal representatives, successors and assigns. The debtor shall mean the undersigned herein called "Grantors" whether one or more, their, his, her, or its heirs, personal representatives, successors and successors, as the case may be, and assigns to the extent as may be expressly permitted pursuant to the provisions of this Deed of Trust and strict compliance therewith. The most recent address of the debtor as that term is defined in this paragraph is designated as follows:

Samantha Corp., Inc., whose address is 4406 North Shepherd, Houston, Texas 77017.

Grantors represent and agree: (a) the foregoing address is hereby irrevocably and unconditionally designated by said debtor as the debtor's most recent address and shall be deemed to be the address of the debtor according to the records of the Beneficiary unless and until written notice is given by such debtor to the Beneficiary by registered or certified mail, return receipt requested, postage prepaid, therein and thereby giving at least thirty (30) days before any change of address may be effected at any time and from time to time hereafter. The address first designated above or any change of address punctually and strictly given in the manner hereinabove prescribed, last given shall constitute the most recent address of such debtor and shall be deemed the most recent address by the records of the holder of the debt; and (b) that the designation of the debtor's address is given only to the extent that notice is required by law and for that purpose only; and (c) that the provisions hereof shall not have the effect of debtor except to the extent required by law and without waiving the rights and remedies given to the Beneficiary in this Deed of Trust or any other security.

30. The security interest granted herein shall not be construed or deemed to constitute Beneficiary or Trustee as a Trustee or Mortgagee in possession of the mortgaged property so as to obligate Beneficiary or Trustee to lease the mortgaged property or attempt to do the same, or to take any action, incur any expense or perform or discharge any obligation, duty or liability with respect to the mortgaged property or any part thereof or otherwise.

31. This Deed of Trust shall also constitute a "fixture filing" for the purposes of Chapter 9 of the Texas Business and Commerce Code. All or part of the mortgage property are or are to become fixtures; information concerning the security interests herein granted may be attained at the address as set forth in this Deed of Trust. For purposes of the security interest herein granted, the address of Debtor (Grantor) is set forth in Paragraph 29 on Page 4 of this Deed of Trust and the address of the secured party (Beneficiary is 4610 S. Wayside Drive, Houston, Texas 77087.

32. Any reference to "Association" shall mean Security Bank, their successors and assigns.

(c) Beneficiary shall give Grantors notice, by certified mail, postage prepaid, of the time and place of any public sale of any of the Collateral or of the time after which any private sale or other intended disposition thereof is to be made by sending notice to Grantors at the addresses of Grantors set out below opposite their signatures at least five (5) days before the time of the sale or other disposition, which provisions for notice Grantors and Beneficiary agree are reasonable; provided, however, that nothing herein shall preclude Beneficiary from proceeding as to both real and personal property in accordance with Beneficiary's rights and remedies in respect to real property as provided in the Uniform Commercial Code, and without any notice to Grantors except for the notices provided in the Uniform Commercial Code, and without any notice to Grantors except for the notices provided for in paragraph 29 hereof.

(d) To the extent such may now or hereafter be permitted under Texas law, Beneficiary is authorized to execute and file financing statements and continuation statements under the Uniform Commercial Code with respect to the Collateral without joinder of Grantors in such execution or filing. Grantors shall execute and deliver to Beneficiary such financing statements, continuation statements and other documents relating to the Collateral as Beneficiary may reasonably request from time to time to preserve and maintain the priority of the security interest created by this Deed of Trust and shall pay to Beneficiary on demand any expenses and attorney's fees incurred by Beneficiary in connection with the preparation, execution, and filing of this Deed of Trust and of any financing statements, continuation statements, partial release, termination statements or other documents necessary or desirable to continue or confirm Beneficiary's security interest, or any modification thereof. This document and any carbon, photographic or other reproduction of this document may be filed by Beneficiary and shall be sufficient as a financing statement. All or part of this Collateral is or is to become fixtures on the real estate constituting a portion of the mortgaged property, but this statement shall not impair or limit the effectiveness of this document as a security agreement or financing statement for other purposes, and this Deed of Trust shall constitute a fixture financing statement and as such, shall be filed for record in the Real Estate Records of the County in which the land covered hereby is located. Grantors shall not change Grantor's name without the prior express written consent of Beneficiary, the name of the record owner of the land covered by the party or parties defined herein as Grantors.

(e) Unless otherwise disclosed to Beneficiary as herein provided, Grantors agree that, except for the security interest granted hereby in the Collateral, Grantors are the owners of the collateral free of any adverse claim, security interest or encumbrance, and Grantors shall defend the Collateral against all claims and demands of any person at any time claiming the same or any interest therein. Grantors have not heretofore signed any financing statement and no financing statement signed by Grantors is now on file in any public office except those statements, true and correct copies of which have been delivered to Beneficiary. So long as any amount remains unpaid on said indebtedness, Grantors shall not execute and there shall not be filed in any public office any such financing statement or statements affecting the Collateral other than financing statements in favor of Beneficiary hereunder.

(f) The security interest granted herein shall not be construed or deemed to constitute Beneficiary or Trustee as a Trustee or Mortgagee in possession of the mortgaged property so as to obligate Beneficiary or Trustee to lease the mortgaged property or attempt to do the same, or to take any action, incur any expense or perform or discharge any obligation, duty or liability with respect to the mortgaged property or any part thereof or otherwise.

36. The Grantor acknowledges that in addition to that certain Promissory Note in the amount of $850,000.00 executed by Grantor of even date herewith, Grantor has executed a second Promissory Note of even date hereof in the amount of $550,000.00, secured by other security interest, including the real property herein described, and payable to the order of Security Bank. Grantor covenants, stipulates and agrees to keep said second Promissory Note in the amount of $550,000.00 current, in good standing, and not in default, and expressly stipulates herein that should default be made in the payment of said $550,000.00 Note, or any part thereof, principal or interest, as the same shall become due and payable, or in any of the covenants of the Deed of Trust and Security Agreement, or any other documents executed to secure the payment of said $550,000.00 Note, the indebtedness evidenced by the $850,000.00 Note, at the option of the holder thereof, shall at once, without fur-

000

ther notice, all notices if required having been waived hereby, become due and payable. Grantor further acknowledges, stipulates and agrees that in the event of default under the terms of the $850,000.00 Note executed of even date herewith by Grantor shall also be an event of default under the $550,000.00 Note executed of even date herewith in favor of beneficiary and further, Grantor acknowledges, stipulates, covenants and agrees that in event of default under the terms of the $550,000.00 Note executed of even date herewith by the Grantor shall also be an event of default under the terms of the $850,000.00 Note executed in favor of the beneficiary herein by the Grantor herein.

EXECUTED in Harris County, Texas, on this the __26__ day of July, 1984.

SAMANTHA CORP., INC.

BY: _____
Pr̶e̶s̶i̶d̶e̶n̶t̶     JOSIE HAIKIN

ATTEST:

_____
Secretary

Gary S. Cabot
STATE OF T E X A S §
                       §
COUNTY OF HARRIS §

BEFORE ME, the undersigned authority, on this day personally appeared ___Josie___ ___Haikin___, President of Samantha Corp., Inc., known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he executed the same for the purpose and consideration therein expressed, and in the capacity therein stated.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this 26 day of June, 1984.

_____
NOTARY PUBLIC IN AND FOR
HARRIS COUNTY, T E X A S
Karen Christley
(Print or Stamp Name of Notary)
My Commission Expires: 7-31-84

Return;
Security Bank
4610 S. Wayside
Houston, Texas 77087

000035

206

A 0.99862 acres of land out of the 4.9133 acres of land known as the Unrestricted Reserve "A", Block 1 of the Bellfort Place Subdivision, out of the Henry H. Cone Survey, A-191; said Reserve "A" being located at the Southeast corner of West Bellfort Blvd. (80' ROW) and Riceville School Road (60' ROW), as recorded in Volume 207, Page 121 of THE MAP RECORDS of Harris County, Texas; being more particularly described by metes and bounds as follows:

BEGINNING at the Northeast corner of said Reserve "A"; said point being on the Southerly right-of-way line of said West Bellfort Blvd.;

THENCE S 02° 35' 23" E; along the Eastern boundary line of said Reserve "A", a distance of 300.00 feet for a corner; being the Southeast corner of the herein described tract; also being Southeast corner of the said Reserve "A";

THENCE S 87° 30' 24" W; along the Southern boundary line of said Reserve "A", a distance of 145.00 feet for a corner; being the Southwest corner of the herein described tract;

THENCE N 02° 35' 23" W; a distance of 300.00 feet for a corner; said point being on the Southerly right-of-way line of said West Bellfort Blvd.;

THENCE N 87° 30' 24" E; along the said Southerly right-of-way line of said West Bellfort Blvd., a distance of 145.00 feet to the POINT OF BEGINNING; containing 0.99862 acres of land.

EXHIBIT "A"


RECORDER'S MEMORANDUM:
At the time of recordation, this instrument was found to be inadequate for the best photographic reproduction because of illegibility, carbon or photo copy, discolored paper, etc. All blockouts, additions and changes were present at the time the instrument was filed and recorded.

STATE OF TEXAS
COUNTY OF HARRIS

I hereby certify that this instrument was FILED in File Number Sequence on the date and at the time stamped hereon by me and was duly RECORDED, in the Official Public Records of Real Property of Harris County, Texas on

JUL 3 1 1984



COUNTY CLERK,
HARRIS COUNTY, TEXAS

FILED
Jul 31 1 38 PM '84

COUNTY CLERK
HARRIS COUNTY, TEXAS

000036



**Accurate Reporters**

NO. 97-40590

| | |
|---|---|
| CHOICE CAR WASH, INC. AND | * IN THE DISTRICT COURT OF |
| BUSINESS AND OWNERSHIP | * |
| LIABILITIES TAKEOVER | * |
| CORPORATION (DEL.), INC. | * |
| AND DOV AVNI KAMINETZKY, | * |
| A PRO-SE LITIGANT | * |
| Plaintiffs, | * |
| | * |
| vs. | * HARRIS COUNTY, T E X A S |
| | * |
| DOSOHS I, LTD. | * |
| Defendant. | * 11TH JUDICIAL DISTRICT |

EXHIBITS 1 THROUGH 30
TO THE DEPOSITION OF
MATT N. MOLAK
JULY 28, 1998

# ORIGINAL

# 14-14-00410-CV

**DOV K. AVNI,**

*Petitioner,*

V.

**DOSOHS I, LTD**

*Respondent.*

EXHIBIT *30* TO APPELLANT'S FIRST

SUPPLEMENTAL APPENDIX TO INITIAL BRIEF

PROMISSORY NOTE

$850,000.00          Houston, Texas          July 26, 1984

FOR VALUE RECEIVED, SAMANTHA CORP., INC., a Texas corporation, acting by and through its duly authorized officer (hereinafter called "Maker") PROMISES TO PAY TO THE ORDER OF SECURITY BANK, (hereinafter, together with all subsequent holders of this Note, called "Payee") on demand and if no demand on or before the 26th day of July, 1989, (the "Maturity Date"), as hereinafter provided, the principal sum of EIGHT HUNDRED FIFTY THOUSAND AND NO/100 DOLLARS ($850,000.00), together with interest on the unpaid principal balance from time to time outstanding at the lesser of the applicable rate (as hereinafter defined) or the maximum rate (as hereinafter defined). As used herein, the term "Applicable Rate" shall mean the rate of interest per annum equal to the Prime Rate as hereinafter defined plus four percent (4%). The "Maximum Rate" shall be the maximum lawful rate which may be constructed for, charged for, taken, received or reserved by Payee in accordance with the laws of the State of Texas from time to time in effect except to the extent the United States Federal Law permits the Payee to contract for, charge, or receive a greater amount of interest, due credit being given for all charges made in connection with the loan evidenced hereby that may be treated as interest under applicable laws. Notwithstanding anything in the preceding sentences to the contrary, if at any time the applicable rate exceeds the maximum rate, the rate of interest payable hereunder shall be limited to the maximum rate provided, however, that any subsequent reduction in the applicable rate shall not reduce the applicable rate below the maximum rate until the total amount of interest earned hereunder equals the total amount of interest which would have been earned at the applicable rate if the applicable rate had in all times been in effect.

Interest based on a three hundred sixty-five day year, will be accrued on the number of days the funds are actually outstanding. If no demand is made, then the principal and interest of this Note shall be due and payable in monthly installments of $12,825.00, each payable on the 26th day of each and every calendar month, beginning the 26th day of August, 1984, and shall continue monthly thereafter, until the maturity date, at which time all accrued and unpaid interest and any and all unpaid principal balance hereof shall be due and payable in full.

The foregoing installments of principal and interest have been amortized based on an interest rate of eighteen percent per annum over a term of three hundred sixty months, however, the use of eighteen percent per annum and a term of three hundred sixty months for the purpose of amortization shall in no manner affect the actual rate of interest accruing on this note, as provided above or the final maturity date of this note as provided above. Furthermore, quarterly beginning the 26th day of October, 1984, from the date hereof an amount equal to the amount of principal which would normally be paid under the aforesaid amortization for the preceding quarter less the amount of principal actually paid for the preceding quarter, plus any accrued but unpaid interest, shall be due and payable (in addition to the monthly installments herein provided to be paid) upon Payee furnishing Maker a statement of the amount due and owing as provided above, so that the monthly installments due thereafter shall properly amortize the unpaid principal over the remaining term used for the amortization of this note based on an interest rate of eighteen percent per annum. Failure of Maker to make this additional payment of principal and interest, if any, shall be an event of default under this Note and the instruments securing same.

"Prime rate" shall mean the prime rate of interest per annum publicly announced and charged from time to time by Security

2312

PLAINTIFF'S
EXHIBIT
"F"



Bank, Houston, Harris County, Texas ("Security Bank") as its general reference rate of interest. Subject to the provisions of the preceding paragraphs hereof, each change in the applicable rate provided for herein with the fluctuation of such prime rates shall become effective on the date each such change in prime rate is established hereof. Maker and any endorser or guarantors hereof agree that the time for any payments hereunder may be extended from time to time without notice and consent to the acceptance of further security for the release of any existing security for this Note all without in any manner affecting their liability under or with respect to this Note. No extension of time for the payment of this Note or any installment hereof shall affect the liability of the Maker under this Note even though Maker is not a party to such agreement.

If (i) default is made in the payment in whole or in part of any sum provided for herein or (ii) an event of default shall occur under any instrument executed as security for, as evidence of, or otherwise in connection with this Note or the indebtedness evidenced hereby (hereinafter all such instruments are collectively called the "Security Instruments"), then Payee, at its option, without further notice or demand, declare the unpaid principal and accrued interest on this Note at once due and payable, foreclose all liens securing payment hereof, pursue any and all other rights, remedies, and recourse available to Payee, or pursue any combination of the foregoing, all remedies hereunder and the Security Instruments being cumulative.

Upon the occurrence of a default hereunder or in any Security Instruments, at the option of the Payee, all amounts payable hereunder or under the Security Instruments shall bear interest for the period beginning with the date of the occurrence of such default at a rate of interest per annum (the "Default Rate"), payable on the first day of each and every month, equal to the Maximum Rate.

Failure to exercise any of the foregoing options upon the happening of one or more of the foregoing events shall not constitute a waiver of the right to exercise the same or any other option at any subsequent time in respect to the same or any other event. The acceptance by Payee of any payment hereunder that is less than the payment in full of all the amounts due and payable at the time of such payment shall not constitute a waiver of the right to exercise any of the foregoing options at that time or at any subsequent time, or nullify any prior exercise of such option without the express written consent of the Payee.

All amounts payable hereunder are payable in lawful money of the United States of America. Maker agrees to pay all costs of collection hereof when incurred, including but not limited to reasonable attorney's fees, whether or not any action shall be instituted to enforce this Note.

This Note shall be governed by and construed according to the laws of the State of Texas from time to time in effect except to the extent United States Federal Law permits the Payee to contract for, charge or receive a greater amount of interest.

It is expressly stipulated and agreed to be the intent of the Maker and the Payee to at all times comply with the applicable law now or hereinafter governing the interest payable on this Note. If the applicable law is ever revised, repealed, or judicially interpreted so as to render usurious any amount called for under this Note or under any of the security instruments, or contracted for, charged, taken, reserved or received with respect to the loan evidenced by this Note, or if Payee's exercise of the option herein contained to accelerate the maturity of this Note or if any prepayment by Maker results in Maker having paid any interest in excess of that permitted by law, then it is Maker's and Payee's express intent that all excess amounts theretofore collected by Payee be credited on the principal balance of this Note (or, if the Note has been paid in full, refunded to Maker), and the provisions of this Note and the

-2-

security instruments immediately be deemed reformed and the amounts thereafter collectible hereunder and thereunder reduced, without the necessity of execution of any new document, so as to comply with the then applicable law, but so as to permit the recovery of the fullest amount otherwise called for hereunder and thereunder. All notices hereunder shall be given at the following addresses:

If to maker, Samantha Corp., Inc., whose address is 4406 North Shepherd, Houston, Texas 77017.

Either party may change its address for notice purposes upon giving fifteen (15) days prior written notice thereof in accordance with this paragraph, provided, however, that the Maker maintain an address in the continental United States. All notices given hereunder shall be in writing and shall be considered properly given if mailed by first class, United States Mail, postage prepaid, registered or certified with return receipt requested, or by delivering the same in person to the intended addressee, or by prepaid telegram. Any notice mailed as above provided shall be effective upon its deposit in the custody of the United States postal service; all other notices shall be effective upon receipt.

If this Note is executed by more than one party, each such party shall be jointly and severally liable for the obligations of the Maker under this Note. If the Maker is a partnership, each general partner of the Maker shall be jointly and severally liable hereunder, and each such general partner hereby waives any requirement of law that in the event of a default hereunder the Payee exhausts any assets of the Maker before proceeding against such general partner's assets.

The Note herein is given in renewal and extension of those two certain Promissory Notes, one in the original principal sum of $1,100,000.00, dated the 30th day of January, 1984 (the "First Promissory Note") and a second Note in the amount of $275,000.00 dated the 27th day of January, 1984 (the "Second Promissory Note"), both Notes executed by the Maker and payable to the order of the Payee. The First Promissory Note in the amount of $1,100,000.00 is more fully described in and secured by the Vendor's Lien retained of even date therewith, filed for record under Harris County Clerk's File Number J3355087 of the Deed Records of Harris County, Texas upon the herein described real property, and is additionally secured by a Deed of Trust and Security Agreement of even date therewith to G. William Beale, Trustee, duly recorded under Harris County Clerk's File Number J3355088 upon the herein described real property, which lien is hereby expressly acknowledged by Maker to be a valid and subsisting lien against the property herein described, and which lien is renewed, extended and continued in full force and effect to secure the payment of the Note hereby secured and represents funds advanced by Payee to Maker hereof at Maker's special instance and request. Additionally, the Second Promissory Note dated the 27th day of January, 1984 in the amount of $275,000.00 is secured by various security agreements to Security Bank. Said security interests are hereby expressly acknowledged by Maker to be valid and subsisting security interest against the collateral therein described and which security interest is renewed, extended and continued in full force and effect to secure the payment of the Note hereby secured; and represents funds advanced by the Payee to Maker hereof at Maker's special instance and request.

Additionally, Maker acknowledges that Maker has executed a second promissory Note of even date herewith in the original principal amount of $550,000.00 payable to the order of the Payee, which is also in renewal and extension of the First Promissory Note, and it is expressly stipulated by Maker that should default be made in the payment of said $550,000.00 Note, or any part thereof, principal or interest, as the same shall become due and payable, or in any of the covenants of the Deed of Trust and Security Agreement, or any other document executed to secure the payment of said $550,000.00 Note, the indebtedness evidenced by this $850,000.00 Note, at the

-3-

2314

option of the holder hereof, shall at once, without further notice, all notice requirements if any, being expressly waived by the Payee, shall become due and payable.

It is expressly agreed and stipulated that the holder of these Promissory Notes shall be subrogated to all of the rights, equities, liens, and security of the original holder of said Notes which have been extended or renewed by this Note.

Payment of this Note is secured by all security agreements, mortgages, assignments, lien instruments, construction loan agreements executed by Makers or any other party in favor of Payee, including, but not limited to, those certain documents executed on even date hereof, heretofore or hereafter executed, including that certain Deed of Trust and Security Agreement of even date herewith executed by Samantha Corp., Inc. to Jack Price, Trustee, covering the following described property, to-wit:

One (1) acre more or less out of 1.9153 acres in reserve "A" BELLFORT PLACE, a subdivision in Harris County, Texas according to the Map or Plat thereof recorded in Volume 207, Page 121 of the Map Records of Harris County, Texas. Said property being more particularly described on Exhibit "A" attached hereto and made a part hereof.

EXECUTED this __26th__ day of __July__, 1984.

SAMANTHA CORP., INC.

_____
President
Josie Haikin

ATTEST:

_____
Secretary
Gary S. Cabot

CANCELLED

2315

-4-

212

A 0.99862 acres o. land out of the 4.9133 acres of land known as the Unrestricted Reserve "A", Block 1 of the Bellfort Place Subdivision, out of the Henry H. Cone Survey, A-191; said Reserve "A" being located at the Southeast corner of West Bellfort Blvd. (80' ROW) and Riceville School Road (60' ROW), as recorded in Volume 207, Page 121 of THE MAP RECORDS of Harris County, Texas; being more particularly described by metes and bounds as follows:

BEGINNING at the Northeast corner of said Reserve "A"; said point being on the Southerly right-of-way line of said West Bellfort Blvd.;

THENCE S 02° 35' 23" E; along the Eastern boundary line of said Reserve "A", a distance of 300.00 feet for a corner; being the Southeast corner of the herein described tract; also being Southeast corner of the said Reserve "A";

THENCE S 87° 30' 24" W; along the Southern boundary line of said Reserve "A", a distance of 145.00 feet for a corner; being the Southwest corner of the herein described tract;

THENCE N 02° 35' 23" W; a distance of 300.00 feet for a corner; said point being on the Southerly right-of-way line of said West Bellfort Blvd.;

THENCE N 87° 30' 24" E; along the said Southerly right-of-way line of said West Bellfort Blvd., a distance of 145.00 feet to the POINT OF BEGINNING; containing 0.99862 acres of land.

EXHIBIT "A"

CANCELED 1/20/1992

2316

213



Accurate Reporters

NO. 97-40590

| | |
|---|---|
| CHOICE CAR WASH, INC. AND BUSINESS AND OWNERSHIP LIABILITIES TAKEOVER CORPORATION (DEL.), INC. AND DOV AVNI KAMINETZKY, A PRO-SE LITIGANT ⠀⠀⠀⠀⠀Plaintiffs, | ☆ IN THE DISTRICT COURT OF ☆ ☆ ☆ ☆ ☆ ☆ ☆ |
| vs. | ☆ HARRIS COUNTY, T E X A S ☆ |
| DOSOHS I, LTD. ⠀⠀⠀⠀⠀Defendant. | ☆ ☆ 11TH JUDICIAL DISTRICT |

EXHIBITS 1 THROUGH 30
TO THE DEPOSITION OF
MATT N. MOLAK
JULY 28, 1998

# ORIGINAL

# 14-14-00410-CV

**DOV K. AVNI,**

*Petitioner,*

V.

**DOSOHS I, LTD**

*Respondent.*

EXHIBIT _31_ TO APPELLANT'S FIRST

SUPPLEMENTAL APPENDIX TO INITIAL BRIEF

# FDIC
**Federal Deposit Insurance Corporation**
7324 Southwest Freeway, Suite 1600
Houston, TX 77074 * (800) 833-5937 or (713) 270-6565

P.4

Certified Mail # P 832 856 035
RETURN RECEIPT REQUESTED

January 31; 1990

Samantha Corporation, Inc.
8901 W. Bellfort
Houston, Texas  77031

Subject: 405-2968, Security Bank
Houston, Texas - In Liquidation
Asset No. 2968-301069-00-1
Asset Name: SAMANTHA CORPORATION, INC.

RECEIVED
FEB 27 1990
DOCUMENTATION DEPT
FILED

Gentlemen:

This letter constitutes <u>Formal Notice</u> that your loan is in default.

As collateral security for the payment of the referenced indebtedness, you executed a Renewal and Extension Modification Agreement on May 19, 1987 in favor of Security Bank, Houston, Texas.

As of January 31, 1990, the unpaid principal balance and accrued interest, with interest continuing to accrue daily is as follows:

| | |
|---|---|
| Loan No. | 2968-301069-00-1 |
| Principal Balance | $625,268.89 |
| Accrued Int. as of January 31, 1990 | $ 79,057.88 |
| Daily Int. Accrual after January 31, 1990 | $    222.70 |

You have failed to make the required monthly payments for the above referenced note for the months 2/15/89 thru 1/15/90. Each such delinquent monthly payment amounts to $7,350.00 and the total of such delinquent monthly payments is $88,200.00. This constitutes a default in your obligations under the note securing the above referenced loan.

This letter constitutes <u>Formal Notice and Demand</u> that you cure such defaults within twenty (20) days after the date of this letter. Should FDIC not be in receipt of funds from you in the total amount of $88,200.00 within twenty (20) days after the date of this letter, FDIC will accelerate the maturity of indebtedness of said Note so that the entire outstanding principal balance of the note, together with all interest, advances, if any, and all other sums evidenced or secured by said note becomes immediately due and payable. Furthermore, FDIC intends, and will, foreclose upon the property securing such loan at the earliest date permitted by law.



PLAINTIFF'S EXHIBIT "5M"

PLAINTIFF'S EXHIBIT "B"

1121

214

Samantha Corporation, Inc.
January 31, 1990
Page Two


We   trust   that   the   seriousness of this matter has been made clear to
you and hope you will cure the defaults within the allotted time.

Yours very truly,

Robert J. Carroll
Account Officer
Real Estate Mortgages -I

RJC:emb
RC3SCI

1122

215

BANK # _____

ASSET NAME _____

ASSET / FLAS _____

DATE SENT _2-2-90_____

DATE RECEIVED _____

1123

**SENDER:** Complete items 1 and 2 when additional services are desired, and complete items 3 and 4.

Put your address in the "RETURN TO" Space on the reverse side. Failure to do this will prevent this card from being returned to you. The return receipt fee will provide you the name of the person delivered to and the date of delivery. For additional fees the following services are available. Consult postmaster for fees and check box(es) for additional service(s) requested.

1. ☐ Show to whom delivered, date, and addressee's address.  2. ☐ Restricted Delivery
†(Extra charge)†  †(Extra charge)†

| 3. Article Addressed to: | 4. Article Number |
|---|---|
| SAMANTHA CORPORATION, INC.<br>8901 W. Bellfort<br>Houston, Texas 77031<br><br>Asset #2968-301069-00-1 | # P 832 856 035 |
|  | **Type of Service:**<br>☐ Registered ☐ Insured<br>☐ Certified ☐ COD<br>☐ Express Mail |
|  | Always obtain signature of addressee or agent and **DATE DELIVERED** |
| 5. Signature — Addressee<br>X | 6a. Addressee's Address (ONLY if requested and fee paid) |
| 6. Signature — Agent<br>X |  |
| 7. Date of Delivery |  |

PS Form 3811, Mar. 1987    ☆ U.S.G.P.O. 1987-178-268    **DOMESTIC RETURN RECEIPT**







PLAINTIFF'S
EXHIBIT
5-N
(5-11-91)
[DMK]

1116

# 14-14-00410-CV

DOV K. AVNI,

               *Petitioner,*

V.

DOSOHS I, LTD

               *Respondent.*

---

## EXHIBIT 32 TO APPELLANT'S FIRST

## SUPPLEMENTAL APPENDIX TO INITIAL BRIEF

# FDIC
**Federal Deposit Insurance Corporation**
7324 Southwest Freeway, Suite 1600
Houston, TX 77074 * (800) 833-5937 or (713) 270-6565

---

Certified Mail # P 832 856 043
RETURN RECEIPT REQUESTED

February 5, 1990

Samantha Corporation, Inc.
8901 W. Bellfort
Houston, Texas 77031

RECEIVED
FEB 27 1990
DOCUMENTATION DEPT.
FILED

Subject: 405-2968, Security Bank,
Houston, Texas - In Liquidation
Asset No. 2968-301069-00-1
Asset Name: SAMANTHA CORPORATION, INC.

Gentlemen:

This letter constitutes <u>Formal Notice</u> that your loan is in default.

As collateral security for the payment of the referenced indebtedness, you executed a Renewal and Extension Modification Agreement on May 19, 1987 in favor of Security Bank, Houston, Texas.

As of February 5, 1990, the unpaid principal balance and accrued interest, with interest continuing to accrue daily is as follows:

| | |
|---|---|
| Loan No. | 2968-301069-00-1 |
| Principal Balance | $625,268.89 |
| Accrued Int. as of February 5, 1990 | $ 80,171.38 |
| Daily Int. Accrual after February 5, 1990 | $ 222.70 |

You have failed to make the required monthly payments for the above referenced note for the months 2/15/89 thru 1/15/90. Each such delinquent monthly payment amounts to $6,353.09 and the total of such delinquent monthly payments is $76,237.08. This constitutes a default in your obligations under the note securing the above referenced loan.

This letter constitutes <u>Formal Notice and Demand</u> that you cure such defaults within twenty (20) days after the date of this letter. Should FDIC not be in receipt of funds from you in the total amount of $76,237.08 within twenty (20) days after the date of this letter, FDIC will accelerate the maturity of indebtedness of said Note so that the entire outstanding principal balance of the note, together with all interest, advances, if any, and all other sums evidenced or secured by said note becomes immediately due and payable. Furthermore, FDIC intends, and will, foreclose upon the property securing such loan at the earliest date permitted by law.



1108

218

Samantha Corporation, Inc.
February 5, 1990
Page Two

We trust that the seriousness of this matter has been made clear to you and hope you will cure the defaults within the allotted time.

Yours very truly,

Robert J. Carroll
Account Officer
Real Estate Mortgages I

RJC:emb
RC3SCI

1109

219

● **SENDER:** Complete items 1 and 2 when additional services are desired, and complete items 3 and 4.
Put your address in the "RETURN TO" Space on the reverse side. Failure to do this will prevent this card from being returned to you. The return receipt fee will provide you the name of the person delivered to and the date of delivery. For additional fees the following services are available. Consult postmaster for fees and check box(es) for additional service(s) requested.

1. ☐ Show to whom delivered, date, and addressee's address.   2. ☐ Restricted Delivery
   † (Extra charge) †                                            † (Extra charge) †

| 3. Article Addressed to: | 4. Article Number |
|---|---|
| Samantha Corporation, Inc.<br>8901 W. Bellfort<br>Houston, Texas 77031<br><br>Asset No. 2968-301069-00-1 | # P 832 856 043 |
|  | **Type of Service:**<br>☐ Registered ☐ Insured<br>☒ Certified ☐ COD<br>☐ Express Mail |
|  | Always obtain signature of addressee or agent and **DATE DELIVERED.** |
| 5. Signature — Addressee<br>X Carol Horace | 8. Addressee's Address (ONLY if requested and fee paid)<br>Same As Above |
| 6. Signature — Agent<br>X |  |
| 7. Date of Delivery<br>2-8-90 |  |

PS Form 3811, Mar. 1987   ☆ U.S.G.P.O. 1987-178-298   **DOMESTIC RETURN RECEIPT**



# 14-14-00410-CV

DOV K. AVNI,

*Petitioner,*

V.

DOSOHS I, LTD

*Respondent.*

EXHIBIT _33_ TO APPELLANT'S FIRST

SUPPLEMENTAL APPENDIX TO INITIAL BRIEF

NO. 97-40590

P.7

CHOICE CAR WASH, INC AND  * IN THE DISTRICT COURT OF
BUSINESS AND OWNERSHIP  *
LIABILITIES TAKEOVER  *
CORPORATION (DEL.), INC.  *
AND DOV AVNI KAMINETZKY,  *
A PRO-SE LITIGANT  *
   Plaintiffs,  *
      *
VS.       * HARRIS COUNTY, T E X A S
      *
DOSOHS I, LTD.   *
   Defendant.  * 11th JUDICIAL DISTRICT

ORAL DEPOSITION OF KEITH P. MILLER

July 29, 1998

ORIGINAL



PLAINTIFF'S
EXHIBIT
J

(22-24-98)

Taken on July 29, 1998, beginning at 11:15 a.m., in the jury room of the 11th Judicial District Courtroom, 301 Fannin, Houston, Texas, before Janet G. Hoffman, a Certified Shorthand Reporter and Notary Public in and for the State of Texas, pursuant to notice, the Texas Rules of Civil Procedure, and stipulations as stated herein.

**A P P E A R A N C E S:**

PRO SE:

    Mr. Dov Avni Kaminetzky
    Attorney at Law
    1609 South Kirkwood, #A
    Houston, Texas 77077-3158

FOR THE PLAINTIFFS:

    Mr. Michael C. Whalen
    Attorney at Law
    2901 Wilcrest Drive, Suite 105
    Houston, Texas 77042

FOR THE DEFENDANT:

    Ms. Celinda Baez Guerra
    Attorney at Law
    One Oak Park, Suite 200
    1020 N. E. Loop 410
    San Antonio, Texas 78209-1212

# I N D E X

ORAL DEPOSITION OF KEITH P. MILLER

|  | PAGE |
|---|---|
| Stipulations | 2 |
| Examination by Mr. Kaminetzky | 5 |
| Examination by Mr. Whalen | 28 |
| Reporter's Certification | 31 |

ACCURATE REPORTERS, INC.
(281) 556-8074

229

the purchase of that property in that nonjudicial foreclosure sale?

A. The nonjudicial foreclosure sale?

Q. Yeah. In the deed of trust, are you the person that either bid on it or sold the property?

A. No.

Q. And let me show you if you are the Keith Miller -- this is No. 6 -- if you are the Keith Miller whose affidavit is attached to this deed, Second Correction Substitute Trustee's Deed.

A. Yes.

Q. And is it correct that you posted the notice of foreclosure at the county courthouse of Harris County?

A. Yes.

Q. Do you recall the date that you did so?

A. Yes.

Q. What was the date that you posted the property?

A. August 12th, 1997.

Q. You have record to show that you traveled to Houston at that time?

A. I do.

Q. Where else did you post this property?

A. Where else did I post it?

Q. Yeah.

A. I posted the property for foreclosure by going to the county clerk's office and paying a fee there and leaving probably the original with them. I don't remember.

Q. You have a receipt for this? Did you receive a receipt?

A. No, I do not.

Q. Did you have to leave a copy of this case trustee of Samantha on your trip to Houston?

A. I did not.

Q. Did you deliver any copy to Samantha itself, any of the two addresses known to you?

A. In person?

Q. Yeah.

A. No.

Q. You just went to the county courthouse?

A. That's right.

Q. But you have no receipt of the filing fee that you paid?

A. No. We have a canceled check. Other than that, no.

Q. I'll get to this in a second. You don't know if they posted it or not on the board at the north side of the first floor?

A. Say again?

Q. Do you know if a copy of this notice has been put with a nail like they do with stapler on the cardboard board on the north side of the side of that family courthouse building on the first floor?

A. The family law building that you're talking about, they have boards in there where you put copies of these things.

Q. Did you check to see if it was actually --

A. I put one there.

Q. So you put one there?

A. Uh-huh.

Q. You were going to show me a canceled check, you said?

MS. GUERRA: I'm handing over a copy of a canceled check payable to Harris County Clerk. I'm handing over a rental car receipt from Budget Rental Car dated August 12th, 1997, and in there it has an airport receipt, but it's not very legible also, for parking.

MR. KAMINETZKY: It speaks for itself.

MS. GUERRA: And I've got a receipt from Exxon for filling the rental car with gas for

# CERTIFICATION OF THE DEPOSITION OF

## KEITH P. MILLER

### Taken on July 29, 1998

I, Janet G. Hoffman, Certified Shorthand Reporter and Notary Public in and for the State of Texas, do hereby certify that the facts as stated by me in the caption hereto are true; that the above and foregoing answers of the witness, KEITH P. MILLER, to the interrogatories as indicated were made before me by the said witness after being first duly sworn to testify to the truth, and same were reduced to printing under my direction; that the above and foregoing deposition as set forth in printing is a full, true and correct transcript of the proceedings had at the time of taking said deposition.

I further certify that I am neither attorney nor counsel for, related to, nor employed by any of the parties to the action in which this testimony was taken. Further, I am not a relative or employee of any attorney of record in this cause, nor do I have a financial interest in this action.

I further certify that the charge for preparation of the foregoing completed transcript is $_____, charged to Dov Avni Kaminetzky, Texas Bar Number_____.

SUBSCRIBED AND SWORN to on this the 4th day of August 1998.

_____
JANET G. HOFFMAN, CSR, RPR
Texas Certification No. 4208
Cert. Expiration: 12-31-99
11502 Briar Forest
Houston, Texas 77077
(281) 556-8074

# 14-14-00410-CV

**DOV K. AVNI,**

*Petitioner,*

V.

**DOSOHS I, LTD**

*Respondent.*

EXHIBIT _34_ TO APPELLANT'S FIRST

SUPPLEMENTAL APPENDIX TO INITIAL BRIEF

Cause No. 199858867

CHOICE CAR WASH INC

VS.

DOSOHS I LTD (A TEXAS LIMITED

IN THE DISTRICT COURTS OF

HARRIS COUNTY, TEXAS

234th JUDICIAL DISTRICT

TRANSFER ORDER

It is ORDERED that the Harris County District Clerk transfer the above styled and numbered cause from the 234th District Court to the 11th District Court

SIGNED _____, 1999        JAN 21 1999

HON. SCOTT A. BRISTER
ADMINISTRATIVE JUDGE
CIVIL TRIAL DIVISION

FILED
CHARLES BACARISSE
District Clerk
JAN 21 1999
Harris County, Texas
By_____ Deputy

Attraction Cause Number 199740590

CHOICE CAR WASH INC

VS.

DOSOHS I LTD (TEXAS LIMITED PA

File Court 11

JUDGMENT DATE:                    JUDGMENT TYPE:

CASE TYPE: INJUNCTION

RECORDER'S MEMORANDUM
This instrument is of poor quality
and not satisfactory for photographic
recordation; and/or alterations were
present at the time of imaging

234

# 14-14-00410-CV

**DOV K. AVNI,**

*Petitioner,*

V.

**DOSOHS I, LTD**

*Respondent.*

---

## EXHIBIT 35 TO APPELLANT'S FIRST

## SUPPLEMENTAL APPENDIX TO INITIAL BRIEF

---

98-58867

| | | |
|---|---|---|
| CHOICE CAR WASH, INC. | § | IN THE DISTRICT COURT |
| BUSINESS AND OWNERSHIP | § | |
| LIABILITIES TAKEOVER | § | |
| CORPORATION, AND DOV AVNI | § | |
| KAMINETZKY, PRO SE, | § | |
| | § | |
| VS. | § | 11th JUDICIAL DISTRICT |
| | § | |
| DOSOHS I, LTD. | § | HARRIS COUNTY, TEXAS |

## DEFENDANTS ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES DOSOHS I, LTD. ("Dosohs"), Defendant in the above styled and numbered cause, and files this Defendant's Original Answer to Plaintiff's Original Petition filed herein, and in support thereof would respectfully show the court as follows:

I.

## GENERAL DENIAL

1.1     Dosohs denies generally each and every, all and singular, the allegations contained in Plaintiffs' Original Petition filed herein and states that this Defendant will require strict proof thereof.

## AFFIRMATIVE DEFENSES

II.

## RES JUDICATA

## COLLATERAL ESTOPPEL

2.1     Plaintiffs' claims are barred by res judicata and/or collateral estoppel. More specifically, Dosohs alleges that on September 26, 1996, Dosohs instituted a

1

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

235

lawsuit against Samantha Corporation, Inc. in Adversary Proceeding No. 96-4671, styled Dosohs I, Ltd. vs. Samantha Corporation, Inc., in the United States Bankruptcy Court for the Southern District of Texas, Houston Division. That cause was brought to determine the validity and extent of Dosohs' lien. On final hearing, the Bankruptcy Court determined the amount and validity of Dosohs' lien on the property made the issue of this lawsuit. Further, the court held that the statute of limitations had not expired and Dosohs was entitled to seek collection.

2.2     On June 16, 1997, trial of the Dosohs suit was held and Judge Leal ruled that the statute of limitations had not expired and that Samantha Corporation owed $1,216,351.27.

2.3     On July 17, 1997, Judge Manuel Leal, United States Bankruptcy Judge, entered a Final Judgment in the Dosohs suit and further found that the statute of limitations had not expired.

2.4     On July 16, 1997, in Bankruptcy Case No. 95-45547-H1-11, the bankruptcy court entered an order lifting the automatic stay to allow Dosohs to foreclose on its collateral.

2.5     Furthermore, on March 19, 1998, the bankruptcy court entered a Corrected Order Terminating Automatic Stay making the same findings as the prior order and including a more specific property description of the collateral to which Dosohs was allowed to foreclose on.

2.6     On June 16, 1998, Judge Manuel Leal United States Bankruptcy Judge entered a Corrected Final Judgment in the Dosohs suit making the same findings as

2

236

the prior judgment and including a more specific property description of the collateral to which Dosohs was allowed to foreclose on.

2.7 Dosohs asserts that the Orders and judgments are res judicata and/or collateral estoppel to the issues raised in the state court proceedings by the Plaintiffs.

2.8 Furthermore, on December 15, 1997, a hearing concerning the Motion of Dosohs from Relief From Automatic Stay was heard in Case No. 97-49007-H1-11, In Re: Dov Avni Kaminetzky, Debtor. On December 19, 1997, the court entered an Order Annulling and Terminating Automatic Stay in said cause number and pursuant to that order determined, Dosohs lien on the real property made the basis of this lawsuit, that Debtor had no equity in the property, the court further found that Dosohs had ownership and holder status of the $850,000 promissory note and found the value of the property.

2.9 Accordingly, the Plaintiffs claims asserted in the State Courts proceeding were previously litigated in the Bankruptcy court and are barred by the doctrines of res judicata and/or collateral estoppel.

III.

## PLAINTIFFS LACK STANDING

3.1 In the alternative, Plaintiffs lack standing to assert their claims against Dosohs.

IV.

## DEFECT OF PLAINTIFFS

4.1 In the alternative, that there is a defect of Plaintiffs.

3

## V.

## NEGLIGENCE

5.1    Pleading in the alternative, Dosohs would show the court that the Plaintiffs are themselves guilty of various acts and omissions each of which constituted negligence and contributory negligence, and each of which was a sole cause or alternatively, a proximate and producing cause of the occurrence in question and the alleged damages alleged by Plaintiffs in this lawsuit.

## VI.

## THIRD PARTY LIABILITY

6.1    Pleading further in the alternative, Dosohs would state that the incident in question was a result of or in the alternative, partially, caused by persons, factors, instrumentalities and circumstances over which it had no control or right of control.

## VII.

## THIRD PARTY NEGLIGENCE

7.1    Pleading in the alternative, Dosohs would show the court that damages, if any, suffered by Plaintiffs were caused by the negligence and acts of third parties.

## VIII.

## ESTOPPEL

8.1    For further answer, if any is necessary, Dosohs alleges that Plaintiffs are estopped from asserting the claims made the basis of Plaintiffs' petition.

4

238

## IX.

## MITIGATION OF DAMAGES

9.1     Pleading further in the alternative, Dosohs would show the court that Plaintiffs failed to mitigate their damages.

## X.

## WAIVER

10.1     For further answer, if any is necessary, Dosohs alleges the affirmative defense of waiver by Plaintiffs.

## XI.

## DOSOHS NOT GUILTY

11.1     Dosohs is not guilty of the injury complained of in the petition filed by the Plaintiffs against Dosohs.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Dosohs prays that all relief prayed for by Plaintiffs be denied; that the Plaintiffs take nothing by their suit herein; and that Dosohs recover costs of court from Plaintiffs; and that Dosohs receive such other and further relief, general or special to which it may show itself justly entitled to receive.

5

239

Respectfully submitted,
MUNN & FLUME
One Oak Park, Suite 200
1020 N.E. Loop 410
San Antonio, Texas 78209-1218
(210) 828-5641
(210) 821-6069 Facsimile


MICHAEL FLUME
State Bar No. 07188480

CELINDA BAEZ GUERRA
State Bar No. 01505000

ATTORNEYS FOR DOSOHS I, LTD.


## CERTIFICATE OF SERVICE

I do hereby certify on this _16_th day of February, 1999 that a true and correct copy of the foregoing document has been delivered via certified mail, return receipt requested to the following:


**CERTIFIED MAIL NO. Z 435836620**
**RETURN RECEIPT REQUESTED**
Michael C. Whalen
2901 Wilcrest, Suite 105
Houston, Texas 77042

**CERTIFIED MAIL NO. Z 435836621**
**RETURN RECEIPT REQUESTED**
Dov Avni Kaminetzky
1609 S. Kirkwood, Suite A
Houston, Texas 77077-3158


CELINDA BAEZ GUERRA

6

240

## VERIFICATION

STATE OF TEXAS                              §
                                            §
COUNTY OF BEXAR                             §


On this date, MATT N. MOLAK, personally appeared before me, the undersigned Notary Public, and after being duly sworn stated under oath that he is the President of Dosohs, Inc., General Partner of Dosohs I, Ltd., Defendant in the above styled and numbered cause; that he has read the foregoing Defendant's Original Answer, and that every statement contained therein is within his personal knowledge and is true and correct.


DOSOHS, I, LTD.

DOSOHS, INC., General Partner

By: _____
         MATT N. MOLAK, President


SWORN AND SUBSCRIBED TO BEFORE ME by the said Matt N. Molak, President of Dosohs, Inc., General Partner of Dosohs I, Ltd., to certify which witness my hand and official seal of office on this ___ day of February, 1999.


MARIE E. DeLEON
Notary Public, State of Texas
My Commission Expires
MAY 5, 2002

_____
Notary Public in and for
the State of Texas

241

# 14-14-00410-CV

**DOV K. AVNI,**

Petitioner,

V.

**DOSOHS I, LTD**

Respondent.

EXHIBIT _36_ TO APPELLANT'S FIRST

SUPPLEMENTAL APPENDIX TO INITIAL BRIEF

98-58867

CHOICE CAR WASH, INC.      §      IN THE DISTRICT COURT
BUSINESS AND OWNERSHIP      §
LIABILITIES TAKEOVER      §
CORPORATION, AND DOV AVNI      §
KAMINETZKY, PRO SE,      §
     §
VS.      §      11th JUDICIAL DISTRICT
     §
DOSOHS I, LTD.      §      HARRIS COUNTY, TEXAS

## DOSOHS I, LTD.'S MOTION TO DISMISS AND MOTION FOR SANCTIONS

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes DOSOHS I, LTD. ("DOSOHS") and files this its Motion to Dismiss and Motion for Sanctions contemporaneously with filing its Original Answer against Plaintiffs' Choice Car Wash Inc, ("Choice"), Business Ownership and Liabilities Takeover Corporation ("BOLT")and Dov Avni Kaminetzky ("Kaminetzky") and in support thereof, would respectfully show the court as follows:

I.

1.1      On or about August 4, 1997, Choice and BOLT filed Plaintiff's Original Petition for Declaratory Judgment, Application for Temporary Restraining Order and Application for Temporary Permanent Injunction. Pursuant to the Original Petition, the Plaintiffs were claiming that Dosohs was barred from conducting a deed of trust foreclosure sale because the debt upon which Dosohs asserted as the basis for its foreclosure sale was barred by the Statute of Limitations.

1.2      Subsequently Kaminetzky, was joined as a Plaintiff in this cause number on or about January 13, 1998.

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

1

242

1.3    On or about August 31, 1998, Choice, BOLT and Kaminetzky filed their Plaintiffs' Seventh Amended Original Petition bringing an action of Trespass to Try Title, a suit to set aside foreclosure sale, and seeking actual and punitive damages from Dosohs.

1.4    Subsequently to filing Plaintiffs' Seventh Amended Original Petition the Plaintiffs filed a Notice of Non-Suit dismissing their Plaintiffs' Petition on file herein. In a pleading filed in 697067 County Court No. 4, by the Plaintiffs herein, Choice, Bolt and Kaminetzky admitted to non-suiting their claims in the 1997 lawsuit in this court because they claim that this court refused to allow essential discovery requested by the Plaintiffs and then refiled the same lawsuit herein.

1.5    The trial in this cause was scheduled to begin on September 4, 1998.

1.6    Subsequently, the court abated this cause, effective August 31,1998 at 8:30 a.m.

1.7    On December 14, 1998 the Plaintiffs, Choice, BOLT and Kaminetzky filed Plaintiffs' Original Petition ("new suit") bringing an Action of Trespass to Try Title and Suit to Set Aside Foreclosure sale as void claiming that the statute of limitations had expired and seeking actual and punitive damages from the Defendant, Dosohs. The new suit was filed in the 234th Judicial District Court of Harris County Texas, Cause No. 98-58867. This case was subsequently transferred to the 11th Judicial District Court under the same cause number on January 21, 1999. The claims contained in the new suit are the same claims that were previously nonsuited by the Plaintiffs and against the Defendants.

2

## II.

## REQUEST FOR SANCTIONS

2.1    Dosohs would show the court that the repetitive filing of lawsuits by the Plaintiff constitutes abuse of process, and bad faith. The Plaintiff refiled this lawsuit solely for the purpose of harassing Dosohs and in an attempt to obtain additional discovery.

2.2    Therefore, Dosohs requests that the court dismiss this case and impose sanctions against the Plaintiffs and their counsel pursuant to Rule 13 of the Tex.Rules of Civ. Pro. Dosohs further requests that the court assess damages and attorney fees, strike the pleadings of Plaintiffs, dismiss this suit and  for such other and further relief to which the Defendants may be rightfully entitled.

WHEREFORE, PREMISES CONSIDERED, Dosohs prays that the court take notice of the filing of this Motion to Dismiss and Motion for Sanctions, that upon final hearing, the court grant Defendant's Motion to Dismiss and Motion for Sanctions, and for such other and further relief to which Dosohs may show itself justly entitled to receive.

3

Respectfully submitted,

MUNN & FLUME
One Oak Park, Suite 200
1020 N.E. Loop 410
San Antonio, Texas 78209-1218
(210) 828-5641
(210) 821-6069 Facsimile

_____
MICHAEL FLUME
State Bar No. 07188480

CELINDA BAEZ GUERRA
State Bar No. 01505000

ATTORNEYS FOR DOSOHS I, LTD.

## CERTIFICATE OF SERVICE

I hereby certify on this /8 th day of February, 1999 a true and correct copy of the foregoing document has been delivered by certified mail to the following:

**VIA CERTIFIED MAIL NO. Z 435836620**
Michael C. Whalen
2901 Wilcrest, Suite 105
Houston, Texas 77042

**VIA CERTIFIED MAIL NO. Z 435836621**
Dov Avni Kaminetzky
Pro Se
1609 South Kirkwood, #A
Houston, Texas 77077-3158

_____
CELINDA BAEZ GUERRA

4

245

# 14-14-00410-CV

DOV K. AVNI,

Petitioner,

v.

DOSOHS I, LTD

Respondent.

EXHIBIT $\underline{37}$ TO APPELLANT'S FIRST

SUPPLEMENTAL APPENDIX TO INITIAL BRIEF

No. 97-40590

| | | |
|---|---|---|
| CHOICE CAR WASH, INC., AND BUSINESS OWNERSHIP AND LIABILITIES TAKEOVER CORPORATION | § § § § § | IN THE DISTRICT COURT |
| VS. | § § § | 11TH JUDICIAL DISTRICT |
| DOSOHS I, LTD. | § | HARRIS COUNTY, TEXAS |

## ORDER GRANTING DOSOHS I, LTD'S MOTION TO REMOVE ABATEMENT

On this 1st day of February, 2000, came on to be heard and considered the Motion of Dosohs I, Ltd. to Remove Abatement. Dosohs I, Ltd. appeared by and through its attorney of record and announced ready. The Plaintiffs appeared by and through their attorney of record and announced ready and Dov Avni Kaminetzky appeared pro-se and announced ready. The Court, after reviewing the motion and hearing the argument of counsel, finds that Defendant's Motion to Remove Abatement is well taken and should be granted.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the Abatement on the above-styled and numbered cause is hereby removed.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that this case be set for trial on the merits on an expedited basis.

Signed this ____ day of _____, 2000.

2-1-2000

_____
HONORABLE MARK DAVIDSON

RECORDER'S MEMORANDUM
This instrument is of poor quality
and not satisfactory for photographic
recordation; and/or alterations were
present at the time of imaging

246

# 14-14-00410-CV

**DOV K. AVNI,**
                    *Petitioner,*

V.

**DOSOHS I, LTD**
                    *Respondent.*

EXHIBIT _127_ TO APPELLANT'S FIRST

SUPPLEMENTAL APPENDIX TO INITIAL BRIEF

CONFIRMED FILE DATE: 4/19/2014

**F I L E D**
Chris Daniel
District Clerk

APR 19 2014

Time: _____
Harris County, Texas

By _____
Deputy

150-B Forest Dr., Jericho, NY 11753

## DOV K. AVNI

Cell # 516-318-3791

April 19, 2014 [ SAT.-App. 6 30 PM ]

Chris Daniel-Clerk of Harris County    FILED 4/18/14 AFTER HOURS

Civil District Courts-No Fee Input Section

201 Caroline St.,2nd Flr,Houston,TX 77002

> courtesy copy>Chambers-MON4/21/14,pm-after mail from is accepted in TX
>
> RE: DWOPPED CIVIL CAUSE#1997-40590-in 11th JUDICIAL DISTRICT COURT

Dear Deputy Clerk,

Enclosed herewith for filing , posting and scanning in timely manner is my

Original Request for Findings of Fact and conclusions of law-following the

final and appealable modified injunction signed 3/31/14 by hostile Judge

Miller after he impliedly denied or disregarded my plea to jurisdiction here.

1. ORIGINAL TIMELY REQUEST BY DEFENDANT/CTR. PLAINTIFF/3RD PARTY PLAINTIFF DOV K.AVNI a/k/a DOV AVNI KAMINETZKY,ACTING INDIVIDUALLY AND AS ASSIGNEE OF RECORD OF CO-PARTIES CHOICE CAR WASH INC., BUSINESS&OWNERSHIP LIABILITIES TAKEOVER CORPORATION [DEL.] Inc.. and SAMANTHA CORPORATION Inc -WHO WAS PERMANENTLY ENJOINED 3/31/14 BY JUDGE MILLER WITHOUT DUE PROCESS BASED ON UNCONFERRED AND UNSUPPORTED ATTORNEY'S ALLEGATION of"CHANGED CIRCUMSTANCES" FOR FINDINGS OF FACT AND CONCLUSIONS OF LAW -IN ACCORDANCE WITH RULES 296 AND 297 OF TRCP

TO BE MAILED 4/17/14 THEN FILED IN COURT SAT1,4/19/14 _____ Dov K. Avni (4/19/14)

DOV K.AVNI-pro-se party in #19971-40590/11th

150-B Forest Dr., Jericho, NY 11753

Cell #516-318-3791

## TO ACTIVE+INTERESTED PARTIES IN THIS PROCEEDING +STATEWIDE RAMIFICATIONS.

1. DOSOHS I, LTD-by serving its alleged current lawfirm of SHERER &CROW PLLC of San Antonio BY SERVING RICHARD R. CROW,Jr.-ITS ALLEGED CURRENT ATTORNEY-IN-CHARGE WHO FILED MOTION FOR CONTEMPT AGAINST ME ON 9/26/13 (2 ½ YEARS AFTER 3/23/2011 FINAL UNAPPEALED DWOP ORDER at: 11120 WURZBACH RD. SUITE 300, SAN ANTONIO ,TX 78230

2-13 All other parties named and sued in said dwopped case who were not served with 2013-14 filings or order COURTESY COPIES TO :

1. CHAMBERS OF HON. MICHAEL DAVID MILLER –PRESIDING OVER 11TH JDC.

2. Michael C.Whalen-former attorney for "CCW"&"BOLT"-in #97-40590;#98-58867[11th]

3. PEGGY FIKAC-Bureau Chief –STATE ISSUES =for Houston Chronicle in Austin,TX.

484

# 14-14-00410-CV

**DOV K. AVNI,**

Petitioner,

V.

**DOSOHS I, LTD**

Respondent.

EXHIBIT *130* TO APPELLANT'S FIRST

SUPPLEMENTAL APPENDIX TO INITIAL BRIEF

**HCDistrictclerk.com**   DOSOHS I LTD vs. KAMINETZKY, TAMAR AVNI (AKA   4/14/2014   p.3
TAMAR AVNI)
Cause: 201153721   CDI: 7   Court: 125

CONFIRMED FILE DATE: 4/19/2014

## APPEALS
No Appeals found

## COST STATMENTS
No Cost Statments found.

## TRANSFERS
No Transfers found.

## POST TRIAL WRITS
No Post Trial Writs found.

## ABSTRACTS
No Abstracts found.

## DOCUMENTS
No documents

3rd TAMPERING DATE
"Dubba" (ex IME 432)

## SUMMARY

### CASE DETAILS

| | |
|---|---|
| File Date | 9/8/2011 |
| Case (Cause) Location | Civil Intake 1st Floor |
| Case (Cause) Status | Disposed (Final) |
| Case (Cause) Type | REAL ESTATE |
| Next/Last Setting Date | N/A |
| Judgment For | FINAL SUMMARY JUDGMENT SIGNED |
| Judgment Date | 3/7/2014 |
| Jury Fee Paid Date | 2/29/2012 |

### COURT DETAILS

| | |
|---|---|
| Court | 125th |
| Address | 201 CAROLINE (Floor: 10) HOUSTON. TX 77002 Phone:7133686141 |
| JudgeName | KYLE CARTER |
| Court Type | Civil |

## ACTIVE PARTIES

| Name | Type | Post Jdgm | Attorney |
|---|---|---|---|
| DOSOHS I LTD | PLAINTIFF - CIVIL | | SHERER. ERIC DAVID |
| KAMINETZKY, DOV AVNI (AKA DOV K AVNI) | DEFENDANT - CIVIL | | |
| AVNI, DOV K | DEFENDANT - CIVIL | | |

## INACTIVE PARTIES

| Name | Type | Post Jdgm | Attorney |
|---|---|---|---|
| KAMINETZKY, TAMAR AVNI (AKA TAMAR AVNI) | DEFENDANT - CIVIL | | |
| AVNI. TAMAR | DEFENDANT - CIVIL | | |

## JUDGMENT/EVENTS

EX. "9" (4-19-14)
# 2997-40590/11th JD

| Date | Description | Order Signed | Post Jdgm | Pgs | Volume /Page | Filing Attorney | Person Filing |
|------|-------------|--------------|-----------|-----|--------------|-----------------|---------------|
| 3/26/2012 | FIRST SUPPLEMENTAL ANSWER | | | 0 | | | KAMINETZKY, DOV AVNI (AKA DOV K AVNI) |
| 3/26/2012 | FIRST SUPPLEMENTAL ANSWER | | | 0 | | | AVNI, DOV K |
| 12/2/2011 | FIRST AMENDED ANSWER ORIGINAL PETITION | | | 0 | | | KAMINETZKY, DOV AVNI (AKA DOV K AVNI) |
| 10/10/2011 | ANSWER ORIGINAL PETITION | | | 0 | | | AVNI, DOV K |
| 10/10/2011 | ANSWER ORIGINAL PETITION | | | 0 | | | KAMINETZKY, DOV AVNI (AKA DOV K AVNI) |
| 9/8/2011 | ORIGINAL PETITION | | | 0 | | SHERER, ERIC DAVID | DOSOHS I LTD |

## SETTINGS

| Date | Court | Post Jdgm | Docket Type | Reason | Results | Comments | Requesting Party |
|------|-------|-----------|-------------|--------|---------|----------|------------------|
| 9/26/2011 09.30 AM | 125 | | Law Day Docket | TEMPORARY INJUNCTION | Passed | MTN TO EXTEND FILED | |
| 10/10/2011 09 00 AM | 125 | | Law Day Docket | TEMPORARY INJUNCTION | Passed | SET IN ERROR | |
| 10/10/2011 10·00 AM | 125 | | Law Day Docket | TEMPORARY INJUNCTION | Hearing Held | EXTENSION TO TRO GRANTED | |
| 10/24/2011 10:00 AM | 125 | | Law Day Docket | TEMPORARY INJUNCTION | Hearing Held | | |
| 11/07/2011 11.00 AM | 125 | | Law Day Docket | TEMPORARY INJUNCTION | Hearing Held | | |
| 11/14/2011 10·00 AM | 125 | | Law Day Docket | MTN TO DISSOLVE TRO | Passed | PER DON KAMINETZKY 358P 11/10/11 | |
| 12/19/2011 08 00 AM | 125 | | Submission Docket (Local Rule 12) | SUMMARY JUDG - MTN PARTIAL (TRCP 166A) | Passed | PER LETTER | |
| 1/02/2012 08 00 AM | 125 | | Submission Docket (Local Rule 12) | MTN TO MODIFY/AMEND TEMP ORDERS | Denied | O/S 01112012 | |
| 1/09/2012 08 00 AM | 125 | | Submission Docket (Local Rule 12) | SUMMARY JUDG - MTN PARTIAL (TRCP 166A) | Passed | PER NTC FILED 01-2-12 | |
| 1/23/2012 08 00 AM | 125 | | Submission Docket (Local Rule 12) | OBJECTTIONS | Denied | O/S 04272012 | |
| 3/19/2012 09:00 AM | 125 | | Law Day Docket | PLEA IN ABATEMENT (TRCP 120A) | Hearing Held | | CROW, RICHARD RUSSELL JR. |
| 4/09/2012 08 00 AM | 125 | | Submission Docket (Local Rule 12) | MTN TO MODIFY/AMEND TEMP ORDERS | Denied | O/S 04272012 | |
| 4/09/2012 08 30 AM | 125 | | Trial Coordinators Docket | DOCKET CALL | Passed | CASE ABATED 4/5/12 | |
| 4/16/2012 08 00 AM | 125 | | Submission Docket (Local Rule 12) | SUMMARY JUDGMENT - MOTION FOR FINAL (TRCP 166A) | Passed | CASE ABATED | |
| 4/16/2012 09:00 AM | 125 | | Trial Setting | Trial on Merits | Passed | CASE ABATED 4/5/12 | |
| 8/13/2012 08.30 AM | 125 | | Trial Coordinators Docket | DOCKET CALL | Passed | SET IN ERROR 3/28/12 | |
| 8/20/2012 09·00 AM | 125 | | Trial Setting | Trial on Merits | Passed | SET IN ERROR 3/28/12 | |
| 11/11/2013 08 00 AM | 125 | | Submission Docket (Local Rule 12) | DEFAULT - MOTION FOR (TRCP 239) | Granted | O/S 12/18 | CROW, RICHARD RUSSELL JR. |
| 1/13/2014 09·00 AM | 125 | | Law Day Docket | Sanctions (TRCP 215) | Passed | PER DOVE K. AVNI | |
| | 125 | | | SEVERANCE (TRCP 41) | Granted | O/S 1/27 | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 1/20/2014 08:00 AM | | Submission Docket (Local Rule 12) | | | | | SHERER, ERIC DAVID |
| 1/20/2014 08.30 AM | 125 | Submission Docket (Local Rule 12) | SEVERANCE (TRCP 41) | Passed | TIME INCORRECT/WILL RE-FILE | | SHERER, ERIC DAVID |
| 2/03/2014 08 00 AM | 125 | Submission Docket (Local Rule 12) | OBJECTTIONS | Passed | NOT 10 DAYS NTC | | |
| 2/03/2014 08:00 AM | 125 | Submission Docket (Local Rule 12) | SUMMARY JUDGMENT - MOTION FOR FINAL (TRCP 166A) | Granted | OS 3/7 | | SHERER, ERIC DAVID |
| 2/10/2014 09 00 AM | 125 | Law Day Docket | MOTION FOR CONTINUANCE (FAMILY) | Passed | PER KAMINETZY 1054A 2/6 | | |
| 2/17/2014 08 30 AM | 125 | Trial Coordinators Docket | DOCKET CALL | Hearing Held | | | |
| 2/17/2014 09-00 AM | 125 | Law Day Docket | Sanctions (TRCP 215) | Heard (No Ruling Made) | UNDER ADVISEMENT | | |
| 2/24/2014 09:00 AM | 125 | Trial Setting | Trial on Merits | Passed | CASE DISPOSED 3/14 | | |

## SERVICES

| Type | Status | Instrument | Person | Requested | Issued | Served | Returned | Received | Tracking | Deliver To |
|---|---|---|---|---|---|---|---|---|---|---|
| CITATION (NON-RESIDENT) | SERVICE RETURN/EXECUTED | ORIGINAL PETITION | | 9/8/2011 | 9/9/2011 | 10/19/2011 | | | 72700984 | CIV AGCY-CIVILIAN SERVICE AGENCY |
| | 150B FOREST DR JERICO NY 11753 | | | | | | | | | |
| CITATION (NON-RESIDENT) | SERVICE RETURN/EXECUTED | ORIGINAL PETITION | KAMINETZKY, DOV AVNI (AKA DOV K AVNI) | 9/8/2011 | 9/9/2011 | 9/13/2011 | | | 72701328 | CIV AGCY-CIVILIAN SERVICE AGENCY |
| | 150-B FOREST DR JERICHO NY 11753 | | | | | | | | | |
| | SERVICE ISSUED/IN POSSESSION OF SERVING AGENCY | ORIGINAL PETITION | | 9/8/2011 | 9/9/2011 | | | | 72701339 | CIV AGCY-CIVILIAN SERVICE AGENCY |
| | 150B FOREST DR JERICO NY 11753 | | | | | | | | | |
| | SERVICE RETURN/EXECUTED | ORIGINAL PETITION | KAMINETZKY, DOV AVNI (AKA DOV K AVNI) | 9/8/2011 | 9/9/2011 | 9/13/2011 | | | 72701340 | CIV AGCY-CIVILIAN SERVICE AGENCY |
| | 150-B FOREST DR JERICHO NY 11753 | | | | | | | | | |
| | SERVICE RETURN/EXECUTED | ORIGINAL PETITION | | 9/27/2011 | 9/28/2011 | 10/19/2011 | | | 72707459 | CIV AGCY-CIVILIAN SERVICE AGENCY |
| | 1609 SOUTH KIRKWOOD HOUSTON TX 77077 | | | | | | | | | |
| | SERVICE RETURN/EXECUTED | ORIGINAL PETITION | KAMINETZKY, DOV AVNI (AKA DOV K AVNI) | 9/27/2011 | 9/28/2011 | 10/19/2011 | | | 72707463 | CIV AGCY-CIVILIAN SERVICE AGENCY |
| | 1609 SOUTH KIRKWOOD HOUSTON TX 77077 | | | | | | | | | |

# 14-14-00410-CV

DOV K. AVNI,

*Petitioner,*

V.

DOSOHS I, LTD

*Respondent.*

---

EXHIBIT *B1* TO APPELLANT'S FIRST

SUPPLEMENTAL APPENDIX TO INITIAL BRIEF

---

CONFIRMED FILE DATE: 4/19/2014



201153721 - DOSOHS I LTD vs. KAMINETZKY, TAMAR AVNI (AKA TAMAR AVNI) (Court 125)

Chronological History    Print All
(non-financial)

| Summary | Appeals | Cost Statements | Transfers | Post Trial Writs | Abstracts | Parties |
| Court Costs | Judgments/Events | Settings | Services/Notices | Court Registry | Child Support | Images |

No records found.

(WS1)

Ex. "10" (4-19-14)
(#1997-40590/11ᵗʰ JDq)

2014 APR 19 PM 11: 19

ARROWS -BY DUBBA
Ex. ISRAELI IMI U32 OFFICER
AND US /DOJ/ FBI/IRS
DECLARANT//INFORMANT
DKACY (4/14)

# 14-14-00410-CV

**DOV K. AVNI,**
                                        *Petitioner,*

                        V.

**DOSOHS I, LTD**
                                *Respondent.*

---

## EXHIBIT *132* TO APPELLANT'S FIRST

## SUPPLEMENTAL APPENDIX TO INITIAL BRIEF

CONFIRMED FILE DATE: 4/30/2014

# DOV K. AVNI

**150-B FOREST DR.JERICHO,NY 11753      CELL# 516-318-3791**

**APRIL 30,2014 [WED.-App. 8.15 PM]**

**TO OFFICE OF CHRIS DANIEL      FILED AFTER HOURS**

**CLERK OF HARRIS COUNTY CIVIL DISTRICT COURTS-**

**FEE INTAKE DEPARTMENT [MOTION FOR NEW TRIAL]**

**201 CAROLINE St ,1st Fl. HOUSTON,TX 77002**

**RE Civil Cause # 1997-40590 in the 11th Judicial District Court**

**Styled as:"CHOICE CAR WASH,Inc.etal v. DOSOHS I,LTD"**

**DEAR DEPUTY CLERK**

Enclosed herewith are Three documents-to be date stamped, processed, scanned and

assigned with timely and consecutive Image File numbers, then posted in appropriate

screens of Civil Courts Information Management System-so that hon.judge MILLER

who signed 3/31/14 order granting unsupported motion of 2/19/2014 by Dosohs I,Ltd.

to modify ambiguous and limited scope temporary injunction against the undersigned

knows about it and grant the enclosed motions or enters findings before I appeal to 14

1. TRCP14 and TRCE 902.10(b) BUSINESS RECORDS AFFIDAVIT OF DOV K.AVNI IN SUPPORT OF HIS MULTI-PRONG POST JUDGMENT MOTION OF 4/30/14-ATACKING ORDER OF 3/31/14,MOVING FOR NEW TRIAL [with true copies of business and court records attached or incorporated here]

2. PROPOSED ORDER GRANTING/DENYING MULTI-PRONG POST JUDGMENT MOTION OF DOV K. AVNI FILED 4/30/14

3. NOTICE OF SUBMISSION ON 6/9/14,8AM OF MULTI-PRONG POST JUDGMENT MOTION OF DOV K. AVNI FILED 4/30/14

Thanking you in advance for your speedy scanning and posting of this filing and bringing

it to attention of Judge Miller to avoid delays in his making the findings and conclusions.

Timely mailed and filed 4/30/14 pm [after 8pm] _____

**DOV K.AVNI-pro-se Party/Movant**

**150-B Forest Dr. Jericho NY11753;Cell#516-318-3791**

With 3 documents enclosed with this letter,and served upon the following:

1. Mr. Eric D.Sherer At: Sherer & Crow PLLC-Attorneys for Dosohs I. Ltd[DOSL1] 11120 Wurtzbach Rd. Suite 300 San Antonio, TX 78230-served 4/7/14PM by CM/ RRR #_____from USPS Main Downtown office.

2. Office of Harris County Civil District Court Clerk –fee Intake –with $30 USPS money order of 2/28/14 attached to cover required statutory Jury Fee (returned without note) WITH COURTESY COPY TO BE HAND DELIVERED ON THU 5/1/14 TO Chambers of Hon. Michael David Miller at 9th Flr.(11th JDC) _____

**DOV K. AVNI**

494

# 14-14-00410-CV

DOV K. AVNI,

*Petitioner,*

v.

DOSOHS I, LTD

*Respondent.*

EXHIBIT *136* TO APPELLANT'S FIRST

SUPPLEMENTAL APPENDIX TO INITIAL BRIEF

CAUSE NO. 1997-40590

| | |
|---|---|
| DOSOHS I, LTD ["DOSL1" ]- designated plaintiff | )( IN THE DISTRICT COURTS |
| V | )( HARRIS COUNTY, TEXAS |
| CHOICE CAR WASH Inc.,BUSINESS&OWNERSHIP | )( dismissed for want of |
| LIABILITIES TAKEOVER CORPORATION [Del.] Inc | )( prosecution 3/23/11 and ] |
| DOV AVNI KAMINETZKY aka DOV K. AVNI ,and | )( applications to modify or |
| SAMANTHA CORPORATION,Inc. | )( dissolve injunction filed] |
| designated Defendants | )( 11TH DISTRICT COURT |

STATE OF TE X A S] TRCP14 & TRCE 902.10(b) BUSINESS RECORDS AFFIDAVIT OF DOV K.AVNI IN SUPPORT OF HIS MULTI-PRONG POST JUDGMENT MOTION OF 4/30/14-ATACKING 3/31/14ORDER ,MOVING FOR NEW TRIAL

COUNTY OF HARRIS ]    [with true copies of business and court records attached or incorporated here]

BEFORE ME the undersigned authority,personally appeared this 5th day of APRIL,2014 in Houston,TX

DOV K. AVNI a/k/a Dov Avni Kaminetzky ["Dov" ] - who, by me duly sworn, deposed as follows:

1. My name is Dov K.Avni a/k/a Dov Avni Kaminetzky.I am over 21 years old,of sound mind,capable to make this affidavit,and I am personally acquainted with the records -copies of which I attached , and facts I recite and swear to here-both personally and as assignee of record in Harris County of SPECIFIC causes of action owned by prior corporate owners of real property made subject hereof after their TX corporate charters were forfeited for not filing their annual TX Franchize Tax reports, or as result of these entities losing control and income from their valuable assets as result of the tortious acts of Plaintiff/Ctr-Def DOSOHS I,Ltd ["DOSL1"]-and its predecessor FDIC in its corporate capacity and as Receiver/Liquidator of SECURITY BANK HOUSTON-Wayside Dr. branch ["SECURITY-W"] whose environmental contamination related liabilities DOSL1 ASSUMED in 3Q'96 -when it acquired from FDIC entities certain liens "SECURITY-W"held by when it failed in FEB.1989 and was liquidated,

2.I am familiar with FRAUDS-which FDIC perpetrated in both capacities through account officer Lavalle who concealed contamination of"Softouch Car Wash"soil+underground water equifer from leaking fuel distribution lines to continue unchecked.FDIC concealed Sep'91 test results from its then owner Samantha  and from CHOICE ACQUISITIONS No THREE,Inc.['CA3"] and myself as lessees of "Softouch' in the 8/90 through 1993 era–despite its 9/17/91 obligation to do co-which liabilities DOSL1 assumed in return for heavily discounted price of failed/matured loan package in purchased from FDIC in 1996 )

3 I am custodian of records of myself and my wife TAMAR AVNI aka Tamar Avni Kaminetzky ["Tamar"] who acquired from CA-4 part ownerhip in "Softouch" after its corporate charter was forfeited 2/11/05

4.I attached_ records as Ex"A-K".I kept them for myself and for my my wife Tamar Avni in the regular course of our businesses and support of litigation defenses .It was regular course of ourselves and our agents,employees or independent contractors we retained for business,tax work or TX litigation with knowledge of the act,event, condition, opinion or diagnosis, recorded to make the record or to transmit information thereof to be included in that record;that record was made at or near the time or reasonably thereafter. The attached copies are exact duplicates of our original business records.

-1-

5. Attached are ——pages of records,of —-seperate documents from our business and court records *In 12th and 11^{th}*

which I ~~numbered sequentially and~~ marked with appropriate exhibit numbers ~~and this cause number~~ *DKA (4/5/14)*

6.Said ___ pages of records were kept by myself on behalf of myself and my wife Tamar Avni in the

regular course of our businesses and litigation activities,and it was regular course of both of us and

for agents,employees or independent contractors we retained for business,tax work or TX litigation

with knowledge of the act, event, condition, opinion or diagnosis, recorded to make the record or to

transmit information thereof to be included in that record; and that record was made at or near the

time or reasonably thereafter. The copies I attached are exact duplicates of those original records.

7.I reserve my rights to supplement this affidavit and my motion by ~~4/7/14~~ *4/36/14* and will then pay the motion fee

8. I will file additional sets of bulky appendix containing the records/exhibits proving this affidavit and the

undelying multi-prong motion which it supports-if additional copies are required by the court and I will pay

the clerk of this court or its front desk deputies the required statutory motion fees-rather tham mail them in.

Further Affiant Sayeth Not.



Dov K.Avni a/k/a Dov Avni Kaminetzky
Pro-se Appellant/Movant herein
150-B Forest Dr.Jericho,NY 11753

"Affiant"

SWORN TO and SUBSCRIBED BEFORE ME by Dov K.Avni whom I identified by his NY State Driver's License

No.___792237092___ (expires on 4/7/28) on this 5th day of April 2014.

_____
NOTARY PUBLIC IN AND FOR THE STATE OF TEXAS

MATTHEW V GARCIA
My Commission Expires
January 18, 2017